UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNA GRISTINA,<br><br>        *Plaintiff,*<br><br>-*against*-<br><br>NEW YORK STATE JUDGE JUAN MERCHAN, in an official capacity, and NEW YORK COUNTY DISTRICT ATTORNEY ALVIN BRAGG,[1] in an official capacity,<br><br>        *Defendants.* | 21-CV-8608 (PAC)<br><br>**OPINION & ORDER** |

  Plaintiff Anna Gristina seeks two sealed transcripts related to her prosecution and guilty plea in New York state court. To do so, she brought this action against the state court judge who sealed those transcripts, as well as the District Attorney who opposed her motion to unseal. Both Defendants have moved to dismiss.

  Whatever the merits of Gristina's claim, the Court lacks the power to grant her the relief she seeks. Because Gristina has already sought identical unsealing relief in the state appellate court, and because that relief implicates an order that uniquely furthers the state court's judicial function, this Court must abstain from jurisdiction under the *Younger* doctrine. The Court also abstains under the *Rooker-Feldman* doctrine, because Gristina invites this Court to overturn the state trial court's decision. The Court therefore **GRANTS** the motions and **DISMISSES** this case without prejudice.

---

[1] This action was filed initially against Alvin Bragg's predecessor in office, District Attorney Cyrus Vance. By operation of Federal Rule of Civil Procedure 25(d), when a public official named in his official capacity no longer holds an office, his "successor is automatically substituted as a party." The Clerk of Court is directed to amend the caption to reflect this change.

1

## BACKGROUND

The following factual allegations are taken from the Complaint, ECF No. 1, as well documents attached to the Complaint and court filings of which judicial notice can be taken. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019). The Court assumes these allegations are true for purposes of these motions to dismiss. *See id.*

Plaintiff Anna Gristina, known as the "Soccer Mom Madam," was the subject of tabloid coverage for allegedly operating a high-end brothel out of a Manhattan apartment. *See* Complaint at A030–31. She pled guilty in 2012 to promoting prostitution in New York state court. The trial judge in the case, Justice Juan Merchan, sentenced Gristina to six months imprisonment and five years of probation. *Id.* ¶ 11.

Gristina now alleges her guilty plea was coerced and seeks to vacate her conviction. *Id.* ¶ 13. Before she can do so, however, Gristina contends she needs transcripts from two days of trial court proceedings: August 13 and 16, 2012. *Id.* ¶ 16. She originally requested those transcripts from the state court reporters but only received portions of each transcript, as the remainder had been sealed. *Id.* ¶ 22.

Gristina then went to Justice Merchan in the trial court. She filed a motion to unseal the remainder of the transcripts, which the New York County District Attorney opposed. *Id.* ¶¶ 22, 23. Justice Merchan, in a written decision, denied the request to unseal the transcripts under his discretionary authority. *Id.* at ¶ 25; *see generally id.* at A002–07 (the "Trial Court Decision"). Regarding the August 13 transcript, Justice Merchan noted Gristina had not been present, as the matter involved Gristina's co-defendant only. *See* Trial Court Decision at A004. Regarding the

2

August 16 transcript, Justice Merchan noted it involved an *ex parte* matter by the District Attorney. *See id.* Neither transcript,[2] therefore, involved Gristina or her guilty plea.[3]

Gristina then went to the Appellate Division, First Department. She filed a mandamus petition under Article 78 of New York's Civil Practice Law and Rules seeking to compel Justice Merchan to unseal the transcripts. *Id.* at ¶ 27; *see also generally* Declaration of Patricia J. Bailey, Ex. 1, ECF No. 27-1 (the "Article 78 Petition"). The First Department dismissed her petition without elaboration. *See* Complaint at A001. At the time she filed her Complaint in this case, Gristina "intend[ed] to appeal" that dismissal to the New York Court of Appeals. *See id.* ¶ 28. However, her motion for leave to appeal has subsequently been denied by the First Department. *See* Bailey Decl., Ex. 3, ECF No. 27-3.

Gristina has now come to this Court seeking the same relief: to compel the state trial court to unseal the transcripts from August 13 and 16, 2012. Her Complaint asserts a single claim under 42 U.S.C. § 1983, specifically, that Gristina's Fourteenth Amendment rights to due process, equal protection, and access to the courts have been violated because of her inability to review the transcripts. *See* Complaint ¶ 29. The lawsuit names as defendants Justice Merchan and the District Attorney who opposed Gristina's motion to unseal. Gristina seeks injunctive and declaratory relief "directing the Defendants to allow Gristina to pay for, and obtain, the unsealed court minutes in

---

[2] Because the court reporters had provided Gristina's counsel with a portion of each transcript, Justice Merchan ordered those portions returned or destroyed after concluding they had been mistakenly unsealed. *See* Trial Court Decision at A005.

[3] Gristina's motion in the trial court also requested transcripts from other appearances that are not at issue here. A second transcript from August 16—involving a matter in which Gristina had been present—had never been sealed was available to her at any time. Transcripts from two other days—November 20 and December 5, 2012—had likewise never been sealed. And from the day of Gristina's actual guilty plea—September 25, 2012—Justice Merchan ordered the transcript to be retrieved from storage and, assuming it was not sealed, made available to Gristina. *See* Trial Court Decision at A006.

3

her criminal case so that Gristina can access the courts to make a meaningful motion to vacate the judgment" and conviction in her criminal case. *Id.* ¶¶ 31–32. The Defendants have moved to dismiss.

## DISCUSSION

The Defendants assert several overlapping challenges to Gristina's lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), including abstention under the *Younger* doctrine, abstention under the *Rooker-Feldman* doctrine, and absolute immunity. The Court concludes abstention is required.

### I. Abstention under *Younger* is Required

A. Legal Standards

*Younger* abstention provides that "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 44–45 (1971)).[4] The Supreme Court has identified three categories of state proceedings that implicate *Younger* abstention: (1) "ongoing state criminal prosecutions;" (2) "certain civil enforcement proceedings;" and (3) "pending civil proceedings involving certain . . . orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). These three categories are "narrow" and exclusive. *Cavanaugh v. Geballe*, 28 F.4th 428, 430, 433 (2d Cir. 2022). When a *Younger* category applies, abstention is mandatory, and the federal district court must dismiss for lack of jurisdiction. *See Colorado Water Conserv. Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976).

---

[4] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

4

Despite the delineation of clear categories, *Younger* continues to present "complexities and uncharted ground." *Trump v. Vance*, 941 F.3d 631, 639 (2d Cir. 2019). The varied applications of the third *Younger* category—the category at issue in this case—illustrate that uncharted ground. "[T]wo types of orders that clearly fall within that category" are "civil contempt orders and orders requiring the posting of bonds pending appeal." *Cavanaugh*, 28 F.4th at 433 (citing *Sprint*, 571 U.S. at 79). But other civil proceedings also merit abstention when they uniquely further the state's judicial function. For example, the third category has applied to a state court order requiring a parent to pay half of the fees of an attorney appointed to represent his children in a divorce proceeding. *See Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cty.*, 805 F.3d 425, 427–28 (2d Cir. 2015). There, the Second Circuit concluded the order was "integral to the State court's ability to perform its judicial function in divorce and custody proceedings," lest those children go unrepresented in court. *Id.* By contrast, the third category of *Younger* did not apply in a probate context where a state court had issued an order recognizing the validity of a lien. *See Cavanaugh*, 28 F.4th at 434. That order did not affect the processes underpinning the state court's own case management; instead, it "merely affect[ed] how the executor [would] administer[] the estate." *Id.* Overall, the Second Circuit has distilled "from these cases that federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments." *Id.*

Although the *Younger* categories are exclusive, a federal court may also "appropriately consider three additional factors laid out in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982), that further counsel in favor of abstention: Whether "there is (1) an ongoing state judicial proceeding [that] (2) implicates important state interests and (3)

5

provides an adequate opportunity to raise federal challenges." *Cavanaugh*, 28 F.4th at 432 (quoting *Sprint*, 571 U.S. at 81).

B. Application

Gristina's Article 78 Petition in the state appellate court—which calls for review of the trial court's sealing decision—requires this Court to abstain under *Younger*. A court's order to seal or unseal its own transcripts falls within the "core state court civil administrative processes, powers, and functions" that make up the third category[5] of *Younger* abstention. *Cavanaugh*, 28 F.4th at 434. There is no doubt that the power to seal a transcript is a quintessentially judicial function. Indeed, "courts have the inherent power to control the records of their own proceedings." *Crain Commc'ns, Inc. v. Hughes*, 539 N.E.2d 1099 (N.Y. 1989); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). Court transcripts are records of the very "performance of the judicial function" itself. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *Murphy v. Warden of Attica Corr. Facility*, No. 20-CV-3076 (PAE) (JLC), 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020). Without the ability to maintain confidentiality during certain proceedings, state courts could not "adjudicate the matters before them" lest public disclosure chill the candor those courts depend upon. *Cavanaugh*, 28 F.4th at

---

[5] The Attorney General also argues the first category of *Younger* applies. To be sure, Justice Merchan's decision regarding the sealed transcripts was part of Gristina's criminal prosecution and was captioned as such. However, that prosecution was not "ongoing" at the time Gristina filed this federal lawsuit. *Sprint*, 571 U.S. at 78. After the sealing order, there do not appear to be any ongoing criminal issues for Justice Merchan to resolve, given that Gristina completed her sentence years ago. By contrast, Gristina's Article 78 civil proceeding is considered by this Court as "ongoing," as discussed in the *Middlesex* analysis below.

6

434; *see also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (observing that certain records "function properly only if kept secret").

Moreover, the decision to seal a transcript is procedural. The state court's process must balance multiple competing interests, including the public's right to open proceedings, the defendant's right to a fair trial, and the need to protect witnesses and incentivize full disclosure of evidence. *See In re Daily News, L.P. v. Wiley*, 126 A.D.3d 511, 512 (N.Y. App. Div. 1st Dep't 2015). Gristina thus challenges "*the way* that New York courts manage their own" criminal proceedings through deciding what judicial documents must be sealed. *Cavanaugh*, 28 F.4th at 434 (emphasis in original) (quoting *Falco*, 805 F.3d at 427). To second-guess the confidentiality of state court transcripts—a decision which those courts must make every day—"would directly impede the normal course of . . . proceedings in the state courts." *Disability Rts. New York v. New York*, 916 F.3d 129, 136–137 (2d Cir. 2019) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). Gristina's challenge in this Court falls squarely within the third category of *Younger*.

The additional *Middlesex* factors further counsel in favor of abstention.[6]

*First*, the state proceeding was still "pending" at the time Gristina began this case. The Complaint noted Gristina's intention to appeal her Article 78 Petition to the New York Court of Appeals. "[A] necessary concomitant of *Younger* is that a party . . . must exhaust his state appellate remedies before seeking relief in the District Court." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).[7] The fact that permission to appeal was subsequently denied is irrelevant; the Court must

---

[6] Gristina has not alleged bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex*, 457 U.S. at 429.

[7] Although it is "typically true" that Gristina could bring her § 1983 in federal court without having to exhaust her state remedies, the exhaustion requirement reanimates "where *Younger*'s requirements are met." *Astoria Gen. Contracting Corp. v. Off. of Comptroller of City of New York*, 159 F. Supp. 3d 385, 398 (S.D.N.Y. 2016).

7

consider abstention as of the date the federal Complaint was filed. *See Int'l Fidelity Ins. Co. v. City of New York*, 263 F. Supp. 2d 619, 633 (E.D.N.Y. 2003). Further, no "proceedings of substance on the merits have taken place in federal court." *McGRX, Inc. v. Vermont*, 452 F. App'x 74, 75 (2d Cir. 2012) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)).

*Second*, Gristina's lawsuit implicates important state interests. This factor, which largely mirrors the rationale of the third *Younger* category, does not require much elaboration. In short, "few interests can be considered more central than a state's interest in regulating its own judicial system." *Spargo*, 351 F.3d at 75 (citing *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 848 (1978)).

*Third*, Gristina's state case provides an adequate opportunity to raise the same federal claims that she raises here. The measure of adequate opportunity asks "only whether the state's procedural remedies *could* provide the relief sought[,] not whether the state *will* provide the constitutional ruling which the plaintiff seeks." *Kaufman v. Kaye*, 466 F.3d 83, 87 (2d Cir. 2006) (emphasis in original) (quoting *Spargo*, 351 F.3d at 79). The Article 78 Petition challenged the sealing decision using the same federal theories Gristina uses in this case: due process, equal protection, and access to the courts under the Fourteenth Amendment. *See* Article 78 Petition at ¶¶ 26–29. "Without question, the New York courts can consider the constitutional questions [Gristina] raises and order relief if they deem them to have merit," and Gristina does not allege the New York courts are incapable of doing so. *Kaufman*, 466 F.3d at 87; *see also Reinhardt v. Mass. Dep't of Social Servs.*, 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989) ("The Second Circuit has repeatedly sanctioned abstention when the plaintiff's federal claims can be raised in an Article 78 proceeding.") (collecting cases). Gristina also remains free to petition the Supreme Court of the

8

United States to review her state case. *See Kaufman*, 466 F.3d at 87–88; *Strong v. New York City Dep't of Educ.*, No. 18-CV-4663 (LLS), 2018 WL 10579836, at *3 (S.D.N.Y. Dec. 3, 2018).

Because the third category of *Younger* abstention applies, and because the *Middlesex* factors all bolster the decision to do so, the Court must abstain from exercising jurisdiction.

## II. Abstention under *Rooker-Feldman* is also Required

The District Attorney argues (though Justice Merchan does not) that the *Rooker-Feldman* doctrine also bars this Court from adjudicating Gristina's transcript dispute.

### A. Legal Standards

Like *Younger* abstention, the *Rooker-Feldman* doctrine applies to dismiss certain actions for want of jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Under *Rooker-Feldman*, federal district courts lack jurisdiction when the plaintiff (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *See Exxon Mobil*, 544 U.S. at 284; *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine "recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments," with such federal jurisdiction reserved exclusively for the Supreme Court of the United States. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

### B. Application

Given the complicated procedural history in Gristina's state court cases, the Court must untangle the previous *Younger* analysis from the subsequent *Rooker-Feldman* analysis. *Younger*

9

applies to certain "ongoing" state court cases, while *Rooker-Feldman* applies to "final" state court judgments. Gristina's lawsuit implicates both "ongoing" (the Article 78 Petition, which at the time this case was filed, she sought to appeal to the New York Court of Appeals) and "final" (the Trial Court Decision) components. Regardless of the appeal of the Article 78 Petition, the Trial Court Decision remains "final." *See Citibank, N.A. v. Swiatkowski*, No. 12-CV-0196, 2012 WL 542681, at *4 n.7 (E.D.N.Y. Feb. 21, 2012); ("The fact that [Gristina] had an appeal pending before the Appellate Division at the time of removal does not affect the *Rooker-Feldman* analysis."). For purposes of *Rooker-Feldman*, the Court therefore examines the Trial Court Decision.

There is no dispute the Trial Court Decision meets three of four the *Rooker-Feldman* requirements. Gristina lost her motion to unseal the transcripts she now seeks. She invites this Court to overturn Justice Merchan's decision and order the transcripts to be unsealed. And she filed her Complaint in this Court after Justice Merchan had denied her motion in relevant part. She thus invites a straightforward "review and rejection" of the state trial court's decision. *Exxon Mobil*, 544 U.S. at 284.

The second *Rooker-Feldman* requirement is less straightforward. Gristina's alleged injury—her inability to review the sealed transcripts—was certainly caused by Justice Merchan's decision to keep those transcripts sealed. But it is debatable is whether that decision is considered a "judgment" for purposes of *Rooker-Feldman*. Gristina argues the collateral decision to seal the transcripts is not a "judgment" under New York law. *See* N.Y. Crim. Proc. Law § 1.20 (15) ("A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence."); *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). After all, Gristina

10

seeks the transcripts so she can challenge her criminal conviction and sentence at some unknown point in the future.

Yet the operative word "judgment" appears to broader in the *Rooker-Feldman* context than the term is otherwise understood. "[T]he form of the proceeding is not significant. It is the nature and effect which is controlling." *Feldman*, 460 U.S. at 482. Indeed, courts in this Circuit have applied the doctrine to post-judgment orders similar to the sealing decision at issue here. *See Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 705–06 (S.D.N.Y. 2011) (state judge's protective order preventing the federal plaintiff from approaching her mother was a "final decision" under *Rooker-Feldman*, even though plaintiff had already been criminally convicted); *Zahl v. Kosovsky*, No. 08-CV-8308 (LTS) (THK), 2011 WL 779784, at *6 (S.D.N.Y. Mar. 3, 2011) ("The distinction between the earlier 'judgment' and each post-judgment 'decision and order,' which did not contemplate any further proceedings and which were no longer appealable at the time the instant action was filed, is purely nomenclatural and thus immaterial for *Rooker-Feldman* purposes."), *aff'd*, 471 F. App'x 34 (2d Cir. 2012). Justice Merchan's sealing decision was sufficiently final to satisfy the essential objective of *Rooker-Feldman*'s "judgment" requirement, as the decision sealed the transcripts permanently and contemplated no further action by the trial court. *Cf. Green v. Mattingly*, 585 F.3d 97, 102 (2d Cir. 2009). With its requirements met, *Rooker-Feldman* provides an alternative basis to abstain from exercising jurisdiction.

## III. Remaining Arguments

Given that the Court has found two independent jurisdictional reasons to dismiss, it need not reach the Defendants' arguments that they enjoy absolute immunity, and that Gristina fails to state a claim on the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93 (1998).

11

Finally, although the District Attorney argues that amending the Complaint would be futile, the Court shall not dismiss with prejudice. "[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999); *Novie v. Vill. of Montebello*, No. 10-CV-9436 (CS), 2012 WL 3542222, at *14 (S.D.N.Y. Aug. 16, 2012) (dismissing without prejudice on *Younger* abstention grounds).

## CONCLUSION

Gristina may continue her quest to unseal the transcripts in state court, but having chosen that path, she cannot simultaneously do so here in federal court. The Defendants' motions to dismiss are **GRANTED** and this case is **DISMISSED** without prejudice.

The Clerk of Court is directed to close the motions at ECF numbers 20 and 23 and close this case.

Dated: New York, New York
May 19, 2022

SO ORDERED

*Paul A. Crotty*

_____
HONORABLE PAUL A. CROTTY
United States District Judge