**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

1. **SEE NOTICE ON REVERSE**       2. **PLEASE TYPE OR PRINT**       3. **STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Gristina v. Merchan et al. | SDNY | Hon. Paul A. Crotty |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 20 May 2022 | District Court Docket No.: 21-cv-8608 |
| | Date the Notice of Appeal was Filed: 20 May 2022 | Is this a Cross Appeal? ☐ Yes ☑ No |

| Attorney(s) for Appellant(s): ☑ Plaintiff ☐ Defendant | Counsel's Name:     Address:     Telephone No.:     Fax No.:     E-mail:<br><br>Lawrence P. LaBrew, Esq. 30 Wall Street 8th Floor, New York NY 10005-2205, Tel: (212) 385-7500, Cell: (917) 280-6239, Fax: (212) 385-7501, E-mail: lawrencelabrew@verizon.net |
|---|---|

| Attorney(s) for Appellee(s): ☐ Plaintiff ☑ Defendant | Counsel's Name:     Address:     Telephone No.:     Fax No.:     E-mail:<br><br>Ms. Christina Ante, Esq., 1 Hogan Place, New York, New York 10013, Tel: (212) 335-9149, E-mail: antec@dany.nyc.gov<br>Ms. Miranda R. Onnen, Esq., 28 Liberty Street, New York, Neew York 10005, Tel: (212) 416-6696, E-mail: miranda.ommem@ag.ny.gov |
|---|---|

| Has Transcript Been Prepared? Yes | Approx. Number of Transcript Pages: 10 | Number of Exhibits Appended to Transcript: None | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND  (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

**PART A:  JURISDICTION**

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party         ☐ Diversity<br>☑ Federal question     ☐ Other (specify):<br>(U.S. not a party) | ☑ Final Decision          ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☐ Interlocutory Decision    ☐ Other (specify): _____<br>Appealable As of Right |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|
| [✓] Pre-trial<br>[ ] During trial<br>[ ] After trial | [ ] Default judgment<br>[ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.<br>[✓] Dismissal/FRCP 12(b)(6) failure to state a claim<br>[ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint<br>[ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal<br><br>[✓] Dismissal/other jurisdiction<br>[ ] Dismissal/merit<br>[ ] Judgment / Decision of the Court<br>[ ] Summary judgment<br>[ ] Declaratory judgment<br>[ ] Jury verdict<br>[ ] Judgment NOV<br>[ ] Directed verdict<br>[ ] Other (specify): | [ ] Damages:<br>  [ ] Sought: $ _____<br>  [ ] Granted: $ _____<br>  [ ] Denied: $ _____<br><br>[✓] Injunctions:<br>  [ ] Preliminary<br>  [✓] Permanent<br>  [ ] Denied |

## PART C: NATURE OF SUIT (Check as many as apply)

| 1. Federal Statutes | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|
| [ ] Antitrust<br>[ ] Bankruptcy<br>[ ] Banks/Banking<br>[✓] Civil Rights<br>[ ] Commerce<br>[ ] Energy<br>[ ] Commodities<br>[ ] Other (specify): _____ | [ ] Communications<br>[ ] Consumer Protection<br>[ ] Copyright / Patent<br>[ ] Trademark<br>[ ] Election<br>[ ] Soc. Security<br>[ ] Environmental | [ ] Freedom of Information Act<br>[ ] Immigration<br>[ ] Labor<br>[ ] OSHA<br>[ ] Securities<br>[ ] Tax | [ ] Admiralty/Maritime<br>[ ] Assault / Defamation<br>[ ] FELA<br>[ ] Products Liability<br>[ ] Other (Specify): | [ ] Admiralty/Maritime<br>[ ] Arbitration<br>[ ] Commercial<br>[ ] Employment<br>[ ] Insurance<br>[ ] Negotiable Instruments<br>[ ] Other Specify | [ ] Civil Rights<br>[ ] Habeas Corpus<br>[ ] Mandamus<br>[ ] Parole<br>[ ] Vacate Sentence<br>[ ] Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| [ ] Hague Int'l Child Custody Conv.<br>[ ] Forfeiture/Penalty<br>[ ] Real Property<br>[ ] Treaty (specify): _____<br>[ ] Other (specify): _____ | [ ] Arbitration<br>[ ] Attorney Disqualification<br>[ ] Class Action<br>[ ] Counsel Fees<br>[ ] Shareholder Derivative<br>[ ] Transfer | [✓] Yes  [ ] No<br><br>Will appeal raise a matter of first impression?<br><br>[ ] Yes  [ ] No |

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
  (A)  Arises from substantially the same case or controversy as this appeal?  [✓] Yes    [ ] No
  (B)  Involves an issue that is substantially similar or related to an issue in this appeal?  [✓] Yes    [ ] No

If yes, state whether □ "A," or □ "B," or ☒ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name:<br>Gristina v. Merchan et al. | Motion No. 2022-214 | Citation: | Court or Agency:<br>New York State Court of Appeals |
|---|---|---|---|
| Name of Appellant: Anna Gristina | | | |
| Date: 3 June 2022 | Signature of Counsel of Record: *Lawrence P LaBrew* | | |

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
-----------------------------------------------------------------

    ANNA GRISTINA

Appellant

      v.                                ADDENDUM A

NEW YORK STATE JUDGE JUAN MERCHAN,    Docket No. 22 - 1114
in an official capacity, and NEW YORK
COUNTY DISTRICT ATTORNEY
ALVIN BRAGG, in an official capacity

Respondents

-----------------------------------------------------------------

Nature of the Action

The action involves a complaint filed to obtain a declaratory judgment, and injunctive relief, pursuant to 42 U.S.C. § 1983. Appellant Anna Gristina was indicted for a felony – in State Court – with a co-defendant: the indictment was never severed. Appellant Anna Gristina pled guilty to a felony, and was sentenced, in relation to the above referenced felony. The co-defendant also pled guilty. The Honorable Justice Juan Merchan presided over the underlying criminal matter. The underlying criminal matter is closed, and no appeals are pending in relation to the judgment in the criminal case; the statutory time period for a direct appeal in state court, as a matter of right, has expired.

The Appellant retained new Counsel, and would like to make a motion to

1

vacate the judgment in her case. The basis of the motion involves Justice Merchan, and the New York County District Attorney's Office. The Appellant attempted to purchase the transcript in her criminal case pursuant to N.Y. JUD. LAW § 300. Justice Merchan refused to allow the Appellant to purchase the transcript – with the Appellant's own funds – so that the Appellant can make a motion to vacate the Judgment – in her criminal case – under New York State Law. The District Attorney's Office also opposes allowing the Appellant to have complete access to the transcripts in her criminal case. The District Attorney's Office, and Judge Merchan, both have access to the transcripts from the Appellant's criminal case. Judge Merchan's Order in the criminal case – denying the Appellant the right to purchase the transcript – is not appealable in State Court.

The Appellant commenced a civil action in the Appellate Division in State Court – in the nature of Mandamus and Prohibition – against Justice Merchan, and District Attorney Vance, after Justice Merchan issued an Order denying the Appellant her right to purchase the transcript in her criminal case. The Appellate Division dismissed the Petition. Ms. Anna Gristina filed a Motion with the New York State Court of Appeals seeking permission to appeal to the Court of Appeals.

After the Appellate Division dismissed Appellant Gristina's petition, and before the Appellant filed a motion for permission to appeal to the Court of

Appeal, the Appellant filed a complaint in Federal Court seeking injunctive, and declaratory, relief on the following grounds: (1) that the Appellant is being denied access to the courts by virtue of the fact that she is being denied the opportunity to purchase the transcript – in her criminal case – so that she can make a motion to vacate the judgement in her criminal case pursuant to state law, (2) that the Appellant is being denied due process of law because she is being denied the opportunity to purchase the transcript in her criminal case to make a motion to vacate the Judgment, and (3) that the Appellant is being denied the equal protection of the law because she is being denied the opportunity to purchase the transcript in her criminal case.

### The Result Below

The Respondents made a motion to dismiss pursuant to FED. R. CIV. PROC. 12 (b) (6). The Respondents argued that the Court should abstain under the "Our Federalism" doctrine as identified in the court case *Younger v. Harris*. The Respondents also argued that the *Rooker- Feldman* doctrine precludes Federal Court review of the Appellant's claims. The Court granted the Respondents' motion and dismissed the complaint.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

   ANNA GRISTINA

        Plaintiff

          12 Civil 8608 (PAC)
    v.      **NOTICE OF APPEAL**

NEW YORK STATE JUDGE JUAN MERCHAN,
in an official capacity, and NEW YORK
COUNTY DISTRICT ATTORNEY
ALVIN BRAGG, in an official capacity

         Defendant
------------------------------------------------------------------------

   Notice is hereby given that Plaintiff Anna Gristina, in the above named case, hereby

appeals to the United States Court of Appeals for the Second Circuit, from the Judgment – dated

20 May 2022 – that was filed and entered on 20 May 2022.

DATE:  20 May 2022
     Bronx, New York


          *Lawrence P LaBrew*
          _____
          Lawrence P. LaBrew, Esq.
          Attorney & Counselor-at-Law
          Attorney for Plaintiff Anna Gristina
          30 Wall Street, 8th Floor
          New York, New York 10005-2205
          Tel: (212) 385-7500
          Fax:(212) 385-7501
          e-mail: lawrencelabrew@verizon.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
        ANNA GRISTINA

                   Plaintiff

                                    21 Civil 8608 (PAC)
          v.                 **AMENDED NOTICE OF APPEAL**

NEW YORK STATE JUDGE JUAN MERCHAN,
in an official capacity, and NEW YORK
COUNTY DISTRICT ATTORNEY
ALVIN BRAGG, in an official capacity

                         Defendant
--------------------------------------------------------------------------

       Notice is hereby given that Plaintiff Anna Gristina, in the above named case, hereby

appeals to the United States Court of Appeals for the Second Circuit, from the Judgment – dated

20 May 2022 – that was filed and entered on 20 May 2022.

DATE:     20 May 2022
            Bronx, New York

*Lawrence P LaBrew*
_____
Lawrence P. LaBrew, Esq.
Attorney & Counselor-at-Law
Attorney for Plaintiff Anna Gristina
30 Wall Street, 8th Floor
New York, New York 10005-2205
Tel: (212) 385-7500
Fax:(212) 385-7501
e-mail: lawrencelabrew@verizon.net

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:21-cv-08608-PAC

Gristina v. Merchan et al
Assigned to: Judge Paul A. Crotty
Cause: 42:1983 Civil Rights Act

Date Filed: 10/20/2021
Date Terminated: 05/20/2022
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Anna Gristina**                    represented by    **Lawrence P LaBrew**
Law Office of Lawrence LaBrew
30 Wall Street Floor 8
New York, NY 10005
917-280-6239
Fax: 212-385-7501
Email: lawrencelabrew@verizon.net
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Juan Merchan**                    represented by    **Miranda Onnen**
*New York State Judge, in an official*                Office of the New York State Attorney
*capacity*                                            General
28 Liberty Street
New York, NY 10005
212-416-6696
Email: miranda.onnen@ag.ny.gov
*ATTORNEY TO BE NOTICED*

### Defendant

**Cyrus Vance**                     represented by    **Christina Frances Ante**
*New York County District Attorney, in an*           New York County District Attorney's
*official capacity*                                   Office
One Hogan Place
New York, NY 10013
(212)-335-9149
Fax: (212)-335-4390
Email: antec@dany.nyc.gov
*LEAD ATTORNEY*

**Patricia Jean Bailey**
New York County District Attorney's
Office

One Hogan Place
New York, NY 10013
(212)-335-4362
Fax: (212)-335-4390
Email: baileyp@dany.nyc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/20/2021 | 1 | COMPLAINT against Juan Merchan, Cyrus Vance. (Filing Fee $ 402.00, Receipt Number ANYSDC-25221867)Document filed by Anna Gristina. (Attachments: # 1 Appendix The Record and Exhibits from State Court).(LaBrew, Lawrence) (Entered: 10/20/2021) |
| 10/20/2021 | 2 | CIVIL COVER SHEET filed..(LaBrew, Lawrence) (Entered: 10/20/2021) |
| 10/20/2021 | 3 | **FILING ERROR - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to Juan Merchan, re: 1 Complaint. Document filed by Anna Gristina..(LaBrew, Lawrence) Modified on 10/21/2021 (jgo). (Entered: 10/20/2021) |
| 10/20/2021 | 4 | **FILING ERROR - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to Cyrus Vance, re: 1 Complaint. Document filed by Anna Gristina..(LaBrew, Lawrence) Modified on 10/21/2021 (jgo). (Entered: 10/20/2021) |
| 10/21/2021 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Lawrence Pierre LaBrew. The following case opening statistical information was erroneously selected/entered: Cause of Action code 28:1331;. The following correction(s) have been made to your case entry: the Cause of Action code has been modified to 42:1983;. (jgo) (Entered: 10/21/2021)** |
| 10/21/2021 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Lawrence Pierre LaBrew. The party information for the following party/parties has been modified: Juan Merchan; Cyrus Vance. The information for the party/parties has been modified for the following reason/reasons: party text was omitted;. (jgo) (Entered: 10/21/2021)** |
| 10/21/2021 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Paul A. Crotty. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges /district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 10/21/2021) |
| 10/21/2021 | | Magistrate Judge Sarah L. Cave is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites /default/files/2018-06/AO-3.pdf. (jgo) (Entered: 10/21/2021) |

| 10/21/2021 | | Case Designated ECF. (jgo) (Entered: 10/21/2021) |
|---|---|---|
| 10/21/2021 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Lawrence Pierre LaBrew to RE-FILE Document No. 4 Request for Issuance of Summons, 3 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; the PDF case caption must list all of the parties or include 'et al' after the leading party name. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 10/21/2021)** |
| 10/22/2021 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to Juan Merchan, re: 1 Complaint. Document filed by Anna Gristina..(LaBrew, Lawrence) (Entered: 10/22/2021) |
| 10/22/2021 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Cyrus Vance, re: 1 Complaint. Document filed by Anna Gristina..(LaBrew, Lawrence) (Entered: 10/22/2021) |
| 10/25/2021 | 7 | ELECTRONIC SUMMONS ISSUED as to Juan Merchan. (vf) (Entered: 10/25/2021) |
| 10/25/2021 | 8 | ELECTRONIC SUMMONS ISSUED as to Cyrus Vance. (vf) (Entered: 10/25/2021) |
| 11/02/2021 | 9 | AFFIDAVIT OF SERVICE of Summons and Complaint. Juan Merchan served on 10/26/2021, answer due 11/16/2021; Cyrus Vance served on 10/26/2021, answer due 11/16/2021. Document filed by Anna Gristina..(LaBrew, Lawrence) (Entered: 11/02/2021) |
| 11/15/2021 | 10 | NOTICE OF APPEARANCE by Patricia Jean Bailey on behalf of Cyrus Vance.. (Bailey, Patricia) (Entered: 11/15/2021) |
| 11/15/2021 | 11 | FIRST LETTER addressed to Judge Paul A. Crotty from Patricia J Bailey dated November 15, 2021 re: Pre-Motion Conference. Document filed by Cyrus Vance.. (Bailey, Patricia) (Entered: 11/15/2021) |
| 11/15/2021 | 12 | NOTICE OF APPEARANCE by Miranda Onnen on behalf of Juan Merchan.. (Onnen, Miranda) (Entered: 11/15/2021) |
| 11/15/2021 | 13 | LETTER MOTION for Conference *re Proposed Motion to Dismiss* addressed to Judge Paul A. Crotty from Miranda R. Onnen dated 11/15/2021. Document filed by Juan Merchan. (Attachments: # 1 Exhibit Motion for Permission to Appeal, # 2 Exhibit Article 78 Petition, # 3 Exhibit Memorandum of Law).(Onnen, Miranda) (Entered: 11/15/2021) |
| 11/16/2021 | | Notice of Pre-Motion Conference: A Pre-Motion Conference is scheduled to go forward on: Thursday, December 2, 2021 @ 10:45 AM, 500 Pearl Street, Courtroom 14-C before Judge Paul A. Crotty. If the date is not convenient, either party can e-mail three (3) mutually convenient dates to the Courtroom Deputy at: David_C_Gonzalez@nysd.uscourts.gov ------ A PDF IS NOT ATTACHED TO THIS ENTRY ------ (By: David Gonzalez - Courtroom Deputy).(dgo) (Entered: 11/16/2021) |
| 11/16/2021 | 14 | LETTER RESPONSE to Motion addressed to Judge Paul A. Crotty from Lawrence P. LaBrew, Esq. dated 16 November 2021 re: 13 LETTER MOTION for Conference *re Proposed Motion to Dismiss* addressed to Judge Paul A. Crotty from Miranda R. Onnen dated 11/15/2021. . Document filed by Anna Gristina. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit 1. Judge Merchan's Motion to Dismiss, # 2 Exhibit 2. District Attorney Vance's Response).(LaBrew, Lawrence) (Entered: 11/16/2021) |
| 11/16/2021 | 15 | LETTER RESPONSE to Motion addressed to Judge Paul A. Crotty from Lawrence P. LaBrew, Esq. dated 16 November 2021 re: 13 LETTER MOTION for Conference *re Proposed Motion to Dismiss* addressed to Judge Paul A. Crotty from Miranda R. Onnen dated 11/15/2021. *Errata.* Document filed by Anna Gristina..(LaBrew, Lawrence) (Entered: 11/16/2021) |
| 12/01/2021 | | CALENDAR ENTRY **REMINDER**: Pre-motion Conference scheduled to go forward on: Thursday, December 2, 2021 @ 10:45 AM, 500 Pearl Street, Courtroom 14-C before Judge Paul A. Crotty, U.S.D.J. ----- A PDF IS NOT ATTACHED TO THIS ENTRY ----- (By David Gonzalez - Courtroom Deputy).(dgo) (Entered: 12/01/2021) |
| 12/02/2021 | | Minute Entry for proceedings held before Judge Paul A. Crotty: Pre-Motion Conference held on 12/2/2021. REMARK: Lawrence LaBrew appeared for the plaintiffs. Miranda Onnen and Charles Sanders appeared for Justice Merchan. Patricia Bailey appeared for the District Attorney. The provided a status report and the Court set the following motion schedule: Motion due by January 6, 2022. Responses due by January 27, 2022. Replies due by February 10, 2022. See transcript for details. (Court Reporter Pamela Utter) (dgo) (Entered: 12/02/2021) |
| 12/13/2021 | 16 | TRANSCRIPT of Proceedings re: CONFERENCE held on 12/2/2021 before Judge Paul A. Crotty. Court Reporter/Transcriber: Pamela Utter, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2022. Redacted Transcript Deadline set for 1/13/2022. Release of Transcript Restriction set for 3/14/2022..(Moya, Goretti) (Entered: 12/13/2021) |
| 12/13/2021 | 17 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 12/2/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 12/13/2021) |
| 01/03/2022 | 18 | LETTER MOTION for Extension of Time *to file Motion to Dismiss* addressed to Judge Paul A. Crotty from Miranda R. Onnen dated 1/3/2022. Document filed by Juan Merchan..(Onnen, Miranda) (Entered: 01/03/2022) |
| 01/04/2022 | 19 | ORDER granting 18 Letter Motion for Extension of Time. The proposed schedule on the appendix is adopted. SO ORDERED. Motions due by 1/13/2022. (Signed by Judge Paul A. Crotty on 1/4/2022) (va) (Entered: 01/04/2022) |
| 01/04/2022 | | Set/Reset Deadlines: Responses due by 2/3/2022. Replies due by 2/17/2022. (va) (Entered: 01/04/2022) |
| 01/13/2022 | 20 | MOTION to Dismiss . Document filed by Juan Merchan. Responses due by 2/3/2022.(Onnen, Miranda) (Entered: 01/13/2022) |
| 01/13/2022 | 21 | DECLARATION of Miranda Ruth Onnen in Support re: 20 MOTION to Dismiss .. Document filed by Juan Merchan. (Attachments: # 1 Exhibit 1).(Onnen, Miranda) |

| | | (Entered: 01/13/2022) |
|---|---|---|
| 01/13/2022 | 22 | MEMORANDUM OF LAW in Support re: 20 MOTION to Dismiss . . Document filed by Juan Merchan..(Onnen, Miranda) (Entered: 01/13/2022) |
| 01/13/2022 | 23 | FIRST MOTION to Dismiss . Document filed by Cyrus Vance. Responses due by 2/3/2022.(Bailey, Patricia) (Entered: 01/13/2022) |
| 01/13/2022 | 24 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION to Dismiss *Memorandum of Law*. Document filed by Cyrus Vance. Responses due by 2/3/2022.(Bailey, Patricia) Modified on 1/31/2022 (kj). (Entered: 01/13/2022) |
| 01/13/2022 | 25 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** MOTION to Dismiss *Declaration of Patricia J. Bailey*. Document filed by Cyrus Vance. Responses due by 2/3/2022 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit).(Bailey, Patricia) Modified on 1/31/2022 (kj). (Entered: 01/13/2022) |
| 01/13/2022 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Patricia Bailey to RE-FILE Document 24 MOTION to Dismiss *Memorandum of Law*.. Use the event type Motions and Related Filings - Replies, Opposition and Supporting Documents found under the event list Memorandum of Law. (kj)** (Entered: 01/31/2022) |
| 01/13/2022 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Patricia Bailey to RE-FILE Document 25 MOTION to Dismiss *Declaration of Patricia J. Bailey*.. Use the event type Motions and Related Filings - Replies, Opposition and Supporting Documents found under the event list Declaration in Support. (kj)** (Entered: 01/31/2022) |
| 01/31/2022 | 26 | FIRST MEMORANDUM OF LAW in Support re: 23 FIRST MOTION to Dismiss . . Document filed by Cyrus Vance..(Bailey, Patricia) (Entered: 01/31/2022) |
| 01/31/2022 | 27 | DECLARATION of Patricia J. Bailey in Support re: 23 FIRST MOTION to Dismiss .. Document filed by Cyrus Vance. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3).(Bailey, Patricia) (Entered: 01/31/2022) |
| 02/03/2022 | 28 | MEMORANDUM OF LAW in Opposition re: 23 FIRST MOTION to Dismiss ., 20 MOTION to Dismiss . . Document filed by Anna Gristina..(LaBrew, Lawrence) (Entered: 02/03/2022) |
| 02/03/2022 | 29 | DECLARATION of Lawrence P LaBrew in Opposition re: 23 FIRST MOTION to Dismiss ., 20 MOTION to Dismiss .. Document filed by Anna Gristina. (Attachments: # 1 Exhibit A. Complaint, # 2 Exhibit B. State Court Reply Affirmation).(LaBrew, Lawrence) (Entered: 02/03/2022) |
| 02/17/2022 | 30 | REPLY MEMORANDUM OF LAW in Support re: 23 FIRST MOTION to Dismiss . . Document filed by Cyrus Vance..(Bailey, Patricia) (Entered: 02/17/2022) |
| 02/17/2022 | 31 | REPLY MEMORANDUM OF LAW in Support re: 20 MOTION to Dismiss . . Document filed by Juan Merchan..(Onnen, Miranda) (Entered: 02/17/2022) |
| 05/18/2022 | 32 | NOTICE of Substitution of Attorney. Old Attorney: Patricia J. Bailey, New Attorney: Christina Ante, Address: New York County District Attorney's Office, One Hogan Place, New York, New York, United States 10013, (212)335-9149. Document filed by Cyrus Vance..(Ante, Christina) (Entered: 05/18/2022) |

| 05/18/2022 | 33 | NOTICE OF APPEARANCE by Christina Frances Ante on behalf of Cyrus Vance.. (Ante, Christina) (Entered: 05/18/2022) |
|---|---|---|
| 05/19/2022 | 34 | OPINION AND ORDER: re: 23 FIRST MOTION to Dismiss filed by Cyrus Vance, 20 MOTION to Dismiss filed by Juan Merchan. Gristina may continue her quest to unseal the transcripts in state court, but having chosen that path, she cannot simultaneously do so here in federal court. The Defendants' motions to dismiss are GRANTED and this case is DISMISSED without prejudice. The Clerk of Court is directed to close the motions at ECF numbers 20 and 23 and close this case. SO ORDERED. (Signed by Judge Paul A. Crotty on 5/19/2022) (ama) Transmission to Orders and Judgments Clerk for processing. (Entered: 05/19/2022) |
| 05/20/2022 | | Terminate Transcript Deadlines (km) (Entered: 05/20/2022) |
| 05/20/2022 | 35 | CLERK'S JUDGMENT re: 34 Memorandum & Opinion in favor of Cyrus Vance, Juan Merchan against Anna Gristina. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated May 19, 2022, Gristina may continue her quest to unseal the transcripts in state court, but having chosen that path, she cannot simultaneously do so here in federal court. The Defendants' motions to dismiss are GRANTED and this case is DISMISSED without prejudice; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 5/20/2022) (Attachments: # 1 Right to Appeal) (km) (Entered: 05/20/2022) |
| 05/20/2022 | 36 | NOTICE OF APPEAL from 35 Clerk's Judgment,, 34 Memorandum & Opinion,,. Document filed by Anna Gristina. Filing fee $ 505.00, receipt number ANYSDC-26176162. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(LaBrew, Lawrence) (Entered: 05/20/2022) |
| 05/20/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 36 Notice of Appeal. (tp) (Entered: 05/20/2022) |
| 05/20/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 36 Notice of Appeal, filed by Anna Gristina were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/20/2022) |
| 05/20/2022 | 37 | **FILING ERROR - NO ORDER SELECTED FOR APPEAL - AMENDED NOTICE OF APPEAL re: 36 Notice of Appeal,. Document filed by Anna Gristina.. (LaBrew, Lawrence) Modified on 5/20/2022 (tp). (Entered: 05/20/2022)** |
| 05/20/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Lawrence LaBrew to RE-FILE Document No. 37 Amended Notice of Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re-file the appeal using the event type Amended Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp) (Entered: 05/20/2022)** |
| 05/20/2022 | 38 | AMENDED NOTICE OF APPEAL re: 36 Notice of Appeal, 35 Clerk's Judgment,, 34 Memorandum & Opinion,,. Document filed by Anna Gristina..(LaBrew, Lawrence) (Entered: 05/20/2022) |
| 05/20/2022 | | First Supplemental ROA Sent to USCA (Electronic File). Certified Supplemental Indexed record on Appeal Electronic Files for 38 Amended Notice of Appeal filed by Anna Gristina were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/20/2022) |

| 05/20/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>38</u> Amended Notice of Appeal. (tp) (Entered: 05/20/2022) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/06/2022 01:19:20 | | | |
| **PACER Login:** | llabrew1 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cv-08608-PAC |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNA GRISTINA,

         *Plaintiff,*

  -*against*-

NEW YORK STATE JUDGE JUAN MERCHAN,
in an official capacity, and NEW YORK COUNTY
DISTRICT ATTORNEY ALVIN BRAGG,[1] in an
official capacity,

         *Defendants.*

---

21-CV-8608 (PAC)

**OPINION & ORDER**

---

    Plaintiff Anna Gristina seeks two sealed transcripts related to her prosecution and guilty plea in New York state court. To do so, she brought this action against the state court judge who sealed those transcripts, as well as the District Attorney who opposed her motion to unseal. Both Defendants have moved to dismiss.

    Whatever the merits of Gristina's claim, the Court lacks the power to grant her the relief she seeks. Because Gristina has already sought identical unsealing relief in the state appellate court, and because that relief implicates an order that uniquely furthers the state court's judicial function, this Court must abstain from jurisdiction under the *Younger* doctrine. The Court also abstains under the *Rooker-Feldman* doctrine, because Gristina invites this Court to overturn the state trial court's decision. The Court therefore **GRANTS** the motions and **DISMISSES** this case without prejudice.

---

[1] This action was filed initially against Alvin Bragg's predecessor in office, District Attorney Cyrus Vance. By operation of Federal Rule of Civil Procedure 25(d), when a public official named in his official capacity no longer holds an office, his "successor is automatically substituted as a party." The Clerk of Court is directed to amend the caption to reflect this change.

## BACKGROUND

The following factual allegations are taken from the Complaint, ECF No. 1, as well documents attached to the Complaint and court filings of which judicial notice can be taken. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019). The Court assumes these allegations are true for purposes of these motions to dismiss. *See id.*

Plaintiff Anna Gristina, known as the "Soccer Mom Madam," was the subject of tabloid coverage for allegedly operating a high-end brothel out of a Manhattan apartment. *See* Complaint at A030–31. She pled guilty in 2012 to promoting prostitution in New York state court. The trial judge in the case, Justice Juan Merchan, sentenced Gristina to six months imprisonment and five years of probation. *Id.* ¶ 11.

Gristina now alleges her guilty plea was coerced and seeks to vacate her conviction. *Id.* ¶ 13. Before she can do so, however, Gristina contends she needs transcripts from two days of trial court proceedings: August 13 and 16, 2012. *Id.* ¶ 16. She originally requested those transcripts from the state court reporters but only received portions of each transcript, as the remainder had been sealed. *Id.* ¶ 22.

Gristina then went to Justice Merchan in the trial court. She filed a motion to unseal the remainder of the transcripts, which the New York County District Attorney opposed. *Id.* ¶¶ 22, 23. Justice Merchan, in a written decision, denied the request to unseal the transcripts under his discretionary authority. *Id.* at ¶ 25; *see generally id.* at A002–07 (the "Trial Court Decision"). Regarding the August 13 transcript, Justice Merchan noted Gristina had not been present, as the matter involved Gristina's co-defendant only. *See* Trial Court Decision at A004. Regarding the

August 16 transcript, Justice Merchan noted it involved an *ex parte* matter by the District Attorney. *See id.* Neither transcript,[2] therefore, involved Gristina or her guilty plea.[3]

Gristina then went to the Appellate Division, First Department. She filed a mandamus petition under Article 78 of New York's Civil Practice Law and Rules seeking to compel Justice Merchan to unseal the transcripts. *Id.* at ¶ 27; *see also generally* Declaration of Patricia J. Bailey, Ex. 1, ECF No. 27-1 (the "Article 78 Petition"). The First Department dismissed her petition without elaboration. *See* Complaint at A001. At the time she filed her Complaint in this case, Gristina "intend[ed] to appeal" that dismissal to the New York Court of Appeals. *See id.* ¶ 28. However, her motion for leave to appeal has subsequently been denied by the First Department. *See* Bailey Decl., Ex. 3, ECF No. 27-3.

Gristina has now come to this Court seeking the same relief: to compel the state trial court to unseal the transcripts from August 13 and 16, 2012. Her Complaint asserts a single claim under 42 U.S.C. § 1983, specifically, that Gristina's Fourteenth Amendment rights to due process, equal protection, and access to the courts have been violated because of her inability to review the transcripts. *See* Complaint ¶ 29. The lawsuit names as defendants Justice Merchan and the District Attorney who opposed Gristina's motion to unseal. Gristina seeks injunctive and declaratory relief "directing the Defendants to allow Gristina to pay for, and obtain, the unsealed court minutes in

---

[2] Because the court reporters had provided Gristina's counsel with a portion of each transcript, Justice Merchan ordered those portions returned or destroyed after concluding they had been mistakenly unsealed. *See* Trial Court Decision at A005.

[3] Gristina's motion in the trial court also requested transcripts from other appearances that are not at issue here. A second transcript from August 16—involving a matter in which Gristina had been present—had never been sealed was available to her at any time. Transcripts from two other days—November 20 and December 5, 2012—had likewise never been sealed. And from the day of Gristina's actual guilty plea—September 25, 2012—Justice Merchan ordered the transcript to be retrieved from storage and, assuming it was not sealed, made available to Gristina. *See* Trial Court Decision at A006.

her criminal case so that Gristina can access the courts to make a meaningful motion to vacate the judgment" and conviction in her criminal case. *Id.* ¶¶ 31–32. The Defendants have moved to dismiss.

## DISCUSSION

The Defendants assert several overlapping challenges to Gristina's lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), including abstention under the *Younger* doctrine, abstention under the *Rooker-Feldman* doctrine, and absolute immunity. The Court concludes abstention is required.

### I. Abstention under *Younger* is Required

#### A. Legal Standards

*Younger* abstention provides that "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 44–45 (1971)).[4] The Supreme Court has identified three categories of state proceedings that implicate *Younger* abstention: (1) "ongoing state criminal prosecutions;" (2) "certain civil enforcement proceedings;" and (3) "pending civil proceedings involving certain . . . orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). These three categories are "narrow" and exclusive. *Cavanaugh v. Geballe*, 28 F.4th 428, 430, 433 (2d Cir. 2022). When a *Younger* category applies, abstention is mandatory, and the federal district court must dismiss for lack of jurisdiction. *See Colorado Water Conserv. Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976).

---

[4] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Despite the delineation of clear categories, *Younger* continues to present "complexities and uncharted ground." *Trump v. Vance*, 941 F.3d 631, 639 (2d Cir. 2019). The varied applications of the third *Younger* category—the category at issue in this case—illustrate that uncharted ground. "[T]wo types of orders that clearly fall within that category" are "civil contempt orders and orders requiring the posting of bonds pending appeal." *Cavanaugh*, 28 F.4th at 433 (citing *Sprint*, 571 U.S. at 79). But other civil proceedings also merit abstention when they uniquely further the state's judicial function. For example, the third category has applied to a state court order requiring a parent to pay half of the fees of an attorney appointed to represent his children in a divorce proceeding. *See Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cty.*, 805 F.3d 425, 427–28 (2d Cir. 2015). There, the Second Circuit concluded the order was "integral to the State court's ability to perform its judicial function in divorce and custody proceedings," lest those children go unrepresented in court. *Id.* By contrast, the third category of *Younger* did not apply in a probate context where a state court had issued an order recognizing the validity of a lien. *See Cavanaugh*, 28 F.4th at 434. That order did not affect the processes underpinning the state court's own case management; instead, it "merely affect[ed] how the executor [would] administer[] the estate." *Id.* Overall, the Second Circuit has distilled "from these cases that federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments." *Id.*

Although the *Younger* categories are exclusive, a federal court may also "appropriately consider three additional factors laid out in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982), that further counsel in favor of abstention: Whether "there is (1) an ongoing state judicial proceeding [that] (2) implicates important state interests and (3)

provides an adequate opportunity to raise federal challenges." *Cavanaugh*, 28 F.4th at 432 (quoting *Sprint*, 571 U.S. at 81).

### B. Application

Gristina's Article 78 Petition in the state appellate court—which calls for review of the trial court's sealing decision—requires this Court to abstain under *Younger*. A court's order to seal or unseal its own transcripts falls within the "core state court civil administrative processes, powers, and functions" that make up the third category[5] of *Younger* abstention. *Cavanaugh*, 28 F.4th at 434. There is no doubt that the power to seal a transcript is a quintessentially judicial function. Indeed, "courts have the inherent power to control the records of their own proceedings." *Crain Commc'ns, Inc. v. Hughes*, 539 N.E.2d 1099 (N.Y. 1989); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). Court transcripts are records of the very "performance of the judicial function" itself. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *Murphy v. Warden of Attica Corr. Facility*, No. 20-CV-3076 (PAE) (JLC), 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020). Without the ability to maintain confidentiality during certain proceedings, state courts could not "adjudicate the matters before them" lest public disclosure chill the candor those courts depend upon. *Cavanaugh*, 28 F.4th at

---

[5] The Attorney General also argues the first category of *Younger* applies. To be sure, Justice Merchan's decision regarding the sealed transcripts was part of Gristina's criminal prosecution and was captioned as such. However, that prosecution was not "ongoing" at the time Gristina filed this federal lawsuit. *Sprint*, 571 U.S. at 78. After the sealing order, there do not appear to be any ongoing criminal issues for Justice Merchan to resolve, given that Gristina completed her sentence years ago. By contrast, Gristina's Article 78 civil proceeding is considered by this Court as "ongoing," as discussed in the *Middlesex* analysis below.

434; *see also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (observing that certain records "function properly only if kept secret").

Moreover, the decision to seal a transcript is procedural. The state court's process must balance multiple competing interests, including the public's right to open proceedings, the defendant's right to a fair trial, and the need to protect witnesses and incentivize full disclosure of evidence. *See In re Daily News, L.P. v. Wiley*, 126 A.D.3d 511, 512 (N.Y. App. Div. 1st Dep't 2015). Gristina thus challenges "*the way* that New York courts manage their own" criminal proceedings through deciding what judicial documents must be sealed. *Cavanaugh*, 28 F.4th at 434 (emphasis in original) (quoting *Falco*, 805 F.3d at 427). To second-guess the confidentiality of state court transcripts—a decision which those courts must make every day—"would directly impede the normal course of . . . proceedings in the state courts." *Disability Rts. New York v. New York*, 916 F.3d 129, 136–137 (2d Cir. 2019) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). Gristina's challenge in this Court falls squarely within the third category of *Younger*.

The additional *Middlesex* factors further counsel in favor of abstention.[6]

*First*, the state proceeding was still "pending" at the time Gristina began this case. The Complaint noted Gristina's intention to appeal her Article 78 Petition to the New York Court of Appeals. "[A] necessary concomitant of Younger is that a party . . . must exhaust his state appellate remedies before seeking relief in the District Court." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).[7] The fact that permission to appeal was subsequently denied is irrelevant; the Court must

---

[6] Gristina has not alleged bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex*, 457 U.S. at 429.

[7] Although it is "typically true" that Gristina could bring her § 1983 in federal court without having to exhaust her state remedies, the exhaustion requirement reanimates "where *Younger*'s requirements are met." *Astoria Gen. Contracting Corp. v. Off. of Comptroller of City of New York*, 159 F. Supp. 3d 385, 398 (S.D.N.Y. 2016).

consider abstention as of the date the federal Complaint was filed. *See Int'l Fidelity Ins. Co. v. City of New York*, 263 F. Supp. 2d 619, 633 (E.D.N.Y. 2003). Further, no "proceedings of substance on the merits have taken place in federal court." *McGRX, Inc. v. Vermont*, 452 F. App'x 74, 75 (2d Cir. 2012) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)).

*Second*, Gristina's lawsuit implicates important state interests. This factor, which largely mirrors the rationale of the third *Younger* category, does not require much elaboration. In short, "few interests can be considered more central than a state's interest in regulating its own judicial system." *Spargo*, 351 F.3d at 75 (citing *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 848 (1978)).

*Third*, Gristina's state case provides an adequate opportunity to raise the same federal claims that she raises here. The measure of adequate opportunity asks "only whether the state's procedural remedies *could* provide the relief sought[,] not whether the state *will* provide the constitutional ruling which the plaintiff seeks." *Kaufman v. Kaye*, 466 F.3d 83, 87 (2d Cir. 2006) (emphasis in original) (quoting *Spargo*, 351 F.3d at 79). The Article 78 Petition challenged the sealing decision using the same federal theories Gristina uses in this case: due process, equal protection, and access to the courts under the Fourteenth Amendment. *See* Article 78 Petition at ¶¶ 26–29. "Without question, the New York courts can consider the constitutional questions [Gristina] raises and order relief if they deem them to have merit," and Gristina does not allege the New York courts are incapable of doing so. *Kaufman*, 466 F.3d at 87; *see also Reinhardt v. Mass. Dep't of Social Servs.*, 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989) ("The Second Circuit has repeatedly sanctioned abstention when the plaintiff's federal claims can be raised in an Article 78 proceeding.") (collecting cases). Gristina also remains free to petition the Supreme Court of the

United States to review her state case. *See Kaufman*, 466 F.3d at 87–88; *Strong v. New York City Dep't of Educ.*, No. 18-CV-4663 (LLS), 2018 WL 10579836, at *3 (S.D.N.Y. Dec. 3, 2018).

Because the third category of *Younger* abstention applies, and because the *Middlesex* factors all bolster the decision to do so, the Court must abstain from exercising jurisdiction.

## II. Abstention under *Rooker-Feldman* is also Required

The District Attorney argues (though Justice Merchan does not) that the *Rooker-Feldman* doctrine also bars this Court from adjudicating Gristina's transcript dispute.

### A. Legal Standards

Like *Younger* abstention, the *Rooker-Feldman* doctrine applies to dismiss certain actions for want of jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Under *Rooker-Feldman*, federal district courts lack jurisdiction when the plaintiff (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *See Exxon Mobil*, 544 U.S. at 284; *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine "recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments," with such federal jurisdiction reserved exclusively for the Supreme Court of the United States. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

### B. Application

Given the complicated procedural history in Gristina's state court cases, the Court must untangle the previous *Younger* analysis from the subsequent *Rooker-Feldman* analysis. *Younger*

9

applies to certain "ongoing" state court cases, while *Rooker-Feldman* applies to "final" state court judgments. Gristina's lawsuit implicates both "ongoing" (the Article 78 Petition, which at the time this case was filed, she sought to appeal to the New York Court of Appeals) and "final" (the Trial Court Decision) components. Regardless of the appeal of the Article 78 Petition, the Trial Court Decision remains "final." *See Citibank, N.A. v. Swiatkowski*, No. 12-CV-0196, 2012 WL 542681, at *4 n.7 (E.D.N.Y. Feb. 21, 2012); ("The fact that [Gristina] had an appeal pending before the Appellate Division at the time of removal does not affect the *Rooker-Feldman* analysis."). For purposes of *Rooker-Feldman*, the Court therefore examines the Trial Court Decision.

There is no dispute the Trial Court Decision meets three of four the *Rooker-Feldman* requirements. Gristina lost her motion to unseal the transcripts she now seeks. She invites this Court to overturn Justice Merchan's decision and order the transcripts to be unsealed. And she filed her Complaint in this Court after Justice Merchan had denied her motion in relevant part. She thus invites a straightforward "review and rejection" of the state trial court's decision. *Exxon Mobil*, 544 U.S. at 284.

The second *Rooker-Feldman* requirement is less straightforward. Gristina's alleged injury—her inability to review the sealed transcripts—was certainly caused by Justice Merchan's decision to keep those transcripts sealed. But it is debatable is whether that decision is considered a "judgment" for purposes of *Rooker-Feldman*. Gristina argues the collateral decision to seal the transcripts is not a "judgment" under New York law. *See* N.Y. Crim. Proc. Law § 1.20 (15) ("A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence."); *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). After all, Gristina

seeks the transcripts so she can challenge her criminal conviction and sentence at some unknown point in the future.

Yet the operative word "judgment" appears to broader in the *Rooker-Feldman* context than the term is otherwise understood. "[T]he form of the proceeding is not significant. It is the nature and effect which is controlling." *Feldman*, 460 U.S. at 482. Indeed, courts in this Circuit have applied the doctrine to post-judgment orders similar to the sealing decision at issue here. *See Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 705–06 (S.D.N.Y. 2011) (state judge's protective order preventing the federal plaintiff from approaching her mother was a "final decision" under *Rooker-Feldman*, even though plaintiff had already been criminally convicted); *Zahl v. Kosovsky*, No. 08-CV-8308 (LTS) (THK), 2011 WL 779784, at *6 (S.D.N.Y. Mar. 3, 2011) ("The distinction between the earlier 'judgment' and each post-judgment 'decision and order,' which did not contemplate any further proceedings and which were no longer appealable at the time the instant action was filed, is purely nomenclatural and thus immaterial for *Rooker-Feldman* purposes."), *aff'd*, 471 F. App'x 34 (2d Cir. 2012). Justice Merchan's sealing decision was sufficiently final to satisfy the essential objective of *Rooker-Feldman*'s "judgment" requirement, as the decision sealed the transcripts permanently and contemplated no further action by the trial court. *Cf. Green v. Mattingly*, 585 F.3d 97, 102 (2d Cir. 2009). With its requirements met, *Rooker-Feldman* provides an alternative basis to abstain from exercising jurisdiction.

## III.    Remaining Arguments

Given that the Court has found two independent jurisdictional reasons to dismiss, it need not reach the Defendants' arguments that they enjoy absolute immunity, and that Gristina fails to state a claim on the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93 (1998).

Finally, although the District Attorney argues that amending the Complaint would be futile, the Court shall not dismiss with prejudice. "[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999); *Novie v. Vill. of Montebello*, No. 10-CV-9436 (CS), 2012 WL 3542222, at *14 (S.D.N.Y. Aug. 16, 2012) (dismissing without prejudice on *Younger* abstention grounds).

## CONCLUSION

Gristina may continue her quest to unseal the transcripts in state court, but having chosen that path, she cannot simultaneously do so here in federal court. The Defendants' motions to dismiss are **GRANTED** and this case is **DISMISSED** without prejudice.

The Clerk of Court is directed to close the motions at ECF numbers 20 and 23 and close this case.

Dated: New York, New York
     May 19, 2022

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge

12

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
------------------------------------------------------------------
      ANNA GRISTINA

                Appellant


          v.                              ADDENDUM B

NEW YORK STATE JUDGE JUAN MERCHAN,    Docket No. 22 - 1114
in an official capacity, and NEW YORK
COUNTY DISTRICT ATTORNEY
ALVIN BRAGG, in an official capacity

                Respondents
------------------------------------------------------------------

Issues Proposed

I.     The District Court should not have abstained from exercising jurisdiction in
      this case under the "Our Federalism" doctrine, as identified in the court case
      *Younger v. Harris.*

      The Standard of Review is *de novo*.

II.    The District Court should not have abstained from exercising jurisdiction in
      this case under the *Rooker-Feldman* doctrine.

      The Standard of Review is *de novo*.

III.   In this case, the District Court is not precluded from granting Appellant
      Anna Gristina's request for injunctive, or declaratory, relief based on any
      ruling in a New York State Court.

      The Standard of Review is *de novo*.