# 22-1114

THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

Anna Gristina,

Plaintiff-Appellant

v.

Juan Merchan, New York State Judge, in an official capacity, and
Alvin Bragg, New York County District Attorney, in an official capacity

Defendants-Appellees,

---

APPEAL FROM THE FINAL DECISION OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

JOINT APPENDIX

Lawrence P. LaBrew, Esq.
Law Office of Lawrence LaBrew
Attorney for Appellant Anna Gristina
30 Wall Street 8th Floor
New York, New York 10005-2205
Tel:   (212) 385-7500
Fax:   (212) 385-7500

Hon. Letitia James
New York State Attorney General
by: Mr. David Lawrence III, Esq.
Assistant Solicitor General
Attorney for Judge Juan Merchan
28 Liberty Street
New York, New York 10005
Tel:   (212) 416-8020

(Counsel for District Attorney Alvin Bragg is listed on the back of this cover page)

(Continued from the front cover page: Additional Attorney)

Ms. Robin McCabe, Esq.
Assistant District Attorney
New York County District Attorney's Office
Attorney for District Attorney Alvin Bragg
1 Hogan Place
New York, New York 10013
Tel:    (212) 335-9243

TABLE OF CONTENTS

Appendix Documents                                   Appendix Page Numbers

1.    Docket Number 1: Appellant Gristina's Complaint..................A001 to A118
      a.    State Court Transcript in Complaint: Transcript pp. 1 to 17; App. pp.
            A062 to A078.
      b.    Excerpt from State Court Transcript in Complaint: Transcript pp. 18
            to 20; App. pp. A095 to A097.
      c.    Excerpt from State Court Transcript in Complaint: Transcript pp. 21
            to 26; App. pp. A101 to A106.

2.    Docket Number 20: Appellee Judge Merchan's Notice of Motion to
      Dismiss the Complaint..............................................................A119 to A120

3.    Docket Number 21: Attorney Declaration in Support Judge Merchan's
      Motion to Dismiss the Complaint...............................................A121 to A122
      a.    Docket Number 21, Exhibit 1(State Appellate Court Order)........A123

4.    Docket Number 23: Appellee District Attorney Bragg's Notice of Motion to
      Dismiss the Complaint................................................................................A124

5.    Docket Number 27: Attorney Declaration in Support of District Attorney
      Bragg's Motion to Dismiss the Complaint.................................A125 to A126
      a.    Docket Number 27, Exhibit 1 (Appellant Gristina's State Court CPLR
            Article 78 Petition)...........................................................A127 to A155
      b.    Docket Number 27, Exhibit 2 (Appellant Gristina's Motion Seeking
            leave to Appeal to the State Court of Appeals)...............A156 to A165
      c.    Docket Number 27, Exhibit 3 (State Appellate Court Order).......A166

6.    Docket Number 29: Appellant Gristina's Declaration in opposition to the
      Appellees Motion to Dismiss the Complaint.............................A167 to A168
      a.    Docket Number 29, Exhibit 1 (Complaint omitted, *see* Docket
            Number 1 *supra*, Appendix at pp. A001 to A118)
      b.    Docket Number 29, Exhibit 2 (Appellant's State Court Appellate
            Division Reply Affirmation)...........................................A169 to A196

TABLE OF CONTENTS (continued)

Appendix Documents                                    Appendix Page Numbers

c.      United States District Court Transcript contained in Docket 29, Exhibit 2 (A169 to A196), Transcript located at pp. 27 to 36; App. pp. A187 to A196.

7.      Docket Number 34: District Court's Opinion and Order...........A197 to A208

8.      Docket Number 35: Clerk's Judgment.....................................................A209

9.      Docket 38: Amended Notice of Appeal....................................................A210

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

     ANNA GRISTINA

                  Plaintiff

                               **COMPLAINT**
                               Civil Case No. 21-cv-8608
        v.                    Under the Civil Rights Act
                               (42 U.S.C. § 1983)


NEW YORK STATE JUDGE JUAN MERCHAN
(in an official capacity)

NEW YORK COUNTY DISTRICT ATTORNEY
CYRUS VANCE (in an official capacity)

                  Defendants

------------------------------------------------------------------

1.     Now comes Plaintiff Anna Gristina, by and through her attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew –  seeking prospective relief, complaining against the following Defendants, and alleging the following:

JURISDICTION AND VENUE

2.     This action arises under the Constitution of the United States, particularly Article III, Section 2 of the United States Constitution, the Fourteenth Amendment to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Tittle 42 U.S.C. §§ 1983 and 1988.

3.     This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C. §§ 1331 and 1343).

4.    Venue is placed in this District because the Defendants are located in this District.

## PARTIES

5.    Plaintiff Anna Gristina resides in the State of New York in Orange County.

6.    Defendant Justice Juan Merchan, is a Acting Supreme Court Justice sitting in the
Supreme Court of the State of New York, New York County Criminal Term, New York,
New York.

7.    Defendant District Attorney Cyrus Vance is the District Attorney for the Office of the
District Attorney: New York County.

8.    In doing the acts and/omissions alleged, Defendants, and each of them, acted under color
of authority and/or color of state law at all relevant times.

9.    The Defendants are legally responsible for the incidents, the unlawful conduct, injuries,
and damages alleged by personally participating in the unlawful conduct.

## STATEMENT OF THE CASE

10.   The Defendants impeded, hindered, obstructed, and otherwise defeated the due course of
justice in the State of New York, under 42 U.S.C. § 1983, by preventing the Plaintiff
from exercising her constitutional right(s) to Access to the Courts according to Due
Process, by denying the Plaintiff access to the unsealed transcript/court minutes of the
proceeding in her criminal case, so that the Plaintiff can make a post judgement motion,
pursuant to Article 440 of the New York State Criminal Procedure Law – with Equal
Protection under the law with criminal defendants, who are able to obtain
transcripts/court minutes of the proceedings in their criminal cases, so that they can make
post judgments motions – pursuant to Article 440 of the New York State Criminal

A002

Procedure Law. The Plaintiff incorporates the attached appendix herein to this complaint as though alleged herein.

STATEMENT OF THE FACTS

11. Plaintiff Anna Gristina, and Defendant Jaynie Baker were charged with the felony crime of Promoting Prostitution in the Third Degree (N.Y. PENAL LAW § 230.25 1), in the case of *The People of the State of New York v. Anna Gristina and Jaynie Baker*, New York County Indictment Number 00751-2012: app. pp. A008 to A009. The Plaintiff, and Defendant Jaynie Baker, both pled guilty and were sentenced. The Plaintiff pled guilty to Promoting Prostitution in the Third Degree (N. Y. PENAL LAW § 230.25-1): she was sentenced to 6 months in jail, and five years of probation. Certificate of Disposition: app. p. A010. A Notice of Appeal was not filed.

12. Upon information and belief, that being the Plaintiff, the Plaintiff would like to make a motion to vacate her New York State Criminal Conviction – Indictment Number 00751-2012 – pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1) (b) (f) and (h).

13. Upon information and belief, that being Plaintiff Anna Gristina, in addition to other issues, Plaintiff states that her guilty plea was coerced. Plaintiff's Counsel needs to determine what was said on the record, and what was not said on the record, as a threshold inquiry prior to moving to vacate the judgment pursuant to N.Y CRIM. PROC. LAW § 440.10 (1).

14. The Plaintiff states that the State of New York enacted the statutory scheme – encompassed under Article 400 of the New York State Criminal Procedure Law – to establish a procedure to address post conviction remedies in criminal cases in the State of

A003

New York. Article 400 of the New York State Criminal Procedure Law is designed

collectively to embrace all extant non-appellate post-judgment remedies and motions to

challenge the validity of a judgment of conviction. N.Y. CRIM. PROC. LAW § 440.10

(1) (b) (f) and (h) state that:

> At any time after the entry of a judgment, the court in which it was entered
> may, upon motion of the defendant, vacate such judgment upon the
> ground that:
>
> (b) The judgment was procured by duress, misrepresentation or fraud on
> the part of the court or a prosecutor or a person acting for or in behalf of a
> court or a prosecutor; or
>
> (f) Improper and prejudicial conduct not appearing in the record occurred
> during a trial resulting in the judgment which conduct, if it had appeared
> in the record, would have required a reversal of the judgment upon an
> appeal therefrom; or
>
> (h) The judgment was obtained in violation of a right of the defendant
> under the constitution of this state or of the United States

15. Plaintiff's Counsel contacted the New York County Supreme Court, Criminal Term,

Senior Court Reporters for Plaintiff Anna Gristina's criminal case, in order to obtain the

court minutes/transcripts for Indictment Number 00751-2012, to make a motion to vacate

the judgement in Plaintiff's criminal case. Plaintiff's Counsel informed said Court

Reporters that Plaintiff was prepared to pay all expenses associated with obtaining said

court minutes. Plaintiff's Counsel was informed – in sum and substance – by the afore-

mentioned Court Reporters that they were willing to provide the Plaintiff with Court

minutes related to her criminal case; however, the afore-mentioned Court Reporters

stated – in sum and substance – that could not provide the Plaintiff with any court

minutes in Plaintiff's criminal case that had been sealed by Defendant Justice Merchan.

A004

16. Upon information and belief, that being the Senior Court Reporters, the Court Minutes for Indictment Number 00751-2012, for the following dates, were sealed by the Order of Defendant Judge Juan Merchan: 13 August 2012, 16 August 2012, and a portion of Plaintiff's guilty plea on 25 September 2012. The Plaintiff is not allowed access said minutes for the purposes of making a motion to vacate the judgment – in her case – pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1): *See* app. pp. A092 to A097 and A104 to A109.

17. Upon information and belief, that being Defendant District Attorney Cyrus Vance, Defendant Cyrus Vance is opposed to allowing the Plaintiff to receive unsealed copies of the minutes in Plaintiff's criminal case so that she can make a motion to vacate the judgment in her criminal case pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1).

18. The Plaintiff made a motion, on notice, to unseal the minutes in her criminal case. App. pp. A011 to A022.

19. Plaintiff's Counsel submitted an Affidavit stating that the Plaintiff was present in court on 16 August 2012. Attorney Affidavit: app. pp. A023 to A052

20. The Parties appeared in the New York County Supreme Court on the motion to unseal the court minutes on 2 March 2021. Transcript: app. pp. A053 to A069. Plaintiff's Counsel filed the Court minutes for 2 March 2021 with the Clerk of the Court. App. pp. A070 to A073.

21. Plaintiff states that as of 2 March 2021, upon information and belief, that being a review of the Court File maintained in the Office of the Clerk of the Court, for Indictment Number 00751-2012, Defendant Justice Merchan's Order had not been reduced to a

A005

writing, and filed with the Clerk of the Court as of 2 March 2021. *See e.g.*, N.Y. C.P.L.R. 5512.

22.  Plaintiff states that on, or about, 2 March 2021, a request was made – to the Court Reporters for an excerpt of the 13 and 16 August 2012 transcripts, relating only to the unsealed portion of the transcript containing the Court's Order sealing the transcript – without exposing, or providing, any of the information that had been ordered sealed by the Court. Upon information and belief, that being the Court Reporter, she consulted with her supervisor, and she was told that she could only provide an unsealed excerpt of the court minutes for 13 and 16 August 2012, that the excepts would only contain the unsealed portion of the transcript where the Court ordered the transcript sealed. The Plaintiff paid the fee for the excerpted unsealed portions of the transcript for 13 August 2012, and 16 August 2012. On 4 March 2021, The Court Reporter provided the Plaintiff with the excerpted unsealed portions of the transcript for 13 August 2012, and 16 August 2012.  App. pp. A086 to A088 and A092 to A097.

23.  District Attorney Vance opposed the Plaintiff's motion to unseal the court minutes in the Plaintiff's criminal case in writing. A074 to A075.

24.  Plaintiff's Counsel filed an Affidavit to complete the record. App. pp. A076 to A103.

25.  The Court issued an Order and Decision denying the Plaintiff's Motion to unseal the transcripts in her case to file a motion to vacate the judgment pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1). Trial Court Order: app. pp. A002 to A007.

26.  Plaintiff's Counsel complied with the Court's Order regarding transcripts in the custody and control of the Plaintiff. App. A104 to 109.

27. The Plaintiff commenced a proceeding, pursuant to Article 78 of the Civil Practice Law and Rules – in the nature of Prohibition and Mandamus – to obtain the court transcripts in her case, so that Plaintiff can make a motion to vacate the judgment pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1). The afore-mentioned was commenced in the Supreme Court of the State of New York: Appellate Division: First Department. The Appellate Division dismissed the Petition. App p. A001.

28. The Plaintiff intends to appeal the Appellate Division's Order/Judgment to the New York State Court of Appeals.

COUNT ONE: DENIAL OF ACCESS TO THE COURTS

29. The Defendants impeded, hindered, obstructed, and otherwise defeated the due course of justice in the State of New York, under 42 U.S.C. § 1983, by preventing the Plaintiff from exercising her constitutional right(s) to Access to the Courts according to Due Process, by denying the Plaintiff access to the unsealed transcript/court minutes of the proceeding in her criminal case, so that the Plaintiff can make a post judgement motion, pursuant to Article 440 of the New York State Criminal Procedure Law – with Equal Protection under the law with criminal defendants, who are able to obtain transcripts/court minutes of the proceedings in their criminal cases, so that they can make post judgments motions – pursuant to Article 440 of the New York State Criminal Procedure Law. U.S. CONST. amend. XIV.

30. The Plaintiff states that she will suffer irreparable injury without the unsealed transcripts from her criminal case so that Plaintiff can access the courts to make a meaningful motion to vacate the judgement in her case pursuant to N.Y. CRIM. PROC. LAW §

7

A007

440.10 (1).

REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court:

31.    Grant the Plaintiff injunctive relief directing the Defendants to allow the Plaintiff to pay for, and obtain, the unsealed court minutes in her criminal case so that Plaintiff can access the courts to make a meaningful motion to vacate the judgment in Plaintiff's criminal case pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1).

32.    Grant the Plaintiff a declaratory judgment stating that the Plaintiff is entitled to the unsealed court minutes in her criminal case so that the Plaintiff and access the courts to make a meaningful motion to vacate the judgment in Plaintiff's criminal case pursuant to N.Y. CRIM. PROC. LAW § 440.10 (1).

33.    Award Plaintiff all costs of this action, including any attorney's fees incurred by the Plaintiff.

34.    Grant such other and further relief as the Court deems just and proper.

DATE:      20 October 2021
              Bronx, New York

*Lawrence P LaBrew*

_____
Lawrence P. LaBrew, Esq.
Attorney & Counselor-at-Law
Law Office of Lawrence LaBrew
Attorney for Plaintiff Anna Gristina
30 Wall Street 8th Floor
New York, New York 10005-2205
Tel:    (212) 385-7500
Fax:    (212) 385-7501
e-mail: lawrencelabrew@verizon.net

# APPENDIX TABLE OF CONTENTS

| Document | Appendix Page Number(s) |
|---|---|
| 1. Appellate Division Order | A001 |
| 2. Trial Court Order | A002 to A007 |
| 3. New York County Indictment | A008 to A009 |
| 4. Certificate of Disposition | A010 |
| 5. Motion to Unseal with Exhibits | A011 to A022 |
| 6. Defense Attorney Affidavit with Exhibits | A023 to A052 |
| 7. Transcript: Motion to Unseal (03/02/2021) | A053 to A069 |
| 8. Defense Attorney Affidavit with Exhibits | A070 to A073 |
| 9. District Attorney Response | A074 to A075 |
| 10. Defense Attorney Affidavit with Exhibits | A076 to A103 |
|     a. Excerpt of Sealed Minutes for 08/13/2012: Court Order Sealing the Minutes | A086 to A088 |
|     b. Excerpt of Sealed Minutes for 08/16/2012: Court Order Sealing the Minutes | A092 to A097 |
| 11. Defense Attorney Affidavit of Compliance Trial Court Order | A104 to A109 |

i

Case 1:21-cv-08608-PAC Document 1-2 Filed 10/20/21 Page 2 of 10

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ.

| | | |
|---|---|---|
| 14396 | In the Matter of ANNA GRISTINA, Petitioner, -against- | Ind. No. 751/12 Case No. 2021-01469 |

HON. JUAN MERCHAN, etc. et al.,
Respondents.

---

Law Office of Lawrence P. LaBrew, New York (Lawrence P. LaBrew of counsel), for petitioner.

Letitia James, Attorney General, New York (Miranda R. Onnen of counsel), for Hon. Juan Merchan, respondent.

Cyrus R. Vance, Jr., District Attorney, New York (Julio Cuevas, Jr. of counsel), for Cyrus R. Vance, respondent.

---

The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules,

Now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon,

It is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 14, 2021

Susanna Molina Rojas
Clerk of the Court

MAY 0 5 2021
DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

# Supreme Court
# of the
# State of New York

## Part 59 - New York County

The People of the State of New York

**INDICTMENT: 0751-12**

-against-

MOTION TO UNSEAL TRANSCRIPTS

**Anna Gristina**

CALENDAR DATE: February 16, 2021

Defendant

**ORDERED** that upon the papers submitted, this motion is hereby

GRANTED _____

DENIED _____

Date: _03.23.21_     Hon._____

A011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59
------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK                    DECISION AND
                                                        ORDER

                              v.
                                                        INDICTMENT NO.
ANNA GRISTINA,                                          0751-2012
------------------------------------------------------------------x
HON. JUAN M. MERCHAN, A.J.S.C.:


      On January 14, 2021, Defendant moved this Court for an order directing the Clerk

of the Court to provide copies of previously sealed transcripts of court proceeding held in

this matter on certain designated dates.  On January 29, 2021, Defendant filed a

Memorandum of Law in Support of the Motion to Unseal, in which she further moved for

an order to unseal all sealed records in this case.  Finally, on March 12, 2021, Defendant

requested that several sealed transcripts, dated August 13th, 2012 and August 16th, 2012,

be unsealed.  She also seeks copies of the unredacted search warrant and all search

warrant-related minutes, presumably so that she and her attorney may determine whether

to file a post-judgment motion pursuant to Criminal Procedure Law §440.  This decision

addresses all three applications.

      In February 2012, Defendant and her co-defendant were indicted and charged

with a single count of Promoting Prostitution in the Third Degree [Penal Law

§230.25(1)].  On September 25, 2012, Defendant pled guilty to the charge and was

sentenced on November 20, 2012 to six months of incarceration and five years of

probation.

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

A012

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

During the pendency of the case, Defendant made approximately fifteen court appearances. The majority of the appearances are unsealed and may be obtained by simply requesting same from the appropriate Court Reporter. The specific dates for which Defendant requests unsealing are: August 13, 2012; August 16, 2012; September 25, 2012; November 20, 2012; and December 5, 2012.

The transcript for August 13th, 2012 involves the co-defendant exclusively (Defendant was not present), and is sealed. On August 16th, 2012, this matter was called two separate times. This has led to some confusion, because there are two transcripts for that particular date. One transcript involves an *ex parte* matter and is sealed. Another transcript is an unsealed calendar call at which Defendant appeared, and certain pre-trial matters were discussed on the record. Unfortunately, the Court Reporter, who transcribed each of these dates, accidentally provided Defendant with a copy of a portion of the sealed August 13th, 2012 transcript. She also turned over the entire transcript for the sealed August 16th, 2012 proceeding.

Defendant has attached copies of both transcripts to a March 5th, 2021 filing in which she requests documents related to the August 16th *ex parte* matter. On March 12th, 2021, Defense counsel submitted a reply affidavit in which it is requested that the sealed August 13th and August 16th transcripts be unsealed, and that an unredacted search warrant and all search warrant-related minutes be turned over.

"…[F]undamental considerations of public policy demand that court proceedings in a publicly held trial be open to the fullest public scrutiny, so long as the case is not one in which preservation of secrecy in respect of the court records has been recognized by law." *Matter of New York Post Corporation v. Leibowitz*, 2 N.Y.2d 677, 682 (1957).

2

DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 0 5 2021

A013

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

Inherent power exists in rare instances for a court to seal its records and, in cases that are still rarer, to unseal them. *People v. Joseph W.F.*, 111 Misc.2d 752 (Crim. Ct. N.Y. Co. 1981). "...[I]n appropriate cases courts have called upon a power, traditionally labeled inherent, to provide similar relief when the interests of justice so dictate. The power grows out of that measure of discretionary authority courts enjoy with respect to their own records insofar as they pertain to the business of the court and when essential to the administration of justice." *Matter of Hynes v. Karassik*, 47 N.Y.2d 659, 664 (1979). Defendant has failed to meet her burden to demonstrate why the sealed minutes of August 13th and 16th should be unsealed. Nor has she provided justification for remaining in possession of the transcripts, which were mistakenly turned over to her.[1]  In support of her application, Defendant cites cases which, as the People point out in their Affirmation dated March 12, 2021, are distinguishable from the instant matter. For instance, the seminal case upon which Defendant relies, *Matter of New York Post Corporation v. Leibowitz, supra,* involves a trial judge who exceeded his power in directing the stenographer not to furnish any [unsealed] transcript of the jury charge to a press reporter. Nothing of the sort has happened here.

Thus, this Court orders that the sealed transcripts for August 13th, 2012 and August 16th, 2012, remain sealed and that defense counsel return the mistakenly-produced transcripts, and any copies made, to the Court upon receipt of this decision. The redacted search warrant materials are to remain redacted under this order.

---

[1] The portion of the August 13th transcript which was also mistakenly turned over to Defendant is relatively harmless, as the court reporter only included an excerpt of the proceedings up to where the Court and the parties agree to sealing; the substance of the proceedings were not turned over by the court reporter.  However, Defendant is not entitled to even that portion of the proceedings.

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

3

The transcript for September 25th, 2012 was transcribed by a Court Reporter who is no longer employed by the Office of Court Administration. The transcript has been ordered from storage, and once retrieved, the supervising Court Reporter will determine whether it is sealed. The People will notify defense counsel either way, and if it is not sealed, it should be requested from the supervising Court Reporter.

The transcript for November 20th, 2012, the date on which Defendant was sentenced, has been reviewed by the Court *in camera*. This transcript is not sealed.[2] This transcript should be ordered by Defendant from the Court Reporter, as it is available.

The transcript for December 5th, 2012 has been ordered by the People for *in camera* review. Their records indicate that this court appearance involved a defense request for modification of her probation terms, and it should not be sealed. Should this prove to be true, the transcript for December 5th, 2012 should be requested by Defendant from the Court Reporter.

<u>Conclusion</u>

In sum, the transcript for August 13th, 2012 is to remain sealed and must be returned by defense counsel. The transcript for the sealed proceeding on August 16th, 2012 is to remain sealed and be returned by defense counsel. The transcript for the August 16th, 2012 proceeding which is not sealed is available to Defendant. The transcript for September 25th, 2012 has been ordered from storage by the supervising

---

[2] There is an indication that a bench conference was held at the start of the proceedings, but it was not transcribed.

4

DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office. MAY 0 5 2021

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

A015

Court Reporter. The November 20th, 2012 transcript is not sealed and is available, and the December 5th, 2012 transcript has been ordered for *in camera* review.

Defendant's constitutional due process rights have always permitted her access to the court file and any public items which are contained within.

This opinion constitutes the Decision and Order of the Court.

Dated: March 22, 2021
      New York, New York
                   Juan M. Merchan
                   Judge of the Court of Claims
                   Acting Justice – Supreme Court

DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

A016

A008 to A009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANNA GRISTINA,
JAYNIE BAKER,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the

defendants ANNA GRISTINA and JAYNIE BAKER of the crime of **PROMOTING**

**PROSTITUTION IN THE THIRD DEGREE**, in violation of Penal Law §230.25(1), committed

as follows:

The defendants in the County of New York, during the period from on or about July 18,

2011 to on or about July 27, 2011, knowingly advanced and profited from prostitution by managing,

supervising, controlling, and owning, either alone or in association with others, a prostitution

business and enterprise involving prostitution activity by two or more prostitutes.

DATE **OCT 1 9 2021**
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

_Milton Adeer Tinglingy_
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

CYRUS R. VANCE, JR.
District Attorney

A017

Case 1:21-cv-08921-PAC Document 8-20 Filed 01/07/22 Page 1 of 110

GJ #8-1024

# 8th GRAND JURY

PART 1 FEB 22 2012

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANNA GRISTINA,
JAYNIE BAKER,

Defendants.

A018

Filed:

NA

No. 0751-2012

INDICTMENT

PROMOTING PROSTITUTION IN THE THIRD DEGREE, P.L. §230.25(1) - DEF. A. GRISTINA, J. BAKER

CYRUS R. VANCE, JR., District Attorney

A True Bill

_____ Foreman

Charles Linehan
Official Corruption Unit

ADJOURNED TO PART _____ ON _____

DATE OCT 1 9 2021
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Certificate #: C-000000728-F

# New York County Supreme Ct/CRM

**FEE**



The People of the State of New York
vs.
**ANNA GRISTINA**

**Certificate of Disposition**
Docket/Case Number: **00751-2012**
Summons Number:

Defendant DOB: **08/20/1967**   Incident Date: **07/18/2011**   Arrest Date: **02/22/2012**   Arraignment Date: **02/23/2012**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York County Supreme Ct/CRM** concerning the above entitled matter and finds the following:

| Number of Charges | Sentence Charge | Charge Weight | Charge Description | Conviction Type | Conviction/ Sentence Date | Sentence Highlight |
|---|---|---|---|---|---|---|
| 1 | PL 230.25 01 3rd Degree | DF | PROMOTING PROSTITUTION | Pled Guilty | Conv: 09/25/2012 Sent: 11/20/2012 | • Probation 5 Years • Imprisonment 6 Months |

Weight of Charge: I-Infraction, V-Violation, M-Misdemeanor, AM-'A'Misdemeanor, BM-'B'Misdemeanor, UM-Unclassified Misdemeanor
AF-'A'Felony, BF-'B'Felony, CF-'C'Felony, DF-'D'Felony, EF-'E'Felony

**MAY 06 2021**

Date

Clerk of the Court

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

Pursuant to Judiciary Law § 212.2(z), a certificate of disposition for the public contains only records of convictions, if any, and information about pending cases.

Charges shown may not be the same as the original arrest charges

All marijuana convictions under PL § 221.05, 221.10, 221.15, 221.20, 221.35, or 221.40-including any appearing on this certificate of disposition-are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise-unless specifically required or permitted to do so by statute.

Pursuant to section 70.15 of the Penal Law, any misdemeanor sentence with a jail term of "1 year", "12 months", "52 weeks", or "365 days" is, by operation of law, deemed to be a sentence of 364 days. Any Certificate of Disposition indicating a jail sentence of "1 years", "12 months", "52 weeks", or "365 days" for a misdemeanor conviction shall be interpreted as a sentence of 364 days.

CPL 160.55: Official records related to the arrest and prosecution on file with the Division of Criminal Justice Services, police agencies and/or the prosecutor's office are sealed, however, court records remain available for public inspection.

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59
-----------------------------------------------------------------------

**Part 59**
**02/16/21**

THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff

v.

**NOTICE OF MOTION**
Indictment No. 00751-2012

ANNA GRISTINA

Defendant

-----------------------------------------------------------------------

COUNSEL:

PLEASE TAKE NOTICE that, based on the attached affidavit of Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew, Attorney and Counselor-at-Law for Defendant Anna Gristina, the supporting papers, and all the prior papers and proceedings herein, Defendant Anna Gristina will move this Court, at Part 59 thereof, at the Courthouse at 100 Centre Street, 11th Floor, Room 1100, New York, New York, 10013, on the 25th day of January 2021, at 9:30 in the morning, or as soon thereafter as counsel can be heard, for an Order granting the following relief.:

1.      An Order directing the Clerk of the Court to provide the Defendant, or the Defendant's Attorney, with an official, properly authenticated, certified copy of the Order -- or Orders -- sealing any of the transcripts/court minutes/court proceedings related to the following court calendar dates in the Defendant's case:

   a.   The Court Transcript/Minutes from the proceeding on 16 August 2012, in Part 59, before Judge Juan Merchan -- Court Reporter: M. Postel,

1

I hereby certify that the ____ paper is a true copy of the original thereof, filed in my office.

A020

MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

b.      The Court Transcript/Minutes from the proceeding on 25 September 2012, in Part 59, before Judge Juan Merchan – Court Reporter: Ms. Linda Castellano,

c.      The Court Transcript/Minutes from the proceeding on 20 November 2012, in Part 59, before Judge Juan Merchan – Court Reporter: S. Irving,

d.      The Court Transcript/Minutes from the proceeding on 5 December 2012, in Part 59, before Judge Juan Merchan  – Court Reporter: Ms. Wesley,

e.      Any records, transcripts, court documents, or court records related to the above captioned indictment,

f.      And any other relief that the Court deems just, equitable, and proper.

PLEASE TAKE NOTICE that, pursuant to N.Y. C.P.L.R. 2214 (b), answering papers –

and a notice of cross-motion with supporting papers – if any, must be served upon the

undersigned at least two (2) days before the return date of this motion.

DATE:         14 January 2021
              Bronx, New York

                                        Respectfully submitted,

                                        *Lawrence P LaBrew*

                                        _____

                                        Lawrence P. LaBrew, Esq.
                                        Attorney and Counselor-at-Law
                                        Law Office of Lawrence LaBrew
                                        Attorney for Defendant Anna Gristina
                                        30 Wall Street FL 8
                                        New York, New York 10005
                                        Tel:    (212) 385-7500
                                        Fax:    (212) 385-7501
                                        Cell:   (917) 280-6239
                                        e-mail: labrewlaw@gmail.com

TO:     The Honorable Cyrus Vance
        District Attorney
        New York County District Attorney's Office
        100 Centre Street
        New York, New York 10013
        Tel: (212) 335-9000

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021                    A021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

2

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59
-----------------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff

v.

**AFFIDAVIT IN SUPPORT OF MOTION**
Indictment No. 00751-2012

ANNA GRISTINA

Defendant

-----------------------------------------------------------------------

Lawrence P. LaBrew Esq., an attorney duly admitted to practice in the Courts of this State, hereby swears under the penalty of perjury, pursuant to N.Y. C.P.L.R. § 2106, that the following statements are true, and as to those made upon information and belief that he believes them to be true:

1.  I am the attorney for Defendant Anna Gristina. This Affidavit is being submitted in support of the Defendant's Motion to for an official, properly authenticated, certified copy of the Order, or Orders, sealing any of the transcripts/court minutes/court proceedings related to the following calendar dates in the Defendant's case:

    a.  The Court Transcript/Minutes from the proceeding on 16 August 2012, in Part 59, before Judge Juan Merchan -- Court Reporter: M. Postel,

    b.  The Court Transcript/Minutes from the proceeding on 25 September 2012, in Part 59, before Judge Juan Merchan – Court Reporter: Ms. Linda Castellano,

    c.  The Court Transcript/Minutes from the proceeding on 20 November 2012, in Part 59, before Judge Juan Merchan – Court Reporter: S. Irving,

    d.  The Court Transcript/Minutes from the proceeding on 5 December 2012, in Part 59, before Judge Juan Merchan  – Court Reporter: Ms. Wesley,

3

DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 0 5 2021

A022 *Milton Adam Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

    e.      Any records, transcripts, court documents, or court records related to the above captioned indictment,

2.      This Office served a Notice of Appearance on the District, and filed the afore-mentioned Notice with the Clerk of the Court on 11 January 2021. Exhibit 1.

3.      After speaking with Court Reporters, Counsel was informed that certain Court Minutes/Transcripts, from certain calendar dates of the case, were sealed.

4.      This Office has attached a release from Defendant Anna Gristina, providing her Defense Attorney, related to this Indictment, with the authority to view, access, or copy any record associated with this case. Exhibit 2.

WHEREFORE, the Defendant respectfully asks this Court to issue an Order directing the Clerk of the Court to provide the Defendant, or the Defendant's Attorney, with an official, properly authenticated, certified copy of the Order, or Orders, sealing any of the transcripts/court minutes/court proceedings related to the following calendar call dates in the Defendant's case: (1) the Court Transcript/Minutes from the proceeding on 16 August 2012, in Part 59, before Judge Juan Merchan -- Court Reporter: M. Postel, (2) the Court Transcript/Minutes from the proceeding on 25 September 2012, in Part 59, before Judge Juan Merchan – Court Reporter: Ms. Linda Castellano, (3) the Court Transcript/Minutes from the proceeding on 20 November 2012, in Part 59, before Judge Juan Merchan – Court Reporter: S. Irving, (4) the Court Transcript/Minutes from the proceeding on 5 December 2012, in Part 59, before Judge Juan Merchan – Court Reporter: Ms. Wesley, (5) any or records, transcripts, court documents, or court records related to the above captioned indictment, and (6) the Defense asks that the Court grant any other relief – related to the issue raised in this motion – that the Court deems just,

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

4

A0231

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59
-----------------------------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK,

                            Plaintiff

              v.                          **MOTION TO FOR SEALING ORDER**
                                          Indictment No. 00751-2012

       ANNA GRISTINA
                            Defendant
-----------------------------------------------------------------------

I.     A Criminal Defendant's Attorney, and the Criminal Defendant, Have a Right To Have
       Access To Any Court Document, or Court Record, Associated With The Defendant's
       Case.

       A Criminal Defendant, or a Criminal Defendant's Attorney, has a right to view, or copy,

any Court Document, or Court Record – associated with the Criminal Defendant's Criminal

Case – in order to put on a defense, to take legal action with regard to the Defendant's case, or to

counsel the Defendant about prospective legal matters. U.S. CONST. amend. VI; N.Y. CONST.

art. I, § 6.

       WHEREFORE, the Defendant respectfully asks this Court to issue an Order directing the

Clerk of the Court to provide the Defendant, or the Defendant's Attorney with an official,

properly authenticated, certified copy of the Order, or Orders, sealing any of the transcripts/court

minutes/court proceedings related to the following calendar calls in the Defendant's case: (1) the

Court Transcript/Minutes from the proceeding on 16 August 2012, in Part 59, before Judge Juan

Merchan -- Court Reporter: M. Postel, (2) the Court Transcript/Minutes from the proceeding on

25 September 2012, in Part 59, before Judge Juan Merchan – Court Reporter: Ms. Linda

Castellano, (3) the Court Transcript/Minutes from the proceeding on 20 November 2012, in Part

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office. MAY 0 5 2021

A024
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Case 1:21-cv-08608-PAC Document 1-1 Filed 10/20/21 Page 17 of 110

59, before Judge Juan Merchan – Court Reporter: S. Irving, (4) the Court Transcript/Minutes from the proceeding on 5 December 2012, in Part 59, before Judge Juan Merchan – Court Reporter: Ms. Wesley, (5) any or records, transcripts, court documents, or court records related to the above captioned indictment, and (6) the Defense asks that the Court grant any other relief – related to the issue raised in this motion – that the Court deems just, equitable, and proper.

DATE:          14 January 2021
               Bronx, New York


                              Respectfully submitted,

                              *Lawrence P LaBrew*
                              _____

                              Lawrence P. LaBrew, Esq.
                              Attorney and Counselor-at-Law
                              Attorney for Defendant Anna Gristina

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

A025   County Clerk and Clerk of the
       Supreme Court New York County
       OFFICIAL USE

# EXHIBIT 1: NOTICE OF APPEARANCE

DATE

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

A026

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY: CRIMINAL TERM PART 59
--------------------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK,

               Plaintiff

                             **NOTICE OF APPEARANCE**
                v.                Indictment Number 00751-2012

     ANNA GRISTINA
                        Defendant
--------------------------------------------------------------

    **PLEASE TAKE NOTICE**, that Lawrence P. LaBrew, Esq., of the Law Office of

Lawrence LaBrew, has been retained as the attorney for Defendant ANNA GRISTINA in the

above titled action. Counsel is available to conduct proceeding via TEAMS or SKYPE at the e-

mail address below.

DATE:       11 January 2021
           New York, New York

                                  Respectfully,

                               *Lawrence P LaBrew*

                              ————————————————
                              Lawrence P. LaBrew, Esq. Attorney
                              for Defendant Anna Gristina
                              Law Office of Lawrence LaBrew
                              30 Wall Street 8th Floor
                              New York NY 10005-2205
                              Cell:   (917) 280-6239
                              Tel:    (212) 385–7500
                              Fax:   (212) 385-7501
                              e-mail: labrewlaw@gmail.com

**DATE**
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

A027

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

# EXHIBIT 2: RELEASE

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office

MAY 0 5 2021

A028

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS

I, Anna Gristina, hereby swear under the penalty of perjury that the following statements are true. I, Ms. Anna Gristina, Date of Birth ████████, SSN# ████████, hereby designate my attorney, Lawrence P. LaBrew, Esq. (Attorney Registration Number 3064896), of the Law Office of Lawrence LaBrew, as my agent to whom records can be made available involving the criminal action, *The People of the State of New York v. Anna Gristina*, New York County Indictment Number 00751-2012. The afore-mentioned case was pending in the Supreme Court of the State of New York, New York County: Criminal Term. I was the Defendant in the aforementioned case. All courts records, transcripts, court minutes, or any other records relating to Indictment Number 00751-2012, are to be unsealed, and made available to my attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew, 30 Wall Street, 8th Floor, New York, New York 10005. The records are to be made available for review or copying if he so requires.

The records to be made available — to the person designated above — consist of the following document(s): All courts records, transcripts, court minutes, or any other records relating to Indictment Number 00751-2012, that were sealed pursuant to any statute under New York State Law, or sealed pursuant to any statute under Federal Law; and, any courts records, transcripts, court minutes, or any other records that were sealed *sua sponte* by any Court, by any New York State Supreme Court Justice, by any New York City Criminal Court Judge, or any records sealed pursuant to any Court Rule, Federal or State Statute, or any Municipal Ordinance, Statute, Rule or Code.

Please provide my agent, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew with an official, authenticated copy of any of the afore-mentioned documents — upon request by my agent and attorney: Lawrence P. LaBrew, Esq. — related to New York County Indictment Number 00751-2012. N.Y. C.P.L.R. 4518, N.Y. C.P.L.R. 4520, N.Y. C.P.L.R. 4540, N.Y. EXEC. LAW § 135, and N.Y. PUB. OFF. LAW §§ 84, 89.

_____
Ms. Anna Gristina

STATE OF NEW YORK )
                  : SS.:
COUNTY OF ORANGE  )

On the 11th day of January, 2021, before me personally appeared ANNA GRISTINA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**DATE**
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 0 5 2021

_____
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

LAWRENCE P. LABREW
Notary Public, State of New York
No. 02LA6121533
Qualified in Bronx County
Commission Expires 1-18-2021

A013

A029

11 of 11

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59

**Part 59**
**02/16/21**

---------------------------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff

v.                          **AFFIDAVIT OF SERVICE**
Indictment No. 00751-2012

ANNA GRISTINA

Defendant

---------------------------------------------------------------------

I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do

hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following

facts are true:

1. I am not a party to the action, and I am over 18 years of age. My office is located at 30

   Wall Street 8th Floor, New York, New York 10005.

2. I am the attorney for Defendant Anna Gristina.

3. On 14 January 2021, at 6:38p.m., I served the Defendant's Letter to the Court, dated 14

   January 2021 -- regarding access to transcripts regarding the Defendant's above-captioned

   case – on the New York County District Attorney's Office. A true copy of the above-

   referenced document was e-mailed to the e-mail address designated for service by the

   New York County District Attorney's Office.

4. All parties have consented to service by e-mail. A true copy of the above-referenced

   document was e-mailed to the New York County District Attorney's Office at the

DATE  MAY 0 5 2021
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

A038
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Page 1 of 2

following e-mail addresses:

a.    ADA David Young, New York County District Attorney's Office, 1 Hogan Place,

      New York, New York 10013-4311, youngd@dany.nyc.gov.

b.    ADA R. Badagliacco, New York County District Attorney's Office, 1 Hogan

      Place, New York, New York 10013-4311, BADAGLIACCOR@dany.nyc.gov.

c.    New York County District Attorney's Office, 1 Hogan Place, New York, New

      York 10013-4311, casetrack@dany.nyc.gov.

DATE:        14 January 2021
             Bronx, New York

                            Respectfully,

                            *Lawrence P LaBrew*
                            _____
                            Lawrence P. LaBrew, Esq.
                            Attorney & Counselor-at-Law
                            Law Office of Lawrence LaBrew
                            Attorney for Defendant Anna Gristina
                            30 Wall Street FL 8
                            New York, New York 10005
                            Tel: (212) 385-7500
                            Fax: (212) 385-7501
                            Cell: (917) 280-6239
                            E-mail: labrewlaw@gmail.com

Page 2 of 2

MAY 0 5 2021
DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

A031
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

2 of 2

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 6 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59
-----------------------------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK,

                                    Plaintiff

                    v.                          **AFFIDAVIT PURSUANT TO NEW**
                                                **YORK RULE OF PROFESSIONAL**
                                                **CONDUCT Rule 8.3 (a) (1)**
                                                Indictment No. 00751-2012

        ANNA GRISTINA
                                    Defendant
-----------------------------------------------------------------------

I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do hereby

swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following facts are

true:

1.      I am the attorney for Defendant Anna Gristina.

2.      The Defendant, and her Counsel, have been trying to obtain Court Minutes related to the

        above-captioned case. The Defendant was indicted, with Defendant Jaynie Baker, and

        charged with Promoting Prosecution in the Third Degree (N.Y. PENAL LAW §

        230.25-1). A true copy of the Indictment is attached as Exhibit 1.

3.      This affidavit is being submitted pursuant to Defense Counsel's ethical obligations under

        N.Y. RULE OF PROFESSIONAL CONDUCT Rule 8.3 (a) (1) ("A lawyer who knows

        that another lawyer has committed a violation of the Rules of Professional Conduct that

        raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a

        lawyer shall report such knowledge to a tribunal or other authority empowered to

        investigate or act upon such violation.").

4.      This obligation to report is predicated upon N.Y. RULE OF PROFESSIONAL

                                    Page 1 of 4

                                                                    A032

CONDUCT Rule 3.3 (a) (1) ("A lawyer shall not *knowingly* make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."). *See also* N.Y. RULE OF PROFESSIONAL CONDUCT Rule 4.1 ("In the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law to a third person."); N.Y. RULE OF PROFESSIONAL CONDUCT Rule 8.4 (c) ("A lawyer or law firm shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation")

5.  Pursuant to N.Y. JUD. LAW § 300, the Defendant and her Counsel have been denied access to Court Minutes relating to proceeding involving the Defendant. The Defendant is prepared to pay the cost for the court minutes.

6.  In an e-mail to Judge Merchan's Court Attorney, Ms. Pamela Faison, New York County Assistant District Attorney Julio Cuevas, Jr. made the following statement: "We received the minutes for 8/16/12 and 11/20/12, and forwarded them to the court as requested. The minutes for 11/20/12 are not sealed and deal with Gristina's sentencing. The minutes for 8/16/12 are sealed and cover a court appearance by the co-defendant. Gristina's case was not called." *See* Exhibit 2 (e-mail from ADA Cuevas to Ms. Pamela Faison, and Counsel for Ms. Anna Gristina).

7.  Upon information ands belief, that being Defendant Anna Gristina, she was in court on 16 August 2012. Upon information and belief, that being Defendant Anna Gristina, the Court made ruling(s) on Defendant's Gristina's pending motion(s) on 16 August 2012, and then adjourned the case for trial. Newspaper accounts from the following five media outlets verify Defendant Gristina's version of the facts: (1) the New York Post, (2) the

Page 2 of 4

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 6 2021

A033 *Milton Adam Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

New York Daily News, (3) NBC New York, (4) Rueters, and (5) Newsday. The newspaper articles are attached as Exhibit 3.

8.    The following attached links demonstrate that the above-referenced statements of the Assistant District Attorney are false:

https://nypost.com/2012/08/16/judge-denies-manhattan-madams-request-to-have-charges-thrown-out/

https://www.nbcnewyork.com/news/local/manhattan-madam-anna-gristina-court/1954492/

https://www.reuters.com/article/us-usa-crime-madam/new-york-soccer-mom-madam-trial-set-for-october-idUSBRE87F13G20120816

https://www.newsday.com/news/new-york/anna-gristina-to-face-trial-oct-15-likely-without-alleged-sidekick-1.3909520

https://www.nydailynews.com/new-york/lawyer-anna-gristina-accused-soccer-mom-madam-ready-fight-co-defendant-jaynie-mae-baker-testifies-article-1.1137441

9.    The United States Supreme Court stated the standard for Prosecutors in 1935 in the case of *Berger v. United States*, 295 U.S. 78, 84–88, 55 S. Ct. 629, 631–33 (1935):

> That the United States prosecuting attorney overstepped the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense is clearly shown by the record. He was guilty of misstating the facts in his cross-examination of witnesses; of putting into the mouths of such witnesses things which they had not said; of suggesting by his questions that statements had been made to him personally out of court, in respect of which no proof was offered; of pretending to understand that a witness had said something which he had not said and persistently cross-examining the witness upon that basis; of assuming prejudicial facts not in evidence; of bullying and arguing with witnesses; and, in general, of conducting himself in a thoroughly indecorous and improper manner. . . . . The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the

Page 3 of 4

DATE          MAY 0 6 2021
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.
                                                    A034

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

10.   That ethical standard has not changed for Prosecutors or Attorneys; because, the duty of candor is vital and fundamental to the adversary system. As the Second Circuit said *In re Gordon*, 780 F.3d 156 (2d Cir. 2015) (per curiam), "the duty of candor is so basic, and so important to proceedings before the Court … that the possibility of suspension should be considered in every case involving violation of that duty." *See also In re Hochbaum*, 649 Fed. Appx. 80 (2d Cir. 2016) (publicly reprimanding lawyer who (among other things) "demonstrated a lack of full candor in two district court cases and in the Committee's proceedings"), and *In re WinNet R CJSC*, 2017 WL 1373918 (S.D.N.Y. April 13, 2017) (Denise Cote, J.) ("An attorney's duty of candor is so fundamental that a violation of that duty may lead to suspension").

WHEREFORE – pursuant to  N.Y. RULE OF PROFESSIONAL CONDUCT Rule 8.3 (a) (1) – Defense Counsel is reporting the above information to the Tribunal.

DATE:         1 March 2021
                    Bronx, New York

Respectfully,

*Lawrence P LaBrew*

Lawrence P. LaBrew, Esq.
Attorney & Counselor-at-Law
30 Wall Street FL 8
New York, New York 10005
Tel: (212) 385-7500
E-mail: labrewlaw@gmail.com

Page 4 of  4

DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 0 6 2021

A035

Milton Adam Tingling

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

# EXHIBIT 1

DATE

MAY 0 6 2021

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

A036

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANNA GRISTINA,
JAYNIE BAKER,

                              Defendants.

---------------------------------------

       THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the

defendants ANNA GRISTINA and JAYNIE BAKER of the crime of **PROMOTING**

**PROSTITUTION IN THE THIRD DEGREE**, in violation of Penal Law §230.25(1), committed

as follows:

       The defendants in the County of New York, during the period from on or about July 18,

2011 to on or about July 27, 2011, knowingly advanced and profited from prostitution by managing,

supervising, controlling, and owning, either alone or in association with others, a prostitution

business and enterprise involving prostitution activity by two or more prostitutes.

                                        CYRUS R. VANCE, JR.
                                        District Attorney

DATE
MAY 0 6 2021
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

# EXHIBIT 2

DATE

MAY 0 6 2021

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A038

 Gmail

Lawrence LaBrew <labrewlaw@gmail.com>

---

## People v. Gristina

---

**Cuevas Jr., Julio <CUEVASJ@dany.nyc.gov>**                    Mon, Mar 1, 2021 at 4:42 PM
To: Pamela Faison <pfaison@nycourts.gov>, Lawrence LaBrew <labrewlaw@gmail.com>

Good afternoon,

We are still waiting for the minutes related to 9/25/12 and 12/5/12.

We were informed that Ms. Castellano, who was the reporter for 9/25, is no longer employed.  As a result, they need to go through her stored files to locate and transcribe the minutes, which they say will take longer than usual.  I've called the reporter for the December date, Ms. Sheila Wesley, several times for an update, but have not received a return call.

We received the minutes for 8/16/12 and 11/20/12, and forwarded them to the court as requested.  The minutes for 11/20/12 are not sealed and deal with Gristina's sentencing.  The minutes for 8/16/12 are sealed and cover a court appearance by the co-defendant.  Gristina's case was not called.

Have a good evening.

ADA Julio Cuevas, Jr.

Deputy Chief

Police Accountability Unit

New York County District Attorney's Office

One Hogan Place, Rm 756

New York, NY 10013

(212) 335-9098

[Quoted text hidden]

DATE   MAY 0 6 2021
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

This email communication and any files transmitted with it contain privileged and confidential information from the New York County District Attorney's Office and are intended solely for the use of the individuals or entity to whom it has been addressed. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please delete it and notify the sender by return email.

A039

# EXHIBIT 3

DATE

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 6 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A040

Discover Thomson Reuters ⋯

 **REUTERS**    World    Business    Markets    Breakingviews    Video    More    🌐    🔍

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 06 2021

 

County Clerk and Clerk of the
Supreme Court New York County

U.S. NEWS    AUGUST 16, 2012 / 2:25 PM / UPDATED 9 YEARS AGO

# New York "Soccer Mom Madam" trial set for October

By Reuters Staff    3 MIN READ    f    𝕏

NEW YORK (Reuters) - Accused Manhattan madam Anna Gristina will face trial October 15 after a New York judge refused on Thursday to throw out the prostitution charge against her - and it appears she will stand trial alone.



A041

Accused Upper East Side Madam Anna Gristina leaves Manhattan Supreme Court with son Nicholas Gorr in New York August 16, 2012. Gristina, a suburban mother of four, who prosecutors say ran a highly profitable brothel out of a Manhattan apartment, will appear in court October 15, 2012. REUTERS/Andrew Kelly

Gristina's co-defendant, Jaynie Mae Baker, did not appear in Manhattan state Supreme Court alongside Gristina as originally scheduled. This week the New York Post and other local media reported Baker had reached a plea deal with prosecutors in exchange for her testimony.

Baker's attorney did not immediately return calls for comment.

"I believe there was one (a plea deal) because she's not here today," Gristina's lawyer, Norman Pattis, said after the court session. "I'm preparing my cross-examination ... . I'm unaware of any evidence that she has that hurts my client."

The case has made headlines in New York's tabloid press, which has dubbed the 44-year-old suburban mother of four the "Soccer Mom Madam" and the "Hockey Mom Madam."

Pattis, the ninth defense lawyer to appear in connection with the case, said Gristina would not consider a plea deal because of the risk that she could be deported to her native Scotland for admitting to a crime of moral turpitude.

"Ms. Gristina is going to trial," he said.

Gristina faces one felony count of promoting prostitution after prosecutors have described as a five-year investigation involving wiretaps and surveillance. They have accused Gristina of operating a high-end brothel out of a Manhattan apartment.

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 06 2021

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

A042

She denies the allegations, saying she was running a dating service.

Gristina was released on bail in June after four months in jail, after an appeals court ruled that her bail was too high. She is wearing an electronic monitor while at home in upstate New York.

Baker was indicted on the same charge.

At Gristina's court appearance, Acting Manhattan Supreme Court Justice Juan Merchan denied her motion to dismiss the case, as expected.

She was accompanied by family members, including her husband and three of her children, and left court in a black car as photographers swarmed around her.

Reporting by Joseph Ax; Editing by Dan Burns and Xavier Briand

*Our Standards: The Thomson Reuters Trust Principles.*

Apps   Newsletters   Advertise with Us   Advertising Guidelines   Cookies   Terms of Use
Privacy   Do Not Sell My Personal Information

f   🐦

All quotes delayed a minimum of 15 minutes. See here for a complete list of exchanges and delays.

© 2021 Reuters. All Rights Reserved.

DATE MAY 0 6 2021
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

*Milton Adam Tingling*
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A043

3 of 3

9/21/2021, 9:05 PM

# NEWS / NEW YORK
## Anna Gristin[a] ...hout alleged sidekick





We'd like to send you some notifications

Notifications can be turned off anytime from browser settings

Dismiss    Allow

...criminal ...g. 16,



2012) Credit: Charles Eckert



**By AMNY/REUTERS**
*August 16, 2012 3:39 PM*

Alleged "Soccer Mom Madam" Anna Gristina will go to trial on Oct. 15 after a Manhattan judge on Thursday refused to throw out the prostitution charge against her.

Gristina's co-defendant and alleged partner, Jaynie Mae Baker, wasn't in Manhattan state Supreme Court alongside Gristina as originally scheduled after Baker likely struck a deal with prosecutors earlier this week that will keep her out of jail.

**Cookies**                                                 **Cookies Settings**

By continuing to use our site, you agree to our  Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy.

DATE          MAY 0 6 2021
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE
A044

Anna Gristina to face trial Oct. 15, likely without alleged sidekick ...    https://www.newsday.com/news/new-york/anna-gristina-to-face-tri...

attorney didn't return r



We'd like to send you some
notifications

Notifications can be turned off anytime
from browser settings

Dismiss    Allow

## Sign up to get t

Get Newsday's Brea

Email address    **Sign up**

By clicking Sign up, you agree to our privacy policy.

## Didn't find what you were looking for?

search newsday.com    🔍

## Cookies    Cookies Settings



DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

✕    By continuing to use our site, you agree to our **Terms of Service** and Privacy
Policy. You can learn more about how we use cookies by reviewing our
**Privacy Policy**.

*Milton Adeus Tingling*
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A045

3/1/2021, 9:06 PM

40°

TRENDING    Get Help    Tri-State Case Count    COVID-19    Vaccine Site Finder & FAQ    JJ...

# Judge Denies Alleged Madam's Bid to Toss Case

Prosecutors say Anna Gristina peddled prostitutes for 15 years and claimed law-enforcement connections

By Jennifer Peltz • Published August 16, 2012 • Updated on August 16, 2012 at 1:46 pm

A suburban mother of four charged with running an upscale, urbane escort service is headed for trial after a judge declined Thursday to throw out the case.

The judge set an Oct. 15 trial date in Anna Gristina's case, which has been spiced with prosecutors' claims that she had a roster of wealthy, well-placed clients and boasted of law-enforcement connections during 15 years in a business that made her millions. She says she was merely starting a dating service.

She is charged only with a single count of promoting prostitution, stemming from a July 2011 tryst she allegedly arranged involving two women and an undercover officer posing as a client. While prosecutors said they may seek to bring up other allegations, the judge warned that the trial wouldn't become a sprawling airing of prosecutors' 5-year-long investigation.

## Local



**2 HOURS AGO**
New Jersey Schools Must Teach Diversity, Inclusion Under New Law



**8 HOURS AGO**
Hilaria and Alec Baldwin Quietly Welcome Baby No. 6

DATE MAY 0 6 2021
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE
A046

1 of 5

3/1/2021, 9:03 PM

"This is a very narrow issue, and we're going to keep this trial very focused. I'm not going to just allow this thing to get out of hand," Manhattan state Supreme Court Justice Juan Merchan said.



**1:31**

## Accused Manhattan Madam Free on Bond

Released on $250,000 bond late in June after four months behind bars, a composed, cheerful-looking Gristina arrived with her husband and three of her four children for a court date that came days after news that an alleged accomplice has struck a deal with prosecutors.

Co-defendant Jaynie Baker, a former matchmaking recruiter charged with helping Gristina peddle prostitutes, has reached a deal to resolve her case, a person familiar with the case said earlier this week, speaking on condition of anonymity because the agreement has not been aired in court. Baker wasn't in court Thursday and isn't due back until Oct. 2.

DATE MAY 0 6 2021
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

A047

Case 1:21-cv-08608-PAC Document 1-1 Filed 10/20/21 Page 40 of 110



0:60
## RAW: Accused Madam Walks Out of Court, Free on Bond

The Manhattan district attorney's office and Baker's lawyer, Robert Gottlieb, have declined to comment on the development.

Asked outside court whether she was concerned about Baker potentially testifying against her, Gristina said she wasn't. Her lawyer, Norman Pattis, says he doesn't believe Baker has any harmful information.

MAY 0 6 2021
DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

_Milton Adair Tingling_
County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

A048
3/1/2021, 9:03 PM

Case 1:21-cv-08608-PAC   Document 14-102   Filed 10/20/21   Page 41 of 110



DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 6 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE



1:31

## Accused Manhattan Madam Changes Bond Plan

Gristina was arrested Feb. 22 as she left a friend's Morgan Stanley office after a fundraising meeting for her business, prosecutors say.

In trying to get the case dismissed, Pattis wrote that the DA's office "vindictively prosecuted her as a result of her failure to cooperate with investigators" during what he called an illegal interrogation.

Gristina said in court papers that investigators shrugged off her requests for a lawyer and told her they'd let her go if she gave them information about five men — not named in her filings, but described as a financier, an international banker and a member of a politically connected family, among others.

The DA's office countered in court papers that Gristina "has not produced a shred of evidence of actual vindictiveness."

**Weather Forecast**
NEW YORK, NY

A grand jury deci ' ' ' ere was enough evidence to indict Gristina before her arrest, undermining her ﾗﾟent tha    vas prosecuted because she didn't ﾟperat   Assistant District Attorneys Elizabeth Roper and Charles Linehan wrote in a July filing.

TONIGHT

**40°**

**24°**

Partly Cloudy/Wind
0.19% Precip

TOMORROW

The judge's ruling didn't address the way Gristina was questioned, saying simply that there was adequate evidence for the case to go forward.

## Subscribe to our Newsletters

Sign up to receive breaking news alerts in your inbox.

*Get the latest from NBC 4 New York anytime, anywhere. Follow us on Twitter, Facebook and Google+. Sign up for email newsletters here. Get breaking news delivered right to your phone --*

Enter your email

*rates may apply.*
PRIVACY POLICY

Copyright AP - Associated Press

**4** NEW YOR 0

SUBMIT TIPS                          Terms of Service
                                     FCC Applications
NEWSLETTERS                          Privacy Policy
                                     Do Not Sell My Personal Information
                                     Send Feedback
CONNECT WITH US                      WNBC Employment Information
                                     WNBC Public Inspection File
                                     CA Notice
COMMUNITY                            AdChoices

Copyright © 2021 NBCUniversal Media, LLC. All rights reserved

MAY 0 6 2021

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

*Milton Adair Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A050
3/1/2021, 9:03 PM



**$1 FOR 12 WEEKS**
OFFER ENDS SOON

LOG IN

Teacher masturbating in Zoom classroom thought he 'was logged out when class was...



Commander of city's largest police precinct to be transferred in wake of...



Ex-con sh[...] three me[...] shooting fourth



ADVERTISEMENT

NEW YORK

# Lawyer for Anna Gristina says accused soccer mom madam is ready for a fight if ex co-defendant Jaynie Mae Baker testifies against her

By JANON FISHER
NEW YORK DAILY NEWS  |  AUG 16, 2012

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 6 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A051

3/1/2021, 8:58 PM



Accused brothel madam Anna Gristina says she's ready for a fight if her alleged partner in crime Jaynie Mae Baker testifies against her in hooker booker scandal. (Jefferson Siegel for New York Daily News)

Accused soccer mom madam <u>Anna Gristina</u> says she's ready for battle if her beautiful ex co-defendant — who's decided to cop a plea — takes the stand against her.

"If she testifies against my client, we'll be ready for her," Gristina's lawyer, Norman Pattis, said Wednesday.

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 6 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A052

3/1/2021, 8:58 PM

Lawyer for Anna Gristina says accused soccer mom madam is read...    https://www.nydailynews.com/new-york/lawyer-anna-gristina-acc...

ADVERTISEMENT



DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 6 2021

*Milton Alden Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Gristina is due back in court Thursday for the first time since she was sprung from
Rikers Island in June after four months in lockup.



Jaynie Mae Baker took a plea deal knocking her felony charge to a slap on the wrist. (Marc A. Hermann for New
York Daily News)

Her alleged partner in crime, Jaynie Mae Baker, 30, who prosecutors say helped book high-rolling clients, won't be there. She's accepted a plea deal that could knock her felony charge down to the equivalent of a jaywalking ticket, sources said.

"That suggests she cut a deal," Pattis said.

## MOST READ                                                                    >

**Teacher masturbating in Zoom classroom thought he 'was logged out when class was over'**

FEB 25, 2021

**Commander of city's largest police precinct to be transferred in wake of community backlash**

30m

**Ex-con shook hands with three men in Queens before shooting fourth dead, prosecutors say**

23m

ADVERTISEMENT

DATE     MAY 06 2021
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

*Milton Adair Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A054

3/1/2021, 8:58 PM

## CONNECT

   

## TRIBUNE PUBLISHING

Chicago Tribune

Orlando Sentinel

The Morning Call of Pa.

Daily Press of Va.

The Daily Meal

The Baltimore Sun

Sun Sentinel of Fla.

Hartford Courant

The Virginian-Pilot

BestReviews

## COMPANY INFO

Careers

Help Center

Manage Web Notifications

Place an Ad

Media Kit

Privacy Policy

Terms of Service

Contact Us

Site Map

Manage Subscription

Contests

Special Sections

The Active Times

About Us

Copyright © 2021, New York Daily News

MAY 0 6 2021

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

Milton Adan Tingling

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A055

BREAKING NEWS  Andrew Cuomo



Get notifications from The New York Post

Click 'Sign Up' then 'Allow'

Dismiss 

METRO

# Judge denies Manhattan 'madam's' request to have charges thrown out

By Laura Italiano

August 16, 2012 | 12:55pm

DATE  MAY 0 6 2021
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

*Milton Adam Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A056



Anna Gristina
REUTERS

Accused Hockey Mom Madam Anna Gristina got some bad news in a Manhattan courtroom this morning — as a judge denied her request to toss the charges for what she'd claimed was insufficient evidence and "egregious prosecutorial conduct."

But Manhattan Supreme Court Justice Juan Merchan gave Gristina good news as well — by signaling that her October trial will be limited to a single promoting prostitution charge tried over the course of a single week.

"This is a very narrow issue," the judge warned prosecutors, who said today that they may want to introduce wiretaps and witness testimony showing that Gristina was running a business extending beyond the single, undercover-sting-based count of money for sex currently alleged.

"This is going to be a very short case," the judge warned. "I'm not going to allow this to just get out of hand," he said.

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.
DATED MAY 0 6 2021

A057

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

8/15/2021, 9:01 PM

Gristina came to Manhattan Supreme Cou[...]                                     lacks and a filmy off-white blouse. Her
husband Kelvin Gorr, her teenaged son St[...]                                   n Nick were at her side.

Merchan set Oct. 15 as a trial date, but lat[...]                               2 so he could preside over a murder trial
the following week.

In denying the defense motion to dismiss [...]                                  he judge did not elaborate, except to say
in his written decision that the grand jury presentation of Feb. 1 and 2 was "legally and procedurally sufficient."

Gristina is looking forward to trial, her lawyer, Norm Pattis, told reporters after the proceeding.

"My client is not guilty and I intend to show the jury why," he said.

"I'd like the state to drop the charges," Pattis added.

"Is Cy Vance the legendary prosecutor with a heart of gold? Let's find out," he quipped.

"She is not guilty, but even if she were convicted she has done her time. She has done four months," he added[...]
Do we really, really want to deprive a child of his mother?"

"She may have to," he said when asked if Gristina will testify.

"It was not devastating at all" for Gristina to hear that her co-defendant and accused partner madam, Jaynie Mae Baker, agreed this week to
cut a cooperation plea deal with prosecutors, the lawyer said.

Baker has no information detrimental to Gristina's case, he said.

The accused million-dollar madam's trial will be on a single count of promoting prostitution, the judge warned today, telling prosecutors that
the case would be "limited" to that lone charge.

Lead prosecutor Charles Linehan had told the judge today that he may seek to introduce testimony and wiretap evidence "about other
incidents not covered in the instant indictment."

Pattis countered that he needs as many advance details as possible of any such evidence, so that he can fight its admissibility and prepare
to rebut it if necessary. The judge set Aug. 30 as the deadline for prosecutors to inform the judge and the defense of what additional
evidence they'll attempt to introduce at trial.

Gristina, 43, is the only one of five defendants in the five-year escort ring investigation who has steadfastly refused to squeal in the case.

Gristina's long-time friend and alleged money-launderer, Jonas Gayer, two of her alleged $2,000-an-hour hookers, and now Baker, have all
flipped against her, according to multiple sources and court records.

But Gristina — who insists she merely ran a matchmaking service for wealthy men — says she will not cooperate against her high-powered,
typically married clients, or anyone else associated with her business.

This despite the efforts of prosecutors with the Manhattan DA's official corruption unit, who she says have leaned on her repeatedly since
pulling her screaming off a Midtown street in February, even as she sat in jail for four months, unable to post a $2 million bail bond.

Baker is pursuing a plea deal that will not result in jail time, according to sources familiar with the negotiations. Gristina, a mother of four,
including a 9-year-old son, is risking a maximum of four years prison.

Prosecutors have said Gristina's ring made millions over the course of 15 years operation, and operated with the help of her wealthy
clientele and law-enforcement pals.

These pals were "poised to help her out, to let her know if there is trouble on the front that she needs to be concerned about, particularly
back during the Eliot Spitzer investigation," assistant district attorney Charles Linehan has said, in reference to the former love gov's 2008
hooker scandal.

No high-placed pals have been identified or arrested over the course of the more than five-year probe.

Get notifications from The New York Post

Click 'Sign Up' then 'Allow'

Dismiss

DATE MAY 0 6 2021
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court, New York County
OFFICIAL USE

A058

Case 1:21-cv-08608-PAC   Document 11-4   Filed 09/20/21   Page 52 of 110

https://nypost.com/2012/08/16/judge-denies-manhattan-madams-r...



**Get notifications from The New York Post**

Click 'Sign Up' then 'Allow'

Dismiss

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 6 2021

Milton Adair Tingling

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A059

3/1/2021, 9:01 PM

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59
-------------------------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK,

                        Plaintiff


        v.                          **AFFIDAVIT OF SERVICE**
                                    Indictment No. 00751-2012


        ANNA GRISTINA

                        Defendant


-------------------------------------------------------------------

        I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do

hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following

facts are true:

1.      I am not a party to the action, and I am over 18 years of age. My office is located at 30

        Wall Street 8th Floor, New York, New York 10005.

2.      I am the attorney for Defendant Anna Gristina.

3.      On 1 March 2021, at 11:03 p.m., I served the an Affidavit Pursuant to New York Rule of

        Professional Conduct Rule 8.3 (a) (1), on the New York County Office of the District

        Attorney. A true copy of the afore-mentioned document was e-mailed to ADA Julio

        Cuevas, and the above-referenced document was also e-mailed to the address designated

        for service by the New York County District Attorney's Office.

4.      All parties have consented to service by e-mail. A true copy of the above-referenced

        document was e-mailed to the New York County District Attorney's Office at the

                                                DATE
                                    I hereby certify that the foregoing
                                    paper is a true copy of the original
                Page 1 of 2        thereof, filed in my office.

                                                    MAY 0 6 2021

                                    *Milton Adam Tingling*
                                    County Clerk and Clerk of the          A060
                                    Supreme Court New York County
                                          OFFICIAL USE

following e-mail addresses:

a.  New York County District Attorney's Office, 1 Hogan Place, New York, New

York 10013-4311, casetrack@dany.nyc.gov, and CuevasJ@dany.nyc.gov.

DATE:       1 March 2021
            Bronx, New York

                                        Respectfully,

                                        *Lawrence P LaBrew*

                                        _____
                                        Lawrence P. LaBrew, Esq.
                                        Attorney & Counselor-at-Law
                                        Law Office of Lawrence LaBrew
                                        Attorney for Defendant Anna Gristina
                                        30 Wall Street FL 8
                                        New York, New York 10005
                                        Tel: (212) 385-7500
                                        Fax: (212) 385-7501
                                        Cell: (917) 280-6239
                                        E-mail: labrewlaw@gmail.com

DATE
MAY 06 2021
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE
A061

```
 1    SUPREME COURT OF THE STATE OF NEW YORK
      COUNTY OF NEW YORK:       PART 59
 2    -----------------------------------X
      THE PEOPLE OF THE STATE OF NEW YORK :  INDICTMENT NO
 3                                            751 - 2012
                                        :
 4
              -against-                 :
 5
      ANNA GRISTINA,                    :
 6                         Defendant.
      -----------------------------------X
 7                         VIRTUAL PROCEEDING
                           March 2, 2021
 8


 9
      H O N O R A B L E:
10
                JUAN MERCHAN, PRESIDING
11
                                  Supreme Court Judge.
12
      A P P E A R A N C E S:
13
                FOR THE PEOPLE:
14
                    OFFICE OF THE DISTRICT ATTORNEY
15                  NEW YORK COUNTY
                    ONE HOGAN PLACE
16                  NEW YORK, NEW YORK 10013
            BY:  JULIO QUEVAS,
17               ASSISTANT DISTRICT ATTORNEY

18
                FOR THE DEFENDANT:
19
                    160 BROADWAY
20                  NEW YORK, NEW YORK 10038
            BY:  LAWRENCE LABREW, ESQ.
21

22

23                              SENIOR COURT REPORTER
                                  DENISE JOHNSON
24

25
```

PROCEEDINGS

1              COURT CLERK:  This is from the 59 calendar, Anna
2       Gristina, 751 of 2012.
3              Your appearances.
4              MR. LABREW:  Lawrence LaBrew for Ms. Anna
5       Gristina.
6              MR. QUEVAS:  Julio Quevas for the People.  Good
7       afternoon, Your Honor.
8              THE COURT:  Good afternoon, everyone.  I don't
9       see Ms. Gristina on my screen but good afternoon,
10      Ms. Gristina.  I hope you are doing well.
11             THE DEFENDANT:  Good afternoon, Mr. Merchan.
12      Nice to see you again.
13             THE COURT:  Thank you.  Nice to see you too.
14             Mr. LaBrew, I saw a bit of the motion that I
15      believe you filed either late last night or this morning.
16      I read it very briefly because I had my calendar today, so
17      to devote much time to it in the short notice that I had.
18      I understand that it's your position that ADA Quevas has
19      somehow committed some sort of an offense requiring that
20      it be reported.
21             MR. LABREW:  No, that's not my position, Your
22      Honor.
23             THE COURT:  Okay.  Tell me what it is.
24             MR. LABREW:  My position is that he said
25      Ms. Gristina wasn't there.  Ms. Gristina was there.  He

PROCEEDINGS

1      probably didn't know all the facts.

2           He sent out an email to me saying that was the

3      information that he had got from a court reporter and that

4      the information that he had was that she did not appear.

5      So, that information he relayed to me this morning.  All I

6      did was report what he responded to me and said that none

7      of this was knowingly.  Based on information he had,

8      that's what he told me.

9           So, apparently he doesn't have firsthand

10     knowledge of what happened on that particular date and

11     time in question.  Obviously somebody from the prosecution

12     appeared there, you know, so, you know, I had an

13     obligation to bring it up.  I didn't accuse him of

14     nothing.  I'm just saying that statement is false and

15     inaccurate.

16          THE COURT:  Who did you report it to?

17          MR. LABREW:  Well, the rules say I had to let

18     you know.  I just let you know.  He explained it.  He came

19     out in an email and said that, you know, essentially, and

20     he can verify this, that he had no firsthand knowledge of

21     that court date and that the information he had from the

22     court reporter was that Ms. Anna Gristina did not appear

23     in court on that day or something to the effect that the

24     court reporter told him that she did not have any minutes

25     showing that Anna Gristina appeared on that day.  That

4

PROCEEDINGS

1        pretty much rectifies the discrepancy.

2                THE COURT:  Since it's been resolved, let's move

3        on.  In the future, Mr. LaBrew -- I can imagine you put a

4        lot of time and effort into putting that together.  It was

5        countless pages -- it might just be easier if you pickup

6        the phone or wait until our conference and discuss it.  It

7        would have saved you a lot of time and effort.

8                In any event, here we are.  You say he does not

9        have firsthand knowledge.  I guess, as a technical matter,

10       we all have firsthand knowledge, but I would be lying to

11       you if I said that I remembered what took place on any

12       given date at any given time.  I just don't.  I would be

13       surprised if Mr. Quevas does or Ms. Gristina.

14               We are all trying to do the best we can here.

15       This was a number of years ago.  Some of the people that

16       worked on this case don't even work anymore, they are

17       gone.  We are doing the best that we can.  Where do we

18       stand at this point on dates that you wanted, the dates

19       that you wanted to see?  Mr. Quevas, where do we stand on

20       those dates.

21               MR. QUEVAS:  Thank you, judge.  The four dates

22       that he requested in his motion were still -- I sent this

23       I believe to Ms. Faison last night.  Two of the dates are

24       still outstanding.  One date the reporter is no longer a

25       reporter.  We were told they have to dig through her files

PROCEEDINGS

1      and try and find the minutes and create them and it's

2      going to take longer than normal.  I don't know what that

3      means.  They were ordered probably close to a month ago.

4              The other date Sheila Wesley is the reporter.

5      She is still in the office.  I reached out to her several

6      times -- I think that's the date from December of 2012 --

7      to find out what is going on with those minutes.  I have

8      not gotten a response.  I still don't know what is

9      happening.  I called her several times.  I keep trying to

10     reach out to her.

11             The other two remaining dates, we did get those

12     minutes, and I sent them to Your Honor as you requested.

13     One of the days is November 20th of 2012.  It wasn't

14     sealed.  I don't know who Mr. LaBrew spoke to or why he

15     couldn't get those minutes on his own.  There is nothing

16     that appears it was sealed.  It was the defendant's

17     sentencing, which she was present at, and there was

18     nothing on the minutes that say they were sealed, and then

19     there is the minutes we received from 8-16, which are

20     sealed, but those deal with the codefendant.

21             MR. LABREW:  I have some information too, Your

22     Honor.  The reporter -- first, Sheila Wesley I have

23     already spoken with her and received the minutes from her.

24             MR. QUEVAS:  Why are we here?

25             MR. LABREW:  Just hear me out.

PROCEEDINGS

1          THE COURT:  What date are we talking about

2     there?

3          MR. LABREW:  Sheila Wesley, that date is not an

4     important date.  I don't have that date in front of me.

5     That's the date when her attorney appeared about a bail

6     situation.  That is not a substantive date.  The dates in

7     question are the dates that was the subject of that memo.

8          Basically here is where we are at,

9     Ms. Castellano retired.  I spoke to Randy Berkowitz, who

10    is the head court reporter, and I spoke with another

11    lady -- I don't have her name in front of me but I have it

12    documented -- about these minutes last year and in

13    January.

14         Ms. Castellano retired.  Her minutes are in

15    storage.  They told me it would take two weeks for them to

16    order it out of storage and they will have somebody else

17    transcribe the minutes.

18         For the minutes that are sealed, Ms. Postel told

19    me those minutes are sealed and that's the minutes that

20    Mr. Quevas made a statement that based upon information

21    and belief, what information he had, that Ms. Gristina

22    didn't appear on that date.  I think that is the 8-16

23    date.  She told me those minutes were sealed.

24         Now, when I spoke with the court reporters back

25    in December or January, they had been in the process of

PROCEEDINGS

1   ordering the minutes for Ms. Castellano because she had

2   retired, okay.  Mr. Berkowitz told me and Ms. Postel told

3   me the minutes are sealed.

4          Here is where we are at.  She is entitled to the

5   minutes and I need the minutes to see what is going on and

6   I have not got the minutes.  Now, the prosecutor has said

7   one appearance was the other defendant and, based on his

8   information, she was not there.  The bottom line is this,

9   they were codefendants in an indictment.  She is entitled

10  to the minutes under Judiciary Law 300.  I haven't got the

11  minutes.

12         This whole -- I do everything in writing.  It's

13  just I have been through so many wars and so many places,

14  I'm just a simple boy from the midwest.  I grew up in

15  Detroit.  I'm in the big city.  I don't take any chances.

16  I do everything in writing even though I have been here

17  about 30 years and got 200 cousins here.  That being said,

18  we have not got the minutes.

19         The prosecutor regarding that statement

20  regarding the minutes on that particular day, a little bit

21  of due diligence, no disrespect intended, would have led

22  him to know that Ms. Gristina was there for the simple

23  fact that the prosecution had to be there.  Where we stand

24  right now is we still don't have the minutes and we are

25  entitled to the minutes.  That's the gist of it regardless

PROCEEDINGS

1    of what the People are doing and who they are contacting.

2              Our issue is this, no disrespect to the People,

3    we don't need the People to contact court reporters to get

4    minutes that we are entitled to and that we are ready to

5    pay for.  Now --

6              MR. QUEVAS:  Correct.

7              MR. LABREW:  -- if the People have some issue

8    with regard to any minutes that they don't want them going

9    through some third party or something like that, they can

10    make an application to limit that in some type of way.

11              The bottom line is Ms. Gristina is entitled to

12    the minutes.  I'm entitled to the minutes because I'm her

13    attorney.  All the documents have been signed, a notice of

14    appearance has been failed, and a waiver has been put in

15    allowing me to get the minutes and I don't have the

16    minutes.

17              MR. QUEVAS:  I want some clarification here.

18    You said you spoke to the reporters and stuff.  Are we

19    only talking about the 8-16 date?

20              MR. LABREW:  No, no.

21              MR. QUEVAS:  Let me finish.

22              MR. LABREW:  Let me clarify for you so we know

23    what we are talking about.

24              THE COURT:  We have a court reporter.  The court

25    reporter is trying to take down everything that is being

PROCEEDINGS

1      said.

2              MR. LABREW:  Okay.  I'm listening.  My

3      apologies.

4              THE COURT:  You can't really just hijack the

5      whole court appearance.  We all need an opportunity to

6      speak.

7              You were saying, Mr. Quevas.

8              MR. QUEVAS:  I'm trying to figure out

9      specifically if there is one date or many dates that we

10     are still talking about.  I know there is the 8-16 date

11     that we are still discussing.  Those are the minutes that

12     we received that deal with the codefendant.  Those are

13     sealed.

14             I know there are some issues now as to the

15     outstanding minutes, who has the minutes, what reporter

16     was available for your client's appearance on 8-16 because

17     according to those news articles she was there although

18     Postel doesn't have anything for her.

19             The other dates you are talking about, are you

20     saying those are no longer an issue and that you spoke to

21     the court reporters and the minutes for Castellano they

22     are getting them for you and that is nothing that we have

23     to talk about as well as the minutes from Ms. Wesley?

24             MR. LABREW:  What I'm say is this, in the motion

25     that I made, any minutes or any records that are related

PROCEEDINGS

1     to indictment 751 of 2012, because it was a catchall

2     provision in my motion, we are entitled to them.  That's

3     what I'm saying.

4              THE COURT:  Mr. LaBrew, this is how it works as

5     I understand it.  You are entitled to minutes.  Court

6     proceedings are generally open proceedings.  You are

7     entitled to them.  You should go out and try to get them

8     all and pay for them and get the minutes.  It is not for

9     the DA's office or for the Court to recreate the court

10    files and figure out the dates and times.  It is for you,

11    since it's your motion -- now don't interrupt me.  I see

12    you chomping at bit.

13             THE DEFENDANT:  I'm waiting.  I'm waiting.  I'm

14    not interrupting.

15             THE COURT:  Once you make these requests and you

16    pay for the ones that you can get, if you are told you

17    can't get any particular set because they are sealed then

18    you bring your motion to us.  You can't bring a motion for

19    any and all minutes.  That's just asking us to do your

20    work.  It doesn't work like that.

21             THE DEFENDANT:  Okay.  Well, I did my work

22    because I filed a motion with the Court and served it on

23    the DA that specified the specific dates that I wanted,

24    that specify the specific reporters that I wanted and made

25    all of that clear.

PROCEEDINGS

1          THE COURT:  That is different than what you said

2     a minute ago.  A minute ago you said you wanted any and

3     all.

4          MR. LABREW:  Okay, I will help you out, Your

5     Honor, I will help the DA out.

6          THE COURT:  Let me cut you off for a second.

7     The only thing that I have that I'm aware of that is

8     sealed is August 16th.  I'm holding it in my hand right

9     now, August 16th.  That's the only day --

10          THE DEFENDANT:  And the 26th.

11          MR. LABREW:  Hold on.  Hold on.

12          THE COURT:  Don't speak on the record.

13          This is the August 16th court appearance.  I'm

14     holding it, the only one I have.  Your client did not

15     appear here, your client's attorney did not appear here.

16     Now we understand that there were these press releases and

17     these articles that suggest that your client was in court

18     on the 16th.  That's what we are trying to get to the

19     bottom of.

20          MR. LABREW:  Okay.  I will tell you what, I will

21     help everyone out, okay.  When we leave the meeting today,

22     okay, I have made the request to Berkowitz and each one of

23     these court reports because I know them all, just like

24     everybody else, I worked with them for years.  I don't

25     have the minutes, I made the motion, you have one set of

PROCEEDINGS

1     minutes.  It's not an issue.  The issue is not really was

2     she there or not there.  The issue is, do I have the

3     minutes, okay.

4             When we leave here today, I don't have the

5     minutes, I'm going to go back to them to get the minutes

6     and we will just take everything from there.

7             THE COURT:  Those minutes are sealed.

8             MR. LABREW:  That's all right.  We will take

9     everything from there.

10           THE COURT:  What does that mean?

11           MR. LABREW:  That means either I will serve you

12     an Article 78 Petition and the DA an Article 78 Petition

13     and the court reporter an Article 78 Petition and, in

14     addition, I will make a request of the court reporters and

15     the clerk for a freedom of information request, okay, and

16     then between one of those two methods -- I will also come

17     back to supreme court criminal term about this method.  We

18     will have three things going on here.  So we will get the

19     minutes one way or the other.

20           THE COURT:  Okay.  All right.

21           MR. LABREW:  Thank you for your time, Your

22     Honor.  I apologize if I come off kind of crude.  This

23     whole virtual thing is all new to me.  I'm an old man.  I

24     apologize if I talk too much or interrupt.  My intent is

25     not to be crude here.

PROCEEDINGS

1          THE COURT:  Ms. Gristina, you're not to speak on

2    the record.

3          THE DEFENDANT:  I'm so sorry.  I didn't know.

4          THE COURT:  Mr. LaBrew, you and I cannot speak

5    at the same time because the court reporter is not going

6    to get down what is being said.

7          You're going to bring Article 78s, that's fine.

8    Let us know when you file and serve those because the

9    attorney general needs to represent me.  I think they need

10   to represent the DA's office as well unless their office

11   handles it.

12         MR. LABREW:  The attorney general, I have to

13   serve them too.

14         THE COURT:  Okay.  There is no adjourn date for

15   this.  We will wait until Mr. LaBrew does what he needs to

16   do.

17         MR. LABREW:  Okay.  Who is the court reporter in

18   this part today, Your Honor?  I can't see the court

19   report.  I'm going to need.

20         COURT REPORTER:  Denise Johnson.

21         MR. LABREW:  Okay, Ms. Johnson, I want to order

22   a daily copy of those minutes if we can.  I'll come back

23   to you.

24         THE COURT:  Anything else?

25         MR. LABREW:  No, Your Honor.  Have a blessed

PROCEEDINGS

1    day.

2               COURT CLERK:  It's just off calendar now?

3    That's it?

4               THE COURT:  That's it.  There is no adjourn date

5    for this.  Mr. LaBrew said he is going to bring Article

6    78s and we will wait for that.

7               In the meantime, Mr. Quevas, I would ask you

8    please to continue to try to find out if, in fact, there

9    are any other minutes from August 16th.

10              MR. QUEVAS:  Okay.  Just so that you know, I

11    reached out to Ms. Postel again this morning.  I forwarded

12    that email as well.  She said she double checked, triple

13    checked, quadruple checked, she doesn't see any minutes

14    for Ms. Gristina, she doesn't see anything in her notes

15    that says there was another reporter assigned to the court

16    part.

17              THE COURT:  How do we reconcile those news paper

18    articles with what the court reporters are telling us?

19              MR. QUEVAS:  I have no idea.  Clearly, there are

20    minutes somewhere.  Somebody took these minutes, either

21    Ms. Postel's notes are inaccurate or, I don't know, I

22    don't know what happens with court reporters.

23              MR. LABREW:  Ms. Postel is good.

24              MR. QUEVAS:  Whatever is going on, she is

25    telling me this is the only thing she has, which are the

PROCEEDINGS

1    minutes that she provided us which I provided to the

2    Court, which are sealed.  I can speak to her bosses and

3    speak to her again and just say maybe they can dig some

4    more, maybe they were misfiled, maybe somebody else

5    actually showed up to court that day and maybe shared the

6    calendar with her.  As of right now, she says she was the

7    only one there and these are the only minutes she has.

8    That's what I based my statement on that Ms. Gristina

9    wasn't in the court that day.

10        THE COURT:  If you would be kind enough to,

11    please, reach out to Randy.  He is very helpful; he is

12    very knowledgeable.  He might have even been present for

13    some of these proceedings back when they occurred.  He

14    might be able to help us get to the bottom of whether

15    there are, in fact, any other minutes for August 16th and

16    if there are how we get them.

17        MR. QUEVAS:  Okay.  I will do what I can and I

18    will let the Court know.

19        THE COURT:  Okay.

20        MR. LABREW:  Okay, thank you, Your Honor.  On

21    behalf of Ms. Postel, she is a first-class court reporter.

22    She is a pro.  If she was there, she took minutes and if

23    it didn't happen then she didn't take minutes.  It's not

24    like she has something somewhere and it's going to pop up.

25    I have been in the court with her a lot.  She is a first-

16

PROCEEDINGS

1    class pro.

2              Everyone have a blessed day.

3              MR. QUEVAS:  Are you saying if she says she

4    doesn't have them, there is no point in me asking her?

5              MR. LABREW:  I'm saying you go ahead and ask

6    her.  I will make an official request for the minutes and

7    then they are going to come back and tell me either we

8    have the minutes or we don't have the minutes and then

9    that will be it.  If they say they don't have the minutes,

10   I'm not going to be questioning them, well, you have

11   something.  Their word is good with me.  If they tell me

12   they don't have it, that's good.

13             MR. QUEVAS:  I thought you asked for them

14   already.

15             MR. LABREW:  I have but I will ask again.

16             MR. QUEVAS:  Okay.

17             MR. LABREW:  I have been speaking with Randy for

18   months.

19             THE COURT:  Okay.  Take care everyone.

20             MR. QUEVAS:  No other adjourn date, we are done.

21             THE COURT:  No.  Speak to Randy, but it sounds

22   like Mr. LaBrew is accepting the representations of Moreen

23   Postel that she didn't take minutes from that date and,

24   according to her records, nobody took minutes on that date

25   other than what we have here.

PROCEEDINGS

1              MR. LABREW:  Okay.

2              MR. QUEVAS:  Okay.

3              THE COURT:  All right, take care.

4              MR. LABREW:  Everybody have a blessed day.

5     ********************************************************************

6     This is certified to be a true and accurate transcript of the

7     above proceeding recorded by me.

8
                                        *Denise   Johnson*
9                               DENISE JOHNSON
                              SENIOR COURT REPORTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59

**Part 59**
**05/11/21**

------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff

v.

ANNA GRISTINA

Defendant

**AFFIDAVIT**
Indictment No. 00751-2012

------------------------------------------------------------

I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following facts are true, and as to those statements made upon information and belief, that Counsel believes them to be true:

1. I am the attorney for Defendant Anna Gristina.

2. Counsel for the Defendant has attached a true and accurate copy of the court minutes for the calendar call on 2 March 2021, in Part 59, before the Honorable Justice Juan Merchan, in the above-captioned case. Exhibit 1 (Calendar Call Minutes for 2 March 2021).

DATE:      12 March 2021
           Bronx, New York

Respectfully,

*Lawrence P LaBrew*

Lawrence P. LaBrew, Esq.
Law Office of Lawrence LaBrew
Attorney for Defendant Anna Gristina
30 Wall Street FL 8
New York, New York 10005
Tel: (212) 385-7500
E-mail: labrewlaw@gmail.com

MAY 0 5 2021

**DATE**
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A079

The Honorable Cyrus R. Vance, Jr.
District Attorney
New York County District Attorney's Office
1 Hogan Place
New York, New York 10013


by:    Deputy Chief Julio Cuevas Jr.
        Police Accountability Unit
        Tel:    (212) 335-9098
        e-mail: Cuevasj@dany.nyc.gov

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Page 2 of 2        A080

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59

------------------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

Plaintiff

v.                              **AFFIDAVIT OF SERVICE**
                                Indictment No. 00751-2012

ANNA GRISTINA

Defendant

------------------------------------------------------------------------

I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do

hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following

facts are true:

1.  I am not a party to the action, and I am over 18 years of age. My office is located at 30

    Wall Street 8th Floor, New York, New York 10005.

2.  I am the attorney for Defendant Anna Gristina.

3.  On 12 March 2021, at 3:09 p.m., I served the New York County District Attorney's

    Office with an Affidavit, and a true and accurate copy of the Court Minutes for the

    calendar call on 2 March 2021 in Part 59 in the above-captioned action. A true copy of

    the afore-mentioned Affidavit, with the attached Exhibits, was e-mailed to the e-mail

    address designated for service by the New York County District Attorney's Office.

4.  All parties have consented to service by e-mail. A true copy of the above-referenced

    Affidavit was e-mailed to the New York County District Attorney's Office at the

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.   MAY 0 5 2021

A08Y
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Page 1 of 2

following e-mail addresses:

a. New York County District Attorney's Office, 1 Hogan Place, New York, New

York 10013-4311, casetrack@dany.nyc.gov. Cuevasj@dany.nyc.gov.

DATE: 12 March 2021
Bronx, New York

Respectfully,

*Lawrence P LaBrew*

Lawrence P. LaBrew, Esq.
Attorney & Counselor-at-Law
Law Office of Lawrence LaBrew
Attorney for Defendant Anna Gristina
30 Wall Street FL 8
New York, New York 10005
Tel: (212) 385-7500
Fax: (212) 385-7501
Cell: (917) 280-6239
E-mail: labrewlaw@gmail.com

DATE **MAY 0 5 2021**
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

A082

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Page 2 of 2

Case 1:21-cv-08608-PAC Document 11-102 Filed 04/20/21 Page 75 of 110

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

DATE MAY 0 5 2021

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 59

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANNA GRISTINA,

Defendant.

---

AFFIRMATION IN
RESPONSE TO THE
DEFENDANT'S MOTION

Indict No.: 751/12

---

JULIO CUEVAS JR., an attorney admitted to practice before the Courts of this State, affirms under penalty of perjury that:

1.      I am an Assistant District Attorney, of counsel to CYRUS R. VANCE, JR., District Attorney of New York County. This affirmation is based on information and belief, the sources of which include transcripts and records of prior proceedings relating to the above- captioned indictment, files and records maintained by the New York County District Attorney's Office, and conversations with court reporters and the individuals involved in the prosecution of this case.

2.      This affirmation is submitted in response to Anna Gristina's ("the defendant") motion to unseal court transcripts and other documents related to the above-captioned indictment dated March 11, 2021.

3.      The People rely on the arguments made in its initial response dated March 11, 2021, and incorporate them herein by reference.  It remains the People's position that the defendant is not entitled to the sealed minutes for August 13, 2012 and August 16, 2012, and do not consent to their unsealing. The defendant is also not entitled to any sealed documents related to the above-captioned indictment, including any search warrant affidavits that may have been filed.

4.      The People also renew its request that the Court order the defendant to immediately return the sealed transcripts inadvertently provided to her by the court reporter, as explained in the

A083

People's March 11, 2021 response.

5.     The defendant's reliance on the cases cited in her current response is misplaced, and the facts of each are easily distinguishable from the matter at hand. *New York Post Corp. v. Leibowitz*, involved a judge who ordered a court reporter not to comply with a request for a transcript of his jury charge when the entire trial, including the charge, had been conducted publicly and was not sealed. *In re Weinreb* involved a lawyer who had been automatically disbarred upon entering a guilty plea to a felony, but whose disbarment had been sealed pursuant to the terms of a cooperation agreement with the prosecutor. Once the cooperation ended, his disbarment was made public and the sealed documents related to his plea, which resulted in his disbarment, were unsealed. Lastly, in *People v. Weis* the defendant sought *public* records from a previous conviction that was being used as the basis to sentence him as a predicate felon.

6.     None of the defendant's current or previous arguments support the unsealing of the requested documents related to the above-captioned indictment.


WHEREFORE, for the above stated reasons, it is respectfully requested that defendant's motion be denied, and she be ordered to immediately return the sealed minutes that were inadvertently provided to her by Ms. Postel.

Respectfully submitted,

Julio Cuevas, Jr.
Assistant District Attorney
(212) 335-9098

March 12, 2021

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.    MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE    A084

2

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59

------------------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

                            Plaintiff

        v.

**AFFIDAVIT IN REPLY TO THE PROSECUTION'S RESPONSE TO THE DEFENDANT'S MOTION TO UNSEAL THE PUBLIC RECORD SO THAT THE DEFENDANT CAN MAKE A POST-JUDGMENT MOTION**
Indictment No. 00751-2012

ANNA GRISTINA

                Defendant

DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.
MAY 0 5 2021

*[signature]*

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

------------------------------------------------------------------------

Lawrence P. LaBrew Esq., an attorney duly admitted to practice in the Courts of this State, hereby swears under the penalty of perjury, pursuant to N.Y. C.P.L.R. § 2106, that the following statements are true, and as to those made upon information and belief that he believes them to be true:

1. I am the attorney for Defendant Anna Gristina. The Defendant incorporates all of the prior papers, and proceedings, herein.

2. The Defendant was indicted, with co defendant Jaynie Baker, and charged with one count of Promoting Prostitution in the Third Degree (N.Y. PENAL LAW § 235.25-1). A true copy of the indictment has been attached as Exhibit 1. Both Defendant pled guilty in the above-caption action. This Office did not represent the Defendant when the Defendant pled guilty and was sentenced.

3. Pursuant to an official request on the Court Reporters – pursuant to N.Y. JUD. LAW §§

A085

300 and 301 – for the minutes for 13 August 2012, 16 August 2012, and 25 September 2012, the Court Reporters informed Counsel that the minutes (the public record) for 13 August 2012 and 16 August 2012 were sealed. *See* Exhibit 2 (13 August 2012), and Exhibit 3 (16 August 2012).

4. Based on Exhibit 2 and Exhibit 3, the Defense is requesting an unsealed copy of the court minutes for 13 August 2012 and 16 August 2012; and, the Defense is also requesting an unredacted copy of the search warrant(s), the search warrant affidavit(s), and all search warrant minutes(s) related to, discussed, or connected to the proceedings on 13 August 2012, and 16 August 2012, between the parties in the above-captioned matter.

5. The Defendant is prepared to pay all costs associated with, producing or providing, the above referenced documents.

6. The Defendant is requesting access to the afore-mentioned information because the Defendant, and her attorney, require the information to determine whether a Post Judgment Motion will be filed pursuant to Article 440 of the New York State Criminal Procedure Law. N.Y. CRIM. PROC. LAW art. 440. The records are necessary for the Defendant to put on a Defense. U.S. CONST. amend VI and amend. XIV, N.Y. CONST. art. I, § 6. The failure to allow the Defendant access to these documents denies the Defendant her fundamental constitutional right to due process of law. The motion is timely because the Defendant has been denied access to the public record.

7. To deny the Defendant access to the record – as it relates to the above-captioned indictment – denies the Defendant due process of law because it prevents the Defendant from putting on a defense.

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

A086

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

2

8.    The leading case on this issue is *New York Post Corp. v. Leibowitz*, 2 N.Y.2d 677, 143

N.E.2d 256 (1957), *see also In re Weinreb*, 31 A.D.3d 108, 109, 815 N.Y.S.2d 696, 697

(2nd Dept. 2006) ("Upon the respondent's conviction becoming a matter of public record,

all documents previously sealed, including the affidavit of compliance which the

respondent was authorized to file under seal, pending completion of his cooperation

agreement with the prosecution and his conviction becoming a matter of public record,

are unsealed."). *Compare People v. Weis*, 33 A.D.2d 654, 654, 305 N.Y.S.2d 135, 136

(4th Dept. 1969) ("In February, 1954 defendant was convicted of a felony in Monroe

County. Thereafter and in February, 1967 appellant was convicted of another felony in

Albany County. Using the prior 1954 conviction as a predicate defendant was sentenced

as a second offender to a term of 20 to 40 years. In this proceeding he seeks certain public

records relating to the 1954 conviction so that he may attack that judgment as obtained in

violation of his constitutional rights. No question has been raised as to his indigency.

County Court granted the application to the extent of directing that he be furnished copies

of the minutes of the preliminary hearing and of defendant's disposition. We conclude

that he is also entitled without charge to a transcript, if in existence of all proceedings,

including minutes, from the time of his arraignment in County Court to and including

sentencing as well as a copy of the commitment thereon. (Cf. former Penal Law, s 1943,

as amended by L.1964, ch. 446; People v. Cornish, 21 A.D.2d 280, 250 N.Y.S.2d 233;

People v. Montgomery, 18 N.Y.2d 993, 278 N.Y.S.2d 226, 224 N.E.2d 730.)"). *See also*

*People v. Shakur*, 215 A.D.2d 184, 185, 627 N.Y.S.2d 341, 342 (1st Dept. 1995) ("Trial

courts within this Department must follow the determination of the Appellate Division in

3

DATE
I hereby certify that this
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A087

another Department until such time as this Court or the *Court of Appeals* passes on the question (1 Carmody-Wait 2d, NY Prac § 2:63, at 75 [now contained in 1 Carmody-Wait 2d, NY Prac § 2:249 (1994 ed)]; People v Anderson, 151 AD2d 335, 338 [1st Dept 1989]; Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]).").

9. Their has been a prior application, that is still pending, to unseal the public record as it relates to the court minutes on 13 August 2012, 16 August 2012, and 25 September 2012. The minutes for 25 September 2012 have been ordered. The Defendant pled guilty on 25 September 2012. As stated in a prior filing, upon information and belief, that being Senior Court Reporter Randy Berkowitz, the Court Reporters will not know if the minutes for 25 September 2012 are sealed until they receive the minutes from storage.

10. The Prosecution's response is attached as Exhibit 4. The Prosecution's position is misplaced, and has no basis in law or fact. New York Judiciary Law §§ 300 and 301 entitle the Defendant to the minutes, just as it entitles the Prosecution to the minutes – both are parties to New York County Indictment Number 00751-2012. The transcripts are by statute open records which must be made available to the public during normal business hours. N.Y. JUD. LAW §§ 255 and 255-b, *see also Held-Cummings v. Osmundson*, 160 A.D.3d 1493, 1494, 76 N.Y.S.3d 343, 344 (4th Dept. 2018) (". . . [D]efendant does not need a court order to obtain the transcript. Judiciary Law § 300 provides that "[a] stenographer shall, upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole or any part of his minutes, in any case reported by him, to any party to the action requiring the same." . . . . Thus, there was no need for a motion if defendant was willing and able to pay for the transcript."), *Werfel v.*

4

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 0 5 2021

*Milton Adam Tingling*

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

A088

*Fitzgerald*, 23 A.D.2d 306, 309–12, 260 N.Y.S.2d 791, 795–98 (2nd Dept 1965), *Moore v.*

*Santucci*, 151 A.D.2d 677, 680, 543 N.Y.S.2d 103, 107 (2nd Dept. 1989) ("...

[T]ranscripts are court records, not agency records (*citations omitted*)."), and *People v.*

*Shakur*, 215 A.D.2d 184, 185, 627 N.Y.S.2d 341, 342 (1st Dept. 1995) ("Trial courts

within this Department must follow the determination of the Appellate Division in

another Department until such time as this Court or the Court of Appeals passes on the

question (1 Carmody-Wait 2d, NY Prac § 2:63, at 75 [now contained in 1 Carmody-Wait

2d, NY Prac § 2:249 (1994 ed)]; People v Anderson, 151 AD2d 335, 338 [1st Dept

1989]; Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]).").

11.    In *Mosallem v. Berenson* the Appellate Division expressed the importance of the rule.

*Mosallem v. Berenson*, 76 A.D.3d 345, 348, 905 N.Y.S.2d 575, 578 (1st Dept. 2010):

> Under New York law, there is a broad presumption that the public is
> entitled to access to judicial proceedings and court records (Mancheski v
> Gabelli Group Capital Partners, 39 AD3d 499, 501, 835 NYS2d 595
> [2007]; Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322,
> 324, 814 NYS2d 110 [2006]; Danco Lab., Ltd. v. Chemical Works of
> Gedeon Richter, Ltd., 274 AD2d 1, 6, 711 NYS2d 419 [2000]). . . . .
> Section 4 of the Judiciary Law requires that, with certain exceptions not
> applicable here, '[t]he sittings of every court within this state shall be
> public, and every citizen may freely attend the same.' Likewise, Sections
> 255 and 255-b of the Judiciary Law mandate that court records and docket
> books be available to the public. The right of access to court proceedings
> and records also is firmly grounded in the common law, 'and the existence
> of the correlating common-law right to inspect and copy judicial records is
> beyond dispute' (Gryphon Dom. VI, LLC, 28 AD3d at 324 [internal
> quotation marks and citations omitted]). We have recognized the broad
> constitutional presumption, arising from the First and Sixth Amendments,
> as applied to the states by the Fourteenth Amendment, that both the public
> and the press are generally entitled to have access to court proceedings
> (id.; Danco Lab., 274 AD2d at 6). . . . . [A] court is empowered to seal
> court records pursuant to section 216.1(a) of the Uniform Rules for Trial
> Courts (22 NYCRR 216.1[a]). That rule states that '[e]xcept where
> otherwise provided by statute or rule, a court shall not enter an order in

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

DATE MAY 0 5 2021

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

A089

any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.'

12.     To deny the Defendant access to the public record as it relates to her criminal case – New York County Indictment Number 00751-2012 – is to deny the Defendant due process of law; and, such an action denies the Defendant her right to put on a defense. U.S. CONST. amend VI and amend. XIV, N.Y. CONST. art. I, § 6.

WHEREFORE, the Defendant asks that the Court unseal the public record so that the Defendant can put on a defense, and that the Court grant any other relief that it deems just, equitable and proper.

DATE:       12 March 2021
            Bronx, New York

                                        Respectfully submitted,

                                        *Lawrence P LaBrew*
                                        _____
                                        Lawrence P. LaBrew, Esq.
                                        Attorney and Counselor-at-Law
                                        Law Office of Lawrence LaBrew
                                        Attorney for Defendant Anna Gristina
                                        30 Wall Street FL 8
                                        New York, New York 10005
                                        Tel:    (212) 385-7500
                                        Fax:    (212) 385-7501
                                        e-mail: labrewlaw@gmail.com

TO:    The Honorable Cyrus Vance
       District Attorney
       New York County District Attorney's Office
       100 Centre Street
       New York, New York 10013
       Tel: (212) 335-9000
       by:    Deputy Chief Julio Cuevas Jr.

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A090

6

Police Accountability Unit
Tel:    (212) 335-9098
e-mail: Cuevasj@dany.nyc.gov

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

JUN -0 5 2021

A091

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

# EXHIBIT 1

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

A092

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANNA GRISTINA,
JAYNIE BAKER,

Defendants.

--------------------------------------------

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the

defendants ANNA GRISTINA and JAYNIE BAKER of the crime of **PROMOTING**

**PROSTITUTION IN THE THIRD DEGREE**, in violation of Penal Law §230.25(1), committed

as follows:

The defendants in the County of New York, during the period from on or about July 18,

2011 to on or about July 27, 2011, knowingly advanced and profited from prostitution by managing,

supervising, controlling, and owning, either alone or in association with others, a prostitution

business and enterprise involving prostitution activity by two or more prostitutes.

CYRUS R. VANCE, JR.
District Attorney

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A093

# EXHIBIT 2

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

A094   *Milton Adas Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

1   SUPREME COURT OF THE STATE OF NEW YORK

2   COUNTY OF NEW YORK : CRIMINAL TERM : PART 59

3   ------------------------------------------------X

4   THE PEOPLE OF THE STATE OF NEW YORK      :Ind.
                                             No. 751-12
5           - against -                      :
                                             PLEA
6   ANNA GRISTINA & JAYNIE BAKER,            :

7           Defendant.                       :*SEALED MINUTES*

8   ------------------------------------------------x

9                       100 Centre Street

10                      New York, New York 10013

11                      August 13, 2012

12  B E F O R E:

13              HONORABLE JUAN MERCHAN,
                Justice Supreme Court.
14
    A P P E A R A N C E S:
15
        For the People:
16              CYRUS R. VANCE, JR., ESQ.
                District Attorney - New York County
17              BY: ELIZABETH ROPER, ESQ.
                Assistant District Attorney
18
        For the Defendant: (Baker)
19              GOTTLIEB & JANEY, LLP
                BY:  ROBERT GOTTLIEB, ESQ.
20

21      For the Defendant: (Gristina)
                CHARLES LINEHAN, ESQ.
22

23                                    DATE
                                      I hereby certify that the foregoing
                                      paper is a true copy of the original
                                      thereof, filed in my office. MAY 0 5 2021
24                MAUREEN POSTEL
                  SENIOR COURT REPORTER
                                      County Clerk and Clerk of the
25  [Transcript p. 018]              A095    Supreme Court New York County
                                            OFFICIAL USE

1        THE CLERK:  In the matter of the People of the

2   State of New York v Anna Gristina and Jaynie Baker, your

3   appearances please.

4        MR. GOTTLIEB:  Robert Gottlieb, Gottlieb &

5   Janey, 111 Broadway, New York, New York for Ms. Baker.

6        MR. LINEHAN:  Charles Linehan, L-I-N-E-H-A-N,

7   for Anna Gristina.

8        MS. ROPER:  Elizabeth Roper, R-O-P-E-R, for the

9   People.

10       THE COURT:  Good morning, again.

11       MR. GOTTLIEB:  Good morning.

12       THE COURT:  We are having this conference in

13   chambers and, again, before I forget this entire --

14   you're asking that this matter be sealed?

15       MR. GOTTLIEB:  Yes, we are.

16       MS. ROPER:  Yes, we are.

17       THE COURT:  You join --

18       MR. LINEHAN:  Yes.

19

20

21

22

23

24

25

[Transcript p. 019]

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of
Supreme Court New York Cou.
OFFICIAL USE

A096

1    THE COURT:  With the exception of one copy will

2    be made available to the People upon their request with

3    the Court's consent.

4        (Remainder portion of transcript is sealed.)

5

6        I, Maureen Postel, Senior Court Reporter,

7    certify the foregoing to be a true and accurate

8    transcript to the best of my skill and ability.

9

10        _Maureen Postel_____

11        MAUREEN POSTEL
         SENIOR COURT REPORTER

12

13

14

15

16

17

18

19

20

21

22

23

24        [Transcript p. 020]

25

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office. MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A097

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59
----------------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

                      Plaintiff

        v.                         **AFFIDAVIT OF SERVICE**
                                        Indictment No. 00751-2012

        ANNA GRISTINA

                    Defendant

----------------------------------------------------------------------

      I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do

hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following

facts are true:

1.      I am not a party to the action, and I am over 18 years of age. My office is located at 30

        Wall Street 8th Floor, New York, New York 10005.

2.      I am the attorney for Defendant Anna Gristina.

3.      On 12 March 2021, at 2:38 a.m., I served the an Affidavit in Reply to the Prosecution's

        Prosecution's Response to the Defendant's Motion to Unseal the Public Record in the

        above captioned case on the New York County Office of the District Attorney. A true

        copy of the afore-mentioned document was e-mailed to ADA Julio Cuevas, and the

        above-referenced document was also e-mailed to the address designated for service by the

        New York County District Attorney's Office.

4.      All parties have consented to service by e-mail. A true copy of the above-referenced

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office. MAY 0 5 2021

                            Page 1 of 2

A098
County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

document was e-mailed to the New York County District Attorney's Office at the

following e-mail addresses:

a.    New York County District Attorney's Office, 1 Hogan Place, New York, New

York 10013-4311, casetrack@dany.nyc.gov, and CuevasJ@dany.nyc.gov.

DATE:    12 March 2021
         Bronx, New York

                              Respectfully,

                              *Lawrence P LaBrew*
                              _____
                              Lawrence P. LaBrew, Esq.
                              Attorney & Counselor-at-Law
                              Law Office of Lawrence LaBrew
                              Attorney for Defendant Anna Gristina
                              30 Wall Street FL 8
                              New York, New York 10005
                              Tel: (212) 385-7500
                              Fax: (212) 385-7501
                              Cell: (917) 280-6239
                              E-mail: labrewlaw@gmail.com

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A099

# EXHIBIT 3

DATE

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A100

1   SUPREME COURT OF THE STATE OF NEW YORK

2   COUNTY OF NEW YORK : CRIMINAL TERM : PART 59

3   ------------------------------------------------X

4   THE PEOPLE OF THE STATE OF NEW YORK       :Ind.
                                                No. 751-12
5            - against -                       :
                                                CALENDAR CALL
6   ANNA GRISTINA & JAYNIE BAKER,             :

7            Defendant.                        :*SEALED MINUTES*

8   ------------------------------------------------x*EXCERPT*

9                    100 Centre Street

10                   New York, New York 10013

11                   August 16, 2012

12

13  B E F O R E :

14             HONORABLE JUAN MERCHAN,
               Justice Supreme Court.

15  A P P E A R A N C E S :

16

17      For the People:
                CYRUS R. VANCE, JR., ESQ.
18              District Attorney - New York County
                BY: ELIZABETH ROPER, ESQ.
                Assistant District Attorney
19

20      For the Defendant:  (Gristina)
                CHARLES LINEHAN, ESQ.

21

22                                        DATE
                                 I hereby certify that the foregoing
23                               paper is a true copy of the original
                                 thereof, filed in my office MAY 0 5 2021

24  [Transcript p. 021]                              A101

25

1   A L S O   P R E S E N T :

2                   LEGAL AID SOCIETY
                    BY:  JOHN GEIDA, ESQ.

3

4                   NORMAN A. PATTIS LAW OFFICES
                    BY:  NORMAN PATTIS, ESQ.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   [Transcript p. 022]

MAUREEN POSTEL
SENIOR COURT REPORTER

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

MAY 0 5 2021

A102

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

1       THE COURT:  This is in the matter of People of

2   the State of New York vs. Anna Gristina and

3   specifically -- with regard to affidavit in support of a

4   protective order under Indictment Number 751-2012.  And

5   this affidavit is dated August 14th, 2012.  Your

6   appearances.

7       MS. ROPER:  Elizabeth Roper for the People.

8       MR. LINEHAN:  Charles Linehan, L-I-N-E-H-A-N,

9   for the People.

10      THE COURT:  So, Ms. Roper, did you prepare this

11  affidavit?

12      MS. ROPER:  Yes.

13      THE COURT:  And everything contained in it true

14  and accurate?

15      MS. ROPER:  Yes.

16      THE COURT:  This is obviously, very similar to

17  the previous affidavit and application before this Court

18  in which the Court granted.  Just to make sure that I

19  understand the search warrant affidavit and the search

20  warrant application that is the subject of this

21  protective order, if it hasn't already been turned over,

22  will be turned over pursuant to my decision on the

23  Omnibus motion, except for those portions that are

24  subject of the protective order?

25  [Transcript p. 023]      MS. ROPER:  Yes.

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.  MAY 0 5 2021

A103 *Milton Adam Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

1      THE COURT:  So that the defense is aware of

their existence of that affidavit, they're aware of the

existence of the search warrant or will be?

       MS. ROPER:  I don't believe they have a reason

to be aware of it now.

6      THE COURT:  Will be shortly, and once they

7 receive it they are going to see that there are portions

8 that are redacted.

9      MS. ROPER:  Yes.

10      THE COURT:  I just wanted to clarify that

11 because in the Omnibus motion or the decision on the

12 Omnibus motion where I deal with search warrants, I,

13 specifically, say what is to be turned over in terms of

14 affidavits and search warrants with the exception of

15 those portions of the affidavit that is the subject of

16 the protective order that is contained in my decision on

17 the Omnibus motion.

18      With regard to the standard application, in the

19 past, there have been different periods of time,

20 different terms that have been used either by the

21 Prosecution or by the Court, I think sometimes

22 indefinitely, I think at other times I said until such

23 time as the case is adjourned for trial.  And it's

24 possible that at some point -- actually, in this order,

25 you requested two weeks before trial.

[Transcript p. 024]                                    A104

MAY 05 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

1    I think that I tried to weigh all the competing

2    interests, specifically the interest in protecting the

3    identity of this undercover in furtherance of on-going

4    investigations.  Given the posture of the case, all that

5    has transpired, and what I expect is going to happen

6    going forward, I don't believe that two weeks is

7    adequate.  I've crossed it off, and I'm going to give you

8    four weeks before trial.

9         MS. ROPER:  All right.

10         THE COURT:  I don't know how long the

11    adjournment will be today before we settle on the trial

12    date.  I don't think it's going to be terribly, terribly

13    long, but it will at least four weeks.  So that's what

14    I'm going to do, and I signed the order.  So four weeks

15    prior to the commencement of the trial the People are

16    directed to turn over those redacted portions.

17         Is there anything else related to this?

18         MR. LINEHAN:  The only thing, the extra

19    recording that we also had protective order for is that

20    two weeks or is that also -- do you now want four weeks?

21         THE COURT:  Thank you for bringing that up.

22    Even though that's not before me at this time, I

23    appreciate you bringing it up.  I think in the interest

24    of fairness, we could make that four weeks as well.

25    [Transcript p. 025]  By the way, are you requesting that this be

A105

1      sealed?

2             MS. ROPER:  Yes.

3             MR. LINEHAN:  Yes.

4             THE COURT:  Sealed with only one copy to be made

5      available to the People.  We can go off the record now.

6             (Discussion off the record.)

7             (Whereupon, there is a recess, the case is soon

8      to be recalled.)

9             (Continued on the next page.)

10

11

12

13

14             I, Maureen Postel, Senior Court Reporter,

15      certify the foregoing to be a true and accurate

16      transcript to the best of my skill and ability.

17

18      _____

19      MAUREEN POSTEL
        SENIOR COURT REPORTER

20

21                                      MAY 0 5 2021

22      DATE
        I hereby certify that the foregoing
        paper is a true copy of the original
        thereof, filed in my office.

23

24      County Clerk and Clerk of the
        Supreme Court New York County
        OFFICIAL USE

25      [Transcript p. 026]                    A106

# EXHIBIT 4

MAY 05 2021

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A107

DATE

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

MAY 0 5 2021

*Milton Adair Tingling*

County Clerk and Clerk of the Supreme Court New York County OFFICIAL USE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 59

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANNA GRISTINA,

Defendant.

AFFIRMATION IN
RESPONSE TO THE
DEFENDANT'S MOTION

Indict No.: 751/12

JULIO CUEVAS JR., an attorney admitted to practice before the Courts of this State, affirms under penalty of perjury that:

1.      I am an Assistant District Attorney, of counsel to CYRUS R. VANCE, JR., District Attorney of New York County. This affirmation is based on information and belief, the sources of which include transcripts and records of prior proceedings relating to the above-captioned indictment, files and records maintained by the New York County District Attorney's Office, and conversations with court reporters and the individuals involved in the prosecution of this case.

2.      This affirmation is submitted in response to Anna Gristina's ("the defendant") motions to unseal court transcripts related to the above-captioned indictment.  The motions were dated January 11, 2021, January 29, 2021 and March 5, 2021.

3.      In February 2012, the defendant and her co-defendant, Jaynie Baker, were indicted and charged with a single count of Promoting Prostitution in the Third Degree, a class D felony, pursuant to Penal Law §230.25(1).  On September 25, 2012, the defendant pled *guilty* to the sole count on the indictment, and was subsequently sentenced to a split sentence of 6 months jail and

A108

5 years probation.

4.      The defendant now asks the Court to unseal court transcripts of minutes related to her case from August 13, 2012, August 16, 2012, September 25, 2012, November 20, 2012 and December 5, 2012, as well as "[a]ny...records, transcripts, court documents, or court records related to" her case. As described below, the People believe that many of the transcripts that the defendant seeks are not sealed. To the extent that the defendant's request for "any" records related to her case applies to sealed transcripts or other sealed documents, the People do not consent to unsealing and respectfully request that the motion be denied.

5.      Based upon the People's review of the casefile and other documents, the defendant appeared in court on the following dates:

| | |
|---|---|
| 2/23/12 | 5/9/12 |
| 3/6/12 | 5/15/12 |
| 3/7/12 | 6/13/12 |
| 3/12/12 | 6/18/12 |
| 3/15/12 | 8/16/12 |
| 4/2/12 | 9/25/12 |
| 4/9/12 | 11/20/12 |
| 4/23/12 | |

None of these appearances would have been sealed, and should be available to the defendant upon request from the court reporters.

6.      For example, the transcript for November 20, 2012 is, in fact, not sealed and would have been available to the defendant upon request from the court reporter.  It is not clear from the defendant's motions why she believed this transcript was sealed.  A copy of the transcript has previously been provided to the Court.

7.      The court reporter who created the transcript for September 25, 2012 is no longer employed by the court system.  Her office is in the process of locating and transcribing the

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.
MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

A109

minutes. Our records indicate that this was the date of the defendant's guilty plea. As such, the People anticipate that these minutes are not sealed. Again, it is not clear from the defendant's motion why she believes this transcript is sealed.

8. The minutes for December 5, 2012 were ordered by the People several weeks ago, and have not yet been produced by the court reporter. Our records indicate that this court appearance related to a request by the defendant to modify the terms of her probation. Again, the defendant has not explained why she believes this transcript is sealed.

9. A record-keeping error by court reporter Maureen Postel created some confusion regarding the minutes related to August 16, 2012. She originally indicated that the August 16, 2012 minutes were sealed, but subsequently realized that she had been referring to minutes related to the co-defendant's appearance before the Court on August 13, 2012. The August 13, 2012 minutes are sealed, and the defendant has not provided any reason as to why they should be unsealed. The defendant was not present on August 13, 2021, is not automatically entitled to the minutes, and the People do not consent to their unsealing. Copies of these minutes have been provided to the Court.

10. Ms. Postel inadvertently provided the defendant with a redacted version of the August 13, 2012 minutes. (A copy was attached to the defendant's motion dated March 5, 2012.) It is the People's position that the reporter should not have provided any portion of the minutes to the defendant because they are sealed, and we ask the Court to order the defendant to return the minutes immediately, destroy any copies that were created, and to refrain from disseminating the minutes in any way.

11. Ms. Postel subsequently produced two sets of minutes relating to August 16, 2012.

DATE
I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office. MAY 0 5 2021

A110 County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE

3

The first was an ex-parte application that was sealed by the Court at the request of the People at the time of the application. These minutes were also inadvertently provided to the defendant by Ms. Postel. (A copy was attached to the defendant's motion dated March 5, 2012.) The defendant is not entitled to the minutes and the People do not consent to their unsealing. The People request that the Court order the defendant to return the minutes immediately, destroy any copies that were created, and to refrain from disseminating the minutes in any way.

12.     The second set of minutes for August 16, 2012 relates to the defendant's court appearance on that date and are not sealed.

13.     Lastly, the defendant's general argument that unsealing is required under N.Y. Judiciary Law §300 or C.P.L. §245.20 is erroneous. Neither statute applies to unsealing requests, and the defendant cites no other support for her broad request for unsealing. It is well-established that "[d]ecisions to seal or disclose records fall within the inherent power of the court to control the records of its own proceeding." *In re Daily News, L.P. v Hon. Maxwell Wiley*, 126 A.D.3d 511 (2015) referencing *Matter of Crain Communications v. Hughes*, 74 N.Y.2d 626, 628, 541 N.Y.S.2d 971, 539 N.E.2d 1099 (1989)). Courts have repeatedly acknowledged that there are legitimate reasons why law enforcement would request that certain court submissions and/or proceedings be sealed. Protecting the identity and safety of undercover officers and witnesses, protecting investigative tools and methods, and even insuring that current or future investigations are not compromised, have all been deemed legitimate reasons for ordering certain filings and proceedings sealed, and maintaining their status years after the resolution of the matter, barring some compelling reason to unseal. See, *People v. Macedonio*, 51 Misc. 3d 1219(A) (2016).

I hereby certi..., ............
paper is a true copy .. .. .. ..............
thereof, filed in my office.      MAY 0 5 2021

A111

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

4

14.     The defendant's catch-all request that "any and all" sealed documents and records be unsealed is a pure fishing expedition and should be denied without further consideration.  There are well-established procedures for the defendant to access and review the case file, and return to the Court with specific unsealing requests if necessary.

15.     To the extent that the defendant is moving to unseal the sealed minutes from August 13, 2012 and August 16, 2021, she has failed to provide any support for that motion, and the People do not consent to the unsealing of these records

WHEREFORE, for the above stated reasons, it is respectfully requested that defendant's motion to unseal the above-mentioned transcripts be denied, and she be ordered to return the sealed minutes that were inadvertently provided to her by Ms. Postel.

Respectfully submitted,

Julio Cuevas, Jr.
Assistant District Attorney
(212) 335-9098

March 11, 2021

DATE
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.    MAY 0 5 2021

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE
A112

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59
-----------------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

              v.

            ANNA GRISTINA

                                **AFFIDAVIT OF COMPLIANCE WITH**
                                **COURT ORDER**
                                Indictment No. 00751-2012

-----------------------------------------------------------------

         I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do

hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following

facts are true:

1.      I am the attorney for Defendant Anna Gristina.

2.      On, or about, 26 March 2021, the Court issued a Decision and Order, which is attached as

        Exhibit 1.

3.      The Defendant, and Defense Counsel, never received the entire transcript for 16 August

        2012, or any other Court date for the Defendant. The Court Reporter – Ms. Maureen

        Postel – provided the Defense with excerpts of the court minutes for 13 August 2012, and

        16 August 2012: those excerpts only contained, in sum and substance, the Court ordering

        the transcript sealed. The excerpts was filed with the Clerk of the Court – when the

        Defense filed a reply to the Prosecution's response – on 12 March 2021 (Electronic

        Document Delivery System ID: VXGSQX). The excerpts from the court minutes – for 13

        and 16 August 2012 – were attached to the Defense Reply Affidavit as Exhibits 2 and 3.

4.      Senior Court Reporter Maureen Postel provided both excerpts – for 13 and 16 August

        2012 – electronically via e-mail: no hard copy for the above-mentioned dates was ever

**A104**                     Page 1 of 3

provided to the Defense. The electronic excerpts have been deleted from the Defense Counsel's hard drive pursuant to the Court Order attached in Exhibit 1.

5. As of today's date the Defendant has not been able to obtain court minutes requested related to Indictment Number 00751-2012: the Defendant is a party to the action (she is the Defendant), she is prepared to pay all costs for the court minutes, and she respectfully requests the court minutes so that she can put on a defense. Absent a written court order, or an oral order on the record, the material requested remains sealed.

6. The Defense requested court minutes, search warrant affidavits, and search warrant minutes that have been sealed by the Court in this case. The requests for minutes were made pursuant to N.Y. JUD. LAW §§ 300 and 301. The Defendant is prepared to pay all costs related to obtaining the above-referenced material.

7. The Defendant made this application because she wants to withdraw her plea pursuant to Article 440 of the Criminal Procedure Law. This information is necessary for the Defendant to put on a defense, and is being requested pursuant to U.S. CONST. amend. XIV, and N.Y. CONST. art. I, § 6.

DATE:  6 April 2021
       Bronx, New York

                                    Respectfully,

                                    *Lawrence P LaBrew*
                                    _____
                                    Lawrence P. LaBrew, Esq.
                                    Attorney & Counselor-at-Law
                                    Law Office of Lawrence LaBrew
                                    30 Wall Street FL 8
                                    New York, New York 10005
                                    Tel: (212) 385-7500
                                    Fax: (212) 385-7501

A114

cc: The Honorable Cyrus Vance
District Attorney
New York County District Attorney's Office
100 Centre Street
New York, New York 10013
Tel: (212) 335-9000

A115

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CRIMINAL TERM PART 59
-----------------------------------------------------------------
THE PEOPLE OF THE STATE OF NEW YORK,

                    Plaintiff


          v.                          **AFFIDAVIT OF SERVICE**
                                      Indictment No. 00751-2012


          ANNA GRISTINA

                    Defendant

-----------------------------------------------------------------

I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do

hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following

facts are true:

1.    I am not a party to the action, and I am over 18 years of age. My office is located at 30

      Wall Street 8th Floor, New York, New York 10005.

2.    I am the attorney for Defendant Anna Gristina.

3.    On 6 April 2021, at 11:32 a.m., I served the Defendant's Affidavit of Compliance with

      the Court's Order, dated 22 March 2021, on the New York County District Attorney's

      Office (ADA Julio Cuevas). A true copy Motion to Unseal was e-mailed to the e-mail

      address designated for service by the New York County District Attorney's Office.

4.    All parties have consented to service by e-mail. A true copy of the above-referenced

      Affidavit was e-mailed to the New York County District Attorney's Office at the

      following e-mail addresses:


                              Page 1 of 2


                                                              A116

a.   New York County District Attorney's Office, 1 Hogan Place, New York, New

York 10013-4311, casetrack@dany.nyc.gov. Cuevasj@dany.nyc.gov.

DATE:       6 April 2021
            Bronx, New York

Respectfully,

*Lawrence P LaBrew*

Lawrence P. LaBrew, Esq.
Attorney & Counselor-at-Law
Law Office of Lawrence LaBrew
Attorney for Defendant Anna Gristina
30 Wall Street FL 8
New York, New York 10005
Tel: (212) 385-7500
Fax: (212) 385-7501
Cell: (917) 280-6239
E-mail: labrewlaw@gmail.com

A117

 Gmail

Lawrence LaBrew <labrewlaw@gmail.com>

---

**EDDS DOCUMENT(S) FILED Alert: New York - Criminal - <AFFIDAVIT OR
AFFIRMATION IN REPLY-> CRIM-New York1 (New York Supreme Court - Criminal Term
(EDDS) -v- Criminal)**
1 message

**edds@nycourts.gov** <edds@nycourts.gov>                                    Wed, Apr 7, 2021 at 10:40 AM
To: edds@nycourts.gov, labrewlaw@gmail.com

 ## New York Supreme Court - Criminal Term
## (EDDS)
## Notification of Filing
## 04/06/2021

On 04/06/2021, the court has marked the document(s) listed below as FILED. Please keep this notice
for your records.

## Sender Information

Document(s) ID: GVG7LX
Indictment/Docket Number: **Indictment Number 0751-2012**
Case Title: **The People of the State of New York v. Anna Gristina**
Name: **Lawrence P LaBrew**
Organization/Agency/Firm Name: **Law Office of Lawrence LaBrew**
Represented Party: **Anna Gristina**
Party Role: **Defendant**
Phone Number: **212-385-7500**
Email Address: **labrewlaw@gmail.com**
Reason for Sending Documents: **Affidavit of Compliance with Court Order**

## Documents Recorded as Filed

| Document | Received Date |
|---|---|
| AFFIDAVIT OR AFFIRMATION IN REPLY- Affidavit of Compliance with Court Order | 04/06/2021 |
| AFFIRMATION/AFFIDAVIT OF SERVICE- Service of Affidavit of Compliance | 04/06/2021 |

## Receiver Contact Information

Name: **New York Supreme Court - Criminal Term (EDDS)**
Phone Number: **(646) 386-3033**
Email Address: **edds@nycourts.gov**
Note - this email address is for correspondence only - No documents will be accepted through this email address.

**NOTE:** The sending and/or receipt of any documents through the courts Electronic Document Delivery System (EDDS) does
not constitute service upon any other party, nor does it constitute filing of those documents with the court or County Clerk.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNA GRISTINA,

          Plaintiff,

        -v.-

NEW YORK STATE JUDGE JUAN
MERCHAN
(in an official capacity)

NEW YORK COUNTY
DISTRICT ATTORNEY CYRUS VANCE
(in an official capacity)

               Defendants.

---

No. 21-cv-8608 (PAC)

**NOTICE OF MOTION TO DISMISS**

---

     **PLEASE TAKE NOTICE** that, upon the Complaint, filed October 10, 2021, the

accompanying Memorandum of Law in Support of the Defendant's Motion to Dismiss, dated

January 13, 2022, the Declaration of Miranda Ruth Onnen in Support of the Defendant's Motion

to Dismiss and exhibit, dated January 13, 2022, and all prior pleadings herein, Defendant Justice

Juan Merchan, through his attorney, Letitia James, Attorney General of the State of New York,

will move this Court before the Honorable Paul A. Crotty, United States District Judge, at the

United States District Courthouse for the Southern District of New York, located at 40 Foley

Square, New York, New York, for an order dismissing the Complaint, in its entirety and with

prejudice, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and

granting such other an further relief as the Court deems just and proper.

1

A119

Dated: New York, New York
      January 13, 2022

                    Respectfully Submitted,

                    LETITIA JAMES
                    Attorney General
                    State Of New York


                    By:
                    */s/ Miranda R. Onnen*
                    MIRANDA ONNEN
                    Assistant Attorney General
                    28 Liberty Street
                    New York, New York 10005
                    Tel.: (212) 416-6696
                    Email: miranda.onnen@ag.ny.gov
                    *Attorney for Justice Juan Merchan*

A120

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNA GRISTINA, | |
| Plaintiff, | No. 21-cv-8608 (PAC) |
| -v.- | **DECLARATION OF MIRANDA RUTH ONNEN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| NEW YORK STATE JUDGE JUAN MERCHAN (in an official capacity) | |
| NEW YORK COUNTY DISTRICT ATTORNEY CYRUS VANCE (in an official capacity) | |
| Defendants. | |

I, **MIRANDA RUTH ONNEN**, pursuant to 28 U.S.C. § 1746, declare under penalty of

perjury that the following is true and correct to the best of my recollection:

1.      I am an Assistant Attorney General in the Office of Letitia James, Attorney

General of the State of New York, counsel to Defendant Justice Juan Merchan ("Justice

Merchan") in this action. I make this declaration in support of Justice Merchan's motion to

dismiss.

2.      This Declaration reflects a document for which judicial notice can be taken

pursuant to Fed. R. Evid. 201(b).

3.      Attached as Exhibit 1 is a true and correct copy of the January 11, 2022 decision

rendered by the Supreme Court of New York Appellate Division, First Department, denying

Plaintiff Anna Gristina's motion for leave to appeal the denial and dismissal of her June 7, 2021

Article 78 Petition, by the October 14, 2021 Decision, Order and Judgment.

A121

Dated: New York, New York
      January 13, 2022

                                     Respectfully Submitted,

                                     LETITIA JAMES
                                     Attorney General
                                     State Of New York

                                     By:
                                     */s/ Miranda R. Onnen*
                                     MIRANDA ONNEN
                                     Assistant Attorney General
                                     28 Liberty Street
                                     New York, New York 10005
                                     Tel.: (212) 416-6696
                                     Email: miranda.onnen@ag.ny.gov
                                     *Attorney for Justice Juan Merchan*

A122

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Present – Hon.  Barbara R. Kapnick,                    Justice Presiding,
                Anil C. Singh
                Martin Shulman
                Bahaati E. Pitt
                John R. Higgitt,                    Justices.

| | |
|---|---|
| In the Matter of Anna Gristina, | Motion No. **2021-03883** |
| Petitioner, | Index No. 751/2012 |
| | Case No. 2021-01469 |
| -against- | |
| Hon. Juan Merchan, etc. et al., | |
| Respondents. | |

Petitioner having moved for leave to appeal to the Court of Appeals from the decision and order of this Court, entered on October 14, 2021 (Appeal No. 14396),

Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon,

It is ordered that the motion is denied.

ENTERED: January 11, 2022

Susanna Molina Rojas
Clerk of the Court

A123

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANNA GRISTINA,

Plaintiff,

- against –

NEW YORK STATE JUDGE JUAN MERCHAN, in an
official capacity, and NEW YORK COUNTY DISRICT
ATTORNEY CYRUS VANCE, in an official capcity.
Defendants.

21-CV-8608 (PAC)

NOTICE OF MOTION

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law and on

the prior pleadings, proceedings and papers herein, the undersigned will move this Court at the

United States Courthouse, 500 Pearl Street, New York, New York 10007, on January 13, 2022,

or as soon thereafter as counsel may be heard, for an order pursuant to 12(b)(1) and 12 (b)(6) of

the Federal Rules of Civil Procedure dismissing the complaint as to defendant New York

County former District Attorney CYRUS R. VANCE, Jr., for failure to state a claim upon

which relief may be granted, and for any other fair and equitable relief that may be appropriate.

Dated: New York, New York
       January 13, 2022

ALVIN L. BRAGG, Jr.
District Attorney, New York County
as Special Assistant Corporation Counsel
One Hogan Place
New York, New York 10013

BY: *Patricia J. Bailey*
    Patricia J. Bailey
    Assistant District Attorney
    Of Counsel
    baileyp@dany.nyc.gov

A124

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ANNA GRISTINA,**

                                    **Plaintiff,**

              - against –

**NEW YORK STATE JUDGE JUAN MERCHAN, in an official capacity, and NEW YORK COUNTY DISRICT ATTORNEY CYRUS VANCE, in an official capacity.**

                                  **Defendants.**

**Declaration of Patricia J. Bailey**

**21-CV-8608 (PAC)**

Patricia J. Bailey, an attorney duly admitted to practice in the State of New York, declares under penalty of perjury and pursuant to 28 U.S.C. §1746, that the following is true and correct:

1.     I am an Assistant District Attorney in the New York County District Attorney's Office. I represent the District Attorney of New York County in the above-captioned matter and am familiar with the facts and circumstances of this action.

2.     I respectfully submit the following exhibit in support of the District Attorney's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6):

A125

| 3.        EXHIBIT | DESCRIPTION |
|---|---|
| Ex. 1 | Plaintiff's Article 78 Petition and Memorandum of Law without exhibits |
| Ex. 2 | Plaintiff's Motion for Permission to Appeal without exhibits. 2017. |
| Ex. 3 | Appellate Division, First Department's January 11, 2022 Decision. |

Dated:  January 13, 2021
           New York, New York


_Patricia J. Bailey_
Patricia J. Bailey
Assistant District Attorney

A126

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
-----------------------------------------------------------------------
In the Matter of the Application of Ms. Anna Gristina,

                    Petitioner,

For a Judgment Under Article 78 of the CPLR in
the nature of Prohibition and Mandamus,

                                   **NOTICE OF PETITION**

          -against-                Case Number 2021-01469

The Honorable Justice Juan Merchan,
New York County District Attorney Cyrus Vance,
Senior Court Reporter Randy Berkowitz, and
Senior Court Reporter Maureen Postel,

                    Respondents,
-----------------------------------------------------------------------

       PLEASE TAKE NOTICE that, upon the attached Petition – verified on 5 June 2021 –

with the attached exhibits, the attached memorandum of law, and upon all prior pleadings,

papers, and proceedings, the undersigned will make an application to this Court, at the

Courthouse thereof, located at 27 Madison Avenue, New York, New York 10010, on the 19th day

of July 2021 at 10:00 a.m., or as soon thereafter as Counsel may be heard, for an Order and

Judgment pursuant to N.Y. C.P.L.R. Article 78, in the nature of Prohibition and Mandamus, on

the grounds that the Petitioner has a right to pay for – and be provided with – unsealed copies of

the court minutes/transcripts, search warrant minutes(s), and search warrant affidavit(s) in

Petitioner's criminal case -- where the Petitioner pled guilty and was sentenced – so that the

Petitioner can make a motion to vacate the judgment in her criminal case pursuant to N.Y.

CRIM. PROC. LAW § 440.10, also awarding costs and disbursements of this proceeding, and

1

A127

granting such other and further relief as the Court deems just, proper, and equitable.

PLEASE TAKE FURTHER NOTICE that, pursuant to N.Y. C.P.L.R. 7804 (c),

Respondents' answer and supporting affidavits, and any other papers in opposition to the above

special proceeding, if any, are required to be served upon the undersigned at least five (5) days

before the above return date.

Date:   7 June 2021
        Bronx, New York

Lawrence P. LaBrew, Esq.   Date
Attorney & Counselor-at-Law
Law Office of Lawrence LaBrew
Attorney for Petitioner Anna Gristina
30 Wall Street 8th Floor
New York, New York 10005-2205
Tel: (212) 385-7500
Fax:(212) 385-7501
E-mail: labrewlaw@gmail.com

TO:   The Honorable Justice Juan Merchan
      Supreme Court of the State of New York
      New York County Criminal Term: Part 59
      100 Centre Street
      New York, New York 10013
      Tel:     646-386-4059

      Attorney General Letitia James
      New York State Attorney General's Office
      28 Liberty Street
      New York, NY 10005
      Tel:     (212) 364-6010

      District Attorney Cyrus Vance
      New York County District Attorney's Office
      1 Hogan Place
      New York, New York 10013
      Tel:     212-335-9000

2

A128

Mr. Randy Berkowitz
Senior Court Reporter
Supreme Court of the State of New York
New York County: Criminal Term
111 Centre Street
New York, New York 10013
Tel:    (646) 386-4400

Ms. Maureen Postel
Senior Court Reporter
Supreme Court of the State of New York
New York County: Criminal Term
111 Centre Street
New York, New York 10013
Tel:    (646) 386-4400

A129

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
---------------------------------------------------------------------

In the Matter of the Application of Ms. Anna Gristina,

                 Petitioner,

For a Judgment Under Article 78 of the CPLR in the
nature of Prohibition and Mandamus,

                               **AMENDED PETITION**

                               Case No. 2021-01469

               -against-

The Honorable Justice Juan Merchan,
New York County District Attorney Cyrus Vance,
Senior Court Reporter Randy Berkowitz, and
Senior Court Reporter Maureen Postel,

                 Respondents,

---------------------------------------------------------------------

The Petition respectfully shows that:

1.      The Petitioner is the Defendant in the case of *The People of State of New York v. Anna*

       *Gristina and Jaynie Baker*, New York County Indictment Number 00751-2012. Exhibit 1

       (Indictment), app. p. A001. The case involving the above-referenced Defendants was

       never severed. The Petitioner pled guilty Promoting Prostitution in the Third Degree.

       N.Y. PENA LAW § 230.25 (1), and was sentenced to 6 months jail and 5 years of

       probation. Exhibit 2 (Certificate of Disposition), app. p. A002. This Office did not

       represent the Petitioner when the Petitioner pled guilty and was sentenced under

Indictment Number 00751-2012. No appeal is pending related to Indictment Number 00751-2012. The Petitioner is, and has always been, willing to pay all costs associated with obtaining the court transcripts, and other documents, that are the subject of this Petition. N.Y. JUD. LAW §§ 300, 301. The Petitioner was, and is, interested in making a motion to vacate the judgment in her case, related to Indictment Number 00751-2012, pursuant to N.Y. CRIM. PROC. LAW § 440.10.

2.    Respondent Justice Juan Merchan is a Justice of the Supreme Court of the State of New York, New York County, Criminal Term Part 59. Judge Merchan presided over the Petitioner's criminal case (Indictment Number 00751-2012). The Petitioner entered a plea of guilty, and was sentenced by Judge Merchan. Judge Merchan has denied the Petitioner access to unredacted copies of the search warrant minute(s) and affidavit(s), that are referenced in the court minutes for 16 August 2012; and, Judge Merchan has denied the Petitioner access to a complete, unsealed copy of the transcript for the court proceedings – involving Indictment Number 00751-2012 – on the following dates: (1) 13 August 2012, (2) 16 August 2012, and (3) 25 September 2012.

3.    Respondent Senior Court Reporter Randy Berkowitz is the Supervisor of the Court Reporters – at the Supreme Court of the State of New York, New York County Criminal Term. Upon information and belief, that being Respondent Berkowitz, Respondent Berkowitz he is a custodian of the records, for the Court Reporters at the Supreme Court of the State of New York, New York County Criminal Term, and he is the custodian of the records for Court Minutes transcribed on 25 September 2012, related to Indictment Number 00751-2012.

A131

4.      Respondent Senior Court Reporter Maureen Postel is a Court Reporter at the Supreme Court of the State of New York, New York County Criminal Term, and she was the Court Reporter for the court appearances on 13 August 2012, and 16 August 2012, related to Indictment Number 00751-2012.

5.      Respondent District Attorney Cyrus Vance, is a party to New York County Indictment Number 00751-2012: the New York County District Attorney's Office prosecuted Indictment Number 00751-2012. Respondent District Attorney Vance has unsealed copies of all of the court transcripts for the above- referenced dates; and, the Respondent is in possession of the search warrant minutes, and the search warrant affidavit, referenced in said minutes.

6.      The court minutes – involving Indictment Number 00751-2012 – for 13 August 2012, 16 August 2012, , and 25 September 2012 have been transcribed. The Petitioner has made a request for a complete unsealed copy of the court minutes for the above referenced dates; and, the Petitioner has informed all Respondents that the Petitioner is prepared to pay all costs related to obtaining unsealed copies of the above-referenced court minutes. N.Y. JUD. LAW §§ 300, 301. No completely unsealed copy of the above- referenced transcripts has ever been received by the Petitioner. Upon information and belief, that being the District Attorney's Office, the District Attorney's Office has unsealed copies of the transcripts for 13 and 16 August 2012. In addition, upon information and belief, that being Respondent District Attorney, Respondent District Attorney Vance opposes the unsealing of the court minutes for 13 August 2012, 16 August 2012, and 25 September 2012. Respondent District Attorney Vance also refuses to provide the Petitioner would an

unsealed copy of thee search warrant documents that are the subject of this Petition.

7.  Upon information and belief, that being the official records of the Supreme Court

    Criminal Term, maintained by the Clerk of the Court, the unsealed portions of the court

    minutes – for 16 August 2012 – reference search warrant affidavits and search warrant

    minutes. *See* Exhibit 8, app. p. A087. Petitioner does not have an unredacted copy of the

    afore-mentioned search warrant affidavits or search warrant minutes. The Petitioner

    requested this information, and has always been willing to pay any cost related to

    obtaining unredacted copies of said information. Respondent District Attorney has

    refused to provide the afore-mentioned information.

8.  Petitioner states that unsealed copies of the above-mentioned documents – in sections 6

    and 7 *supra* -- are necessary for the Petitioner to make a motion to vacate her plea of

    guilty (in the case involving Indictment Number 00751-2012), pursuant to N.Y. CRIM.

    PROC. LAW § 440.10.

9.  In January of 2021, this Office contacted the Supervisor for the Court Reporters – Mr.

    Randy Berkowitz – and Ms. Maureen Postel – to obtain the minutes for 13 August 2012,

    16 August 2012, and 25 September 2012. Petitioner informed the Respondents that the

    Petitioner was prepared to pay any and all costs or expenses to obtain the above-

    mentioned court transcripts. This Office informed Respondent Court Reporters that this

    Office represents Petitioner Anna Gristina, on Indictment Number 00751-2012, and that

    the Petitioner was – and is -- prepared to bear all costs associated with obtaining the

    Court minutes for the above-referenced dates.  Upon information and belief, that being

    Respondent Maureen Postel – the minutes for 13 and 16 August 2012 were sealed

pursuant to the Order of Respondent Justice Juan Merchan. Respondent Court Reporter Maureen Postel refused to provide the Petitioner with an unsealed transcript for 13 August 2012, and 16 August 2012, with a Court Order unsealing the Court Minutes for the afore-mentioned dates.

10.    A Notice of Appearance, a release, and a Motion to Unseal were filed with the Court —- with proper service on the District Attorney – on 11 January 2021. Exhibit 3 (Notice of Motion, Motion, and Release), app. p. A003.

11.    On 1 March 2021, Assistant District Attorney Julio Cuevas, Jr. –  in an off the record communication involving Counsel for the Petitioner and a Court Official – stated that "The minutes for 8/16/12 are sealed and cover a court appearance by the co-defendant. Gristina's case was not called." Petitioner's Counsel informed the Court that this was an incorrect statement of fact. Exhibit 4 (Attorney Affidavit), app. p. A023.

12.    Petitioner emphasized to the Respondents that the Petitioner was a party to Indictment Number 00751-2012, that Petitioner was prepared to pay all costs for the minutes, and that Petitioner was present in Court on 16 August 2012. *See e.g.*, Exhibit 4 (Attorney Affidavit), Exhibit 8: app. p. A085 - A090.

13.    On 2 March 2021, the Petitioner – and an Assistant District Attorney – appeared before Respondent Justice Juan Merchan. Respondent Justice Merchan held any decision regarding the Petitioner's application in abeyance pending a response by the District Attorney, and the receipt of additional information. The transcript of the 2 March 2021

A134

calendar call is attached as Exhibit 5 (Transcript of 2 March 2021 calendar call)[1], *see also* Exhibit 4 (Attorney Affidavit).

14.   On or about 2 March 2021, a request was made  – on Respondent Court Reporter Maureen Postel – for an excerpt of the 13 and 16 August 2012 material relating only to the unsealed portion of the transcript containing the Court's Order sealing the transcript – without exposing, or providing, any of the information that had been ordered sealed by the Court. Upon information and belief, that being Respondent Maureen Postel, she consulted with her supervisor – Respondent Randy Berkowitz – and she was told that she could only provide an unsealed excerpt of the court minutes for 13 and 16 August 2012, that the excepts would only contain the unsealed portion of the transcript where the Court ordered the transcript sealed. The Petitioner paid the fee for the excerpted unsealed portions of the transcript for 13 August 2012, and 16 August 2012. On 4 March 2021, Respondent Court Reporter Maureen Postel provided the Petitioner with the excerpted unsealed portions of the transcript for 13 August 2012, and 16 August 2012.  *See* Exhibit 8: app. pp. A079 - A081; A085 - A090. The aforementioned excerpted unsealed portions of the transcripts (Exhibit 8: app. pp. A079 - A081; A085 - A090), were served on Respondent District Attorney Vance on 12 March 2021, and filed with the Clerk of the Court on 12 March 2021: New York Supreme Court Criminal Term Notification of Filing: Electronic Document Delivery System Document(s) ID: VXGSQX.

15.   Upon information and belief, that being Respondent Maureen Postel and Respondent

---

[1] The transcript for 2 March 2021 was filed with the Clerk of the Court of the Supreme Court of the State of New York: New York County Criminal Term. *See* Exhibit 6.

Randy Berkowitz, the court minutes for 13 February 2012 and 16 February 2012 were sealed pursuant to Respondent Justice Merchan's Order. The Respondent Court Reporters refused to provide the unsealed portions of the transcripts for 13 and 16 August 2012 absent a Court Order.

16.     Respondent District Attorney Vance filed a response to the Petitioner motion to unseal the transcript in a case where she is a party. Exhibit 8, app. p. A092 - A096; Exhibit 7 (Respondent District Attorney Response) app. p. A067 - A068. The Respondent District Attorney's claim that sealed transcripts were inadvertently provided to Petitioner Anna Gristina is incorrect. The unsealed excerpts that were provided to Petitioner Counsel – as stated in section 12 *supra* – were unsealed excerpts from 13 August, and 16 August, 2012. *See* Exhibit 8 (Reply Affidavit) app. p. A069.

17.     Upon information and belief, that being Senior Court Reporter Randy Berkowitz and Retired Senior Court Reporter Linda Castellano, Court Reporter Linda Castellano is retired. Petitioner Anna Gristina pled guilty to the charge, alleged in Indictment Number 00751-2012, on 25 September 2012. Upon information and belief, that being Respondent Randy Berkowitz, a portion of the Court minutes for 25 September 2012 are sealed pursuant to Respondent Justice Merchan's Order. Respondent Berkowitz refuses to provide the unsealed portion said transcript absent a Court Order.

18.     On 22 March 2021, Judge Merchan issued an Order denying the Petitioner access to the entire transcript for 13 August 2012 and 16 August 2012. Exhibit 9 (Decision and Order) app. p. A097. The court minutes for the Petitioner's guilty plea under Indictment 00751-2012 – on 25 September 2012 – are partially sealed pursuant to the Respondent Justice

Merchan's Order.

19.    Respondent District Attorney has refused to provide an unredacted copy of any search warrant minutes, or search warrant affidavits, referenced in the court minutes that are the subject of this petition.

20.    After 22 March 2021, Petitioner was informed by Respondent Randy Berkowitz that a portion of the transcript for 25 September 2012 was sealed. Petitioner offered to pay all cost associated with obtaining the transcript; but was told by Respondent Randy Berkowitz that, absent a court order, Respondent Berkowitz would not provide the complete unsealed transcript of the calendar call on 25 September 2012 when the Defendant entered a plea of guilty.

21.    The Respondents have refused to provide the Petitioners with the documents that are the subject of this Petition. The Respondents still refused to provide the Petitioner with court transcripts that are the subject of this Petition: the Petitioner was – and is – still willing to pay all costs associated with obtaining the documents that are the subject of this Petition. After Respondent Judge Merchan issued his Decision and Order on 22 March 2021, Respondent Court Reporters still refused to provide thee Petitioner with a complete, unsealed, copy of the transcripts for the following court dates involving Indictment Number 00751-2012: (1) 13 August 2012, (2) 16 August 2012, and (3) 25 September 2012.

22.    Petitioner filed an Affidavit of Compliance with the Court's Order. Exhibit 10 (Affidavit of Compliance) app. p. A103.

23.    Respondent Court Reporters have refused, and continue to refuse, to comply with

A137

Petitioner's demand that Respondents furnish a complete unsealed copy of the transcripts for 13 and 16 August 2012, and 25 September 2012, to Petitioner at Petitioner's expense.

24. Respondent District Attorney has refused, and continues to refuse, to comply with Petitioner's demand that the Respondent District Attorney provide an unredacted copy of the search warrant affidavit, and the search warrant minutes, that are discussed in court on 16 August 2012, at Petitioner's expense.

25. Respondent Judge Merchan has forbidden and continues to forbid Respondent Court Reporter Maureen Postel, and Respondent Court Reporter Randy Berkowitz from complying with the Petitioner's demand. The action of Respondent Justice Merchan is without just cause and is arbitrary, capricious, and unreasonable, and exceeds the jurisdiction and powers of a Justice of the Supreme Court of the State of New York in New York County.

26. By reason of the Respondents' unlawful actions, the Petitioner has been denied her fundamental constitutional right to put on a defense – as that defense relates to Petitioner"s intent to make a motion to vacate the judgment (regarding Indictment Number 00751-2012), pursuant to N.Y. CRIM. PROC. LAW § 440.10.  U.S. CONST. amend. XIV, N.Y. CONST. art. I, § 6.

27. By reason of the Respondents' unlawful actions, the Petitioner is being denied procedural due process – pursuant to the Fourteenth Amendment, because the Petitioner is a party to New York County Indictment Number 00751-2012, and the Petitioner – as a party to the proceeding – has a clear legal right to the transcripts in her case, and she is willing to pay for said transcripts. N.Y. JUD. LAW §§ 300, 301, U.S. CONST. amend. XIV, N.Y.

A138

CONST. art. I, § 6.

28.   By reason of the Respondents' unlawful actions, the Petitioner has been denied the equal
      protection of the law because Respondent District Attorney Vance has been allowed to
      pay for, and receive, unsealed copies of the transcripts for 13 August 2012, 16 August
      2012, and 25 September 2012, and the Petitioner has not been allowed to pay for , and
      receive, unsealed copies of the transcripts for 13 August 2012, 16 August 2012, and 25
      September 2012. U.S. CONST. amend. XIV, N.Y. CONST. art. I, § 11.

29.   By reason of the Respondents' unlawful actions, the Petitioner is being denied her
      constitutional right of access to the Courts – in violation of the Fourteenth Amendment –
      because the State has set up a system of review pursuant to N.Y. CRIM. PROC. LAW §
      440.10, and the Respondents are denying the Petitioner access to the Courts because the
      Respondents are refusing to allow the Petitioner access to court transcripts, and search
      warrant material, so that the Petitioner can make a motion to vacate her plea – under
      Indictment Number 00751-2012 – pursuant to N.Y. CRIM. PROC. LAW § 440.10. U.S.
      CONST. amend. XIV, N.Y. CONST. art. I, § 6.

      WHEREFORE, Petitioner prays for a judgment under N.Y. C.P.L.R. art. 78 requiring
Respondent Maureen Postel to furnish to the Petitioner a complete unsealed copy of the
transcripts for 13 August 2012, and for 16 August 2012, in the case of *The People of State of
New York v. Anna Gristina and Jaynie Baker*, New York County Indictment Number 00751-
2012, upon Petitioner's payment or tender of payment of Respondent Postel's lawful fees
thereof, that a judgment be entered under N.Y. C.P.L.R. art. 78 requiring Respondent Randy
Berkowitz to furnish to the Petitioner a complete unsealed copy of the transcripts for 25

13

A139

September 2012, in the case of *The People of State of New York v. Anna Gristina and Jaynie Baker*, New York County Indictment Number 00751-2012, upon Petitioner's payment or tender of payment of Respondent Berkowitz's lawful fees thereof, that a judgment be entered under N.Y. C.P.L.R. art. 78 requiring Respondent District Attorney Cyrus Vance to furnish to the Petitioner a complete unredacted copy of the search warrant minutes, and the search warrant affidavit, that is discussed in Court on 16 August 2012, in the case of *The People of State of New York v. Anna Gristina and Jaynie Baker*, New York County Indictment Number 00751-2012, upon Petitioner's payment or tender of payment of Respondent Vance's lawful fees thereof; and, a Judgment under N.Y. C.P.L.R. art. 78 prohibiting Respondent Judge Merchan from giving any direction, or issuing any Order, forbidding the Respondents to perform the acts as stated herein for relief, requiring Respondent Judge Merchan to withdraw any such direction forbidding the Respondents to perform the acts as stated herein for relief, and for such other and further relief as the Court shall deem just and proper.

Date:   7 June 2021
        Bronx, New York

Lawrence P. LaBrew, Esq.     Date
Attorney & Counselor-at-Law
Law Office of Lawrence LaBrew
Attorney for Ms. Anna Gristina
30 Wall Street 8th Floor
New York, New York 10005-2205
Tel: (212) 385-7500
Fax:(212) 385-7501
E-mail: labrewlaw@gmail.com

A140

## VERIFICATION

Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew, do hereby swear under the penalty of perjury – pursuant to N.Y. C.P.L.R. 2106 – that the following facts are true, except as to matters alleged on information and belief, and as to those matters, I believe them to be true. I am the attorney for the Petitioner, and I currently represent the Petitioner in the underlying criminal matter in the Supreme Court of the State of New York, New York County, Criminal Term. My Office is located at 30 Wall Street, Floor 8, New York, New York 10005-2205, which is within New York County. This verification is made by me for two reasons: ( 1) Petitioner Anna Gristina is not within the County of New York, which is the County where I have my Office, and (2) All of the material allegations of the Petition are within my personal knowledge. I currently represent the Petitioner on New York County Indictment Number 00751-2012. I have read the foregoing Petition and know its contents. The Petition is true to my knowledge, except as to matter alleged on information and belief, and as to those matters, I believe them to be true.

_7 June 2021_

Lawrence P. LaBrew, Esq.   Date
Attorney & Counselor-at-Law
Attorney for Petitioner Anna Gristina

False statements made in this written instrument are punishable as a Class A Misdemeanor pursuant to section 210.45 of the New York State Penal Law, and as other crimes.

A141

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
----------------------------------------------------------------------
In the Matter of the Application of Ms. Anna Gristina,

                            Petitioner,

For a Judgment Under Article 78 of the CPLR in
the nature of Prohibition and Mandamus,

                                              **MEMORANDUM OF LAW**

              -against-                        Case Number 2021-01469

The Honorable Justice Juan Merchan,
New York County District Attorney Cyrus Vance,
Senior Court Reporter Randy Berkowitz, and
Senior Court Reporter Maureen Postel,

                            Respondents,
----------------------------------------------------------------------

TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    Constitutional Provisions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    Federal Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    New York State Statutes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    New York State Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

EXHIBIT LIST. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

QUESTIONS PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

A142

DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

The Respondents have denied the Petitioner procedural due process because the
    Petitioner is willing to pay all costs associated with obtaining the unsealed
    transcripts and the unredacted search warrant material; and, the Petitioner
    has a clear legal right to the transcripts – pursuant to N.Y. JUD. LAW §
    300 – because she is a party to the action. . . . . . . . . . . . . . . . . . . . . . . . 24

The Respondents have denied the Petitioner due process of law by violating her
    constitutional right of access to the courts – so that the Petitioner can make
    a motion to vacate the judgment in her criminal case pursuant to N.Y.
    CRIM. PROC. LAW 440.10 –  by denying the Petitioner access to
    unsealed, and unredacted, copies of the search warrant material referenced
    in court on 16 August 2012; and, by denying the Petitioner access to the
    entire unsealed transcripts for the following court dates: (1) 13 August
    2012, (2) 16 August 2012, and (3) 25 September 2012.. . . . . . . . . . . . . 25

The Petitioner has pled guilty and been sentenced: the court transcripts and
    search warrant documents are public record... . . . . . . . . . . . . . . . . . . . . . 26

The Respondents have denied the Petitioner the equal protection of the law
    because Respondent District Attorney Vance has been allowed to pay for,
    and receive, unsealed copies of the transcripts for 13 August 2012, 16
    August 2012, and 25 September 2012, and the Petitioner has not been
    allowed to pay for , and receive, unsealed copies of the transcripts for 13
    August 2012, 16 August 2012, and 25 September 2012. . . . . . . . . . . . . 28

The Petitioner's right to move to vacate the Judgment in her criminal court case –
    pursuant to N.Y. CRIM. PROC. LAW § 440.10 – is a right that is
    encompassed within the Petitioner's constitutional right to put on a
    defense: the Petitioner cannot file a proper motion to vacate the Judgment
    without an unsealed copy of the transcript for 13 August 2012, 16 August
    2012, 25 September 2012, and the unredacted search warrant material
    referenced on the record on 16 August 2012.. . . . . . . . . . . . . . . . . . . . . . 28

A143

TABLE OF AUTHORITIES

Constitutional Provisions

U.S. CONST. amend. XIV.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 25, 28, 29

N.Y. CONST. art. I, § 6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 24, 29

N.Y. CONST. art. I, § 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Federal Cases

*Board of Regents v. Roth*, 408 U.S. 564, 92 S. Ct. 2701 (1972). . . . . . . . . . . . . . . . . . . . . . . 24

*Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 1049 (1973). . . . . . . . . . . . . . . 29

*Griffin v. Illinois*, 351 U.S. 12, 18, 76 S. Ct. 585, 590 (1956) . . . . . . . . . . . . . . . . . . . . . . . . 28

*Holmes v. South Carolina*, 547 U.S. 319, 126 S. Ct. 1727 (2006). . . . . . . . . . . . . . . . . . . . . . 29

*Nixon v. Warner Communications*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312 (1978) . . . . . . . . 22

*Rinaldi v. Yeager*, 384 U.S. 305, 310-11, 86 S. Ct. 1497, 1500 (1966). . . . . . . . . . . . . . . . . . 25

*Taylor v. Illinois*, 484 U.S. 400, 409, 108 S. Ct. 646, 653 (1988). . . . . . . . . . . . . . . . . . . . . . 29

*Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923 (1967).. . . . . . . . . . . . . . . . . . . . 29

*Webb v. Texas*, 409 U.S. 95, 98, 93 S. Ct. 351, 353 (1972).. . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S. Ct. 507, 510 (1971). . . . . . . . . . . . . . . 24

New York State Statutes

N.Y. CRIM. PROC. LAW 440.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22, 25, 28, 29

N.Y. JUD. LAW § 300 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 23, 24

N.Y. PENA LAW § 230.25 (1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

New York State Cases

*Applehead Pictures LLC v. Perelman*, 80 A.D.3d 181, 192, 913 N.Y.S.2d 165, 174 (1st Dept. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Gliklad v Deripaska*, 185 AD3d 512, 513, 128 N.Y.S.3d 489, 490 (1st Dept. 2020). . . . . . . . . . 22

*Held-Cummings v. Osmundson*, 160 A.D.3d 1493, 1494, 76 N.Y.S.3d 343, 344 (4th Dept. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*In re Twentieth Century Fox Film Corp.*, 190 A.D.2d 483, 486, 601 N.Y.S.2d 267, 269 (1st Dept. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*In re Weinreb*, 31 A.D.3d 108, 109, 815 N.Y.S.2d 696, 697 (2nd Dept. 2006) . . . . . . . . . . . . . . 26

*Moore v. Santucci*, 151 A.D.2d 677, 680, 543 N.Y.S.2d 103, 107 (2nd Dept. 1989) . . . . . . . . 27

*Mosallem v Berenson*, 76 AD3d 345, 348, 905 N.Y.S.2d 575, 578 (1st Dept 2010) . . . . . . . 22, 27

*New York Post Corp. v. Leibowitz*, 2 N.Y.2d 677, 683-84, 163 N.Y.S.2d 409, 413-14 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 26

*People v. Weis*, 33 A.D.2d 654, 654, 305 N.Y.S.2d 135, 136 (4th Dept. 1969) . . . . . . . . . . . . . 26

*Werfel v. Fitzgerald*, 23 A.D.2d 306, 309–12, 260 N.Y.S.2d 791, 795–98 (2nd Dept 1965). . . . . 27

EXHIBIT LIST

Exhibit 1: True Copy of Indictment Number 00751-2012.. . . . . . . . . . . . . . . . . . . . . . . . . . . A001

Exhibit 2: Certificate of Disposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A002

Exhibit 3: Notice of Motion to Unseal and Attached Exhibits. . . . . . . . . . . . . . . . . . . . . . . .A003

Exhibit 4: Attorney Affidavit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .A016

Exhibit 5: Transcript 2 March 2021.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .A046

Exhibit 6: Affidavit: Minutes for 03/02/2021 Filed with the Clerk of the Court . . . . . . . . . .A063

Exhibit 7: District Attorney"s Response. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .A067

Exhibit 8: Defendant's Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .A069

Exhibit 9: Court's Decision and Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A097

Exhibit 10: Defendant's Affidavit of Compliance with Court Order. . . . . . . . . . . . . . . . . . . A103

A146

QUESTIONS PRESENTED

I.  The Respondents have denied the Petitioner procedural due process because the
    Petitioner is willing to pay all costs associated with obtaining the unsealed transcripts and
    the unredacted search warrant material; and, the Petitioner has a clear legal right to the
    transcripts – pursuant to N.Y. JUD. LAW § 300 – because she is a party to the action.

II. The Respondents have denied the Petitioner due process of law by violating her
    constitutional right of access to the courts – so that the Petitioner can make a motion to
    vacate the judgment in her criminal case pursuant to N.Y. CRIM. PROC. LAW 440.10 –
    by denying the Petitioner access to unsealed, and unredacted, copies of the search warrant
    material referenced in court on 16 August 2012; and, by denying the Petitioner access to
    the entire unsealed transcripts for the following court dates: (1) 13 August 2012, (2) 16
    August 2012, and (3) 25 September 2012.

III. The Petitioner has pled guilty and been sentenced: the court transcripts and search
     warrant documents are public record.

IV. The Respondents have denied the Petitioner the equal protection of the law because
    Respondent District Attorney Vance has been allowed to pay for, and receive, unsealed
    copies of the transcripts for 13 August 2012, 16 August 2012, and 25 September 2012,
    and the Petitioner has not been allowed to pay for , and receive, unsealed copies of the
    transcripts for 13 August 2012, 16 August 2012, and 25 September 2012.

V.  The Petitioner's right to move to vacate the Judgment in her criminal court case –
    pursuant to N.Y. CRIM. PROC. LAW § 440.10 – is a right that is encompassed within
    the Petitioner's constitutional right to put on a defense: the Petitioner cannot file a proper
    motion to vacate the Judgment without an unsealed copy of the transcript for 13 August
    2012, 16 August 2012, 25 September 2012, and the unredacted search warrant material
    referenced on the record on 16 August 2012.

A147

DISCUSSION

The Petitioner is a party to Indictment Number 00751-2012: she was one of the Defendants in the case; therefore, she has a right to the unsealed transcripts, and unredacted search warrant materials. The Petitioner was, and is, willing to pay for the afore-mentioned documents, and she has a clear right to the documents, and transcripts for any motion the Petitioner may choose to make to vacate the judgment in her case. The Respondents are denying the Petitioner due process of law, because the Petitioner has a clear legal right to the material, and by deny the Petitioner access to the material, the Respondents have prevented the Petitioner from exercising her fundamental constitutional right of access to the Court to make a motion to vacate the judgement in her case pursuant to N.Y. CRIM. PROC. LAW § 440.10. Finally, the court transcripts, and search warrant documents, are public records; because, the Defendant has pled guilty and been sentenced.

In the State of New York, and in the United States, there is a presumption that court rooms, and court documents will be open for public inspection. *Nixon v. Warner Communications*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."), *In re Twentieth Century Fox Film Corp.*, 190 A.D.2d 483, 486, 601 N.Y.S.2d 267, 269 (1st Dept. 1993) ("There is no question that there is a general public interest in disclosure of court records . . . ."), *Mosallem v Berenson*, 76 AD3d 345, 348, 905 N.Y.S.2d 575, 578 (1st Dept 2010) ("Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records . . . ."), *Gliklad v Deripaska*, 185 AD3d 512, 513, 128 N.Y.S.3d 489, 490 (1st Dept. 2020) ("New York

22

has a 'long-standing, sound public policy 'that all judicial proceedings, both civil and criminal, are presumptively open to the public' . . . ."), and *Applehead Pictures LLC v. Perelman*, 80 A.D.3d 181, 192, 913 N.Y.S.2d 165, 174 (1st Dept. 2010).

In this case, the Petitioner has a clear legal right to the documents in question, because the Petitioner is the Defendant in the case; and, the Petitioner is prepared to pay all costs for the documents in question. N.Y. JUD. LAW § 300 ("The stenographer shall, upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole or any part of his minutes, in any case reported by him, to any party to the action requiring the same.").

This proceeding is the appropriate vehicle to compel the Respondents – upon payment of all fees and costs – to furnish the Petitioner with the unsealed transcripts, and the unredacted search warrant documents. *New York Post Corp. v. Leibowitz*, 2 N.Y.2d 677, 683-84, 163 N.Y.S.2d 409, 413-14 (1957) ("We address ourselves first to that branch of the petition which seeks relief against the county judge, respondent Leibowitz. In our view, he clearly exceeded his power in undertaking to direct the stenographer not to furnish any transcript of the charge to the appellant. . . . .

. . . . [I]n a proceeding under article 78 of the Civil Practice Act, 'when a suitor shows a right to some relief the court grants the relief to which he is entitled, unrestricted by the form of the proceedings brought by the aggrieved person.' (See Matter of Newbrand v. City of Yonkers, 285 N. Y. 164, 174.) Whether or not an order in the nature of prohibition is an appropriate remedy on the facts of this case need not detain us. There is ample authority that relief in the nature of mandamus may be granted to compel a public body or officer to refrain from taking particular administrative action in contravention of a clear mandate of law, even though the

23

immediate relief sought is of a preventive rather than an affirmative nature.").

I.      The Respondents have denied the Petitioner procedural due process because the Petitioner is willing to pay all costs associated with obtaining the unsealed transcripts and the unredacted search warrant material; and, the Petitioner has a clear legal right to the transcripts – pursuant to N.Y. JUD. LAW § 300 – because she is a party to the action.

The Respondents have denied the Petitioner procedural due process by refusing to provide the Petitioner with the unredacted search warrant material, and the unsealed court transcripts for the following dates: (1) 13 August 2012, (2) 16 August 2012, and (3) 25 September 2012. *Board of Regents v. Roth*, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972). Such property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.". New York State Judicial Law § 300 states that "The stenographer shall, upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole or any part of his minutes, in any case reported by him, to any party to the action requiring the same." The Petitioner is a party to Indictment Number 00751-2012, and the Petitioner is prepared to pay all costs for the transcripts for the above-referenced dates.

Petitioner Anna Gristina has been convicted by plea of Promoting Prostitution in the Third Degree. N.Y. PENA LAW § 230.25 (1). Exhibit 2 (Certificate of Disposition), app. p. A002. In *Wisconsin v. Constantineau*, the United States Supreme Court held that "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S. Ct. 507, 510 (1971), *see also Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S. Ct. 2701, 2707 (1972); U.S. CONST. amend. XIV, N.Y. CONST. art. I, § 6. The

A150

Petitioner wants to make a motion to vacate the judgment in her case pursuant to N.Y. CRIM.

PROC. LAW § 440.10; and, the Petitioner requires the afore-mentioned documents to make a

proper motion. Respondents' refusal to provide the Petitioner with the afore-mentioned

documents – upon receiving payment – denies the Petitioner procedural due process.

II.      The Respondents have denied the Petitioner due process of law by violating her
constitutional right of access to the courts – so that the Petitioner can make a motion to
vacate the judgment in her criminal case pursuant to N.Y. CRIM. PROC. LAW 440.10 –
by denying the Petitioner access to unsealed, and unredacted, copies of the search warrant
material referenced in court on 16 August 2012; and, by denying the Petitioner access to
the entire unsealed transcripts for the following court dates: (1) 13 August 2012, (2) 16
August 2012, and (3) 25 September 2012.

The New York State legislature enacted New York Criminal Procedure Law § 440.10 to

provide a statutory method for a criminal defendant to move to vacate a judgment in their

criminal case. The Petitioner requires the court transcripts for the motion. The Respondents'

refusal to allow the Petitioner to receive purchase, and receive, a complete unsealed copy of the

transcripts in her case,  denies the Petitioner her constitutional right of access to the courts. In

*Rinaldi v. Yeager* the Supreme Court restated the rule: "This Court has never held that the States

are required to establish avenues of appellate review, but it is now fundamental that, once

established, these avenues must be kept free of unreasoned distinctions that can only impede

open and equal access to the courts. Griffin v. Illinois, 351 U.S. 12; Douglas v. California, 372

U.S. 353; Lane v. Brown, 372 U.S. 477; Draper v. Washington, 372 U.S. 487." *Rinaldi v.*

*Yeager*, 384 U.S. 305, 310-11, 86 S. Ct. 1497, 1500 (1966), U.S. CONST. amend. XIV, N.Y.

CONST. art. I, § 6. The Petitioner should be allowed to purchase the complete unsealed

transcripts in her criminal case.

A151

III.  The Petitioner has pled guilty and been sentenced: the court transcripts and search warrant documents are public record.

    The court transcripts, and the search warrant material, became a public record when the Petitioner was sentenced, and judgment was entered on Indictment Number 00751-2012. The leading case on this issue is *New York Post Corp. v. Leibowitz*, 2 N.Y.2d 677, 143 N.E.2d 256 (1957), *see also In re Weinreb*, 31 A.D.3d 108, 109, 815 N.Y.S.2d 696, 697 (2nd Dept. 2006) ("Upon the respondent's conviction becoming a matter of public record, all documents previously sealed, including the affidavit of compliance which the respondent was authorized to file under seal, pending completion of his cooperation agreement with the prosecution and his conviction becoming a matter of public record, are unsealed.").

    In this case the Petitioner is willing to pay all costs for the unsealed transcripts, and the unredacted search warrant material. *Compare People v. Weis*, 33 A.D.2d 654, 654, 305 N.Y.S.2d 135, 136 (4th Dept. 1969) ("In February, 1954 defendant was convicted of a felony in Monroe County. Thereafter and in February, 1967 appellant was convicted of another felony in Albany County. Using the prior 1954 conviction as a predicate defendant was sentenced as a second offender to a term of 20 to 40 years. In this proceeding he seeks certain public records relating to the 1954 conviction so that he may attack that judgment as obtained in violation of his constitutional rights. . . . We conclude that he is also entitled without charge to a transcript, if in existence of all proceedings, including minutes, from the time of his arraignment in County Court to and including sentencing as well as a copy of the commitment thereon, *citations omitteed.*").

    The transcripts are by statute open records which must be made available to the public

26

A152

during normal business hours, and therefore, they should be made available to the Petitioner –

especially since the Petitioner is the defendant in the case. *Held-Cummings v. Osmundson*, 160

A.D.3d 1493, 1494, 76 N.Y.S.3d 343, 344 (4th Dept. 2018) (". . . [D]efendant does not need a

court order to obtain the transcript. Judiciary Law § 300 provides that "[a] stenographer shall,

upon the payment of his fees allowed by law therefor, furnish a certified transcript of the whole

or any part of his minutes, in any case reported by him, to any party to the action requiring the

same." . . . . Thus, there was no need for a motion if defendant was willing and able to pay for the

transcript."), *Werfel v. Fitzgerald*, 23 A.D.2d 306, 309–12, 260 N.Y.S.2d 791, 795–98 (2nd Dept

1965), *Moore v. Santucci*, 151 A.D.2d 677, 680, 543 N.Y.S.2d 103, 107 (2nd Dept. 1989) (". . .

[T]ranscripts are court records, not agency records (*citations omitted*).").

      In *Mosallem v. Berenson* the Appellate Division stressed the importance of access to

court proceedings and court records.:

> Under New York law, there is a broad presumption that the public is
> entitled to access to judicial proceedings and court records (Mancheski v
> Gabelli Group Capital Partners, 39 AD3d 499, 501, 835 NYS2d 595
> [2007]; Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322,
> 324, 814 NYS2d 110 [2006]; Danco Lab., Ltd. v. Chemical Works of
> Gedeon Richter, Ltd., 274 AD2d 1, 6, 711 NYS2d 419 [2000]). . . . .
> Section 4 of the Judiciary Law requires that, with certain exceptions not
> applicable here, '[t]he sittings of every court within this state shall be
> public, and every citizen may freely attend the same.' Likewise, Sections
> 255 and 255-b of the Judiciary Law mandate that court records and docket
> books be available to the public. The right of access to court proceedings
> and records also is firmly grounded in the common law, 'and the existence
> of the correlating common-law right to inspect and copy judicial records is
> beyond dispute' (Gryphon Dom. VI, LLC, 28 AD3d at 324 [internal
> quotation marks and citations omitted]). We have recognized the broad
> constitutional presumption, arising from the First and Sixth Amendments,
> as applied to the states by the Fourteenth Amendment, that both the public
> and the press are generally entitled to have access to court proceedings
> (id.; Danco Lab., 274 AD2d at 6). . . . . *Mosallem v. Berenson*, 76 A.D.3d

27

345, 348, 905 N.Y.S.2d 575, 578 (1ˢᵗ Dept. 2010).

IV.   The Respondents have denied the Petitioner the equal protection of the law because Respondent District Attorney Vance has been allowed to pay for, and receive, unsealed copies of the transcripts for 13 August 2012, 16 August 2012, and 25 September 2012, and the Petitioner has not been allowed to pay for , and receive, unsealed copies of the transcripts for 13 August 2012, 16 August 2012, and 25 September 2012.

The Petitioner has been denied the equal protection of the law because Respondent

District Attorney Vance has been allowed to pay for, and receive, unsealed copies of the

transcripts in question. The Petitioner has the funds, and is willing to pay to all costs associated

with obtaining unsealed copies of the transcripts in her criminal case. Respondent District

Attorney Vance, and the Petitioner, are both parties to the action: the District Attorney can order

and obtain unsealed copies of the court transcripts: the Defendant cannot order and obtain

unsealed copies of the court transcripts. A party to an action should be allowed to pay for the

unsealed court transcripts in their case. U.S. CONST. amend. XIV, N.Y. CONST. art. I, § 11.

*Compare e.g.*, *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S. Ct. 585, 590 (1956) ("It is true that  a

State is not required by the Federal Constitution to provide appellate courts or a right to appellate

review at all. See, e. g., McKane v. Durston, 153 U.S. 684, 687-688. But that is not to say that a

State that does grant appellate review can do so in a way that discriminates against some

convicted defendants . . . .").

V.   The Petitioner's right to move to vacate the Judgment in her criminal court case – pursuant to N.Y. CRIM. PROC. LAW § 440.10 – is a right that is encompassed within the Petitioner's constitutional right to put on a defense: the Petitioner cannot file a proper motion to vacate the Judgment without an unsealed copy of the transcript for 13 August 2012, 16 August 2012, 25 September 2012, and the unredacted search warrant material referenced on the record on 16 August 2012.

The Petitioner has a constitution right to put on a defense. That fundamental

A154

constitutional right includes the right to file a motion to vacate the judgement pursuant to N.Y. CRIM. PROC. LAW § 440.10. The Respondents are interfering with the Petitioner's fundamental right to put on a defense by refusing to allow the Petitioner to pay for, and obtain the following documents: (1), unsealed copies of the transcripts for 13 August 2012, 16 August 2012, and 25 September 2012, and (2) unredacted copies of the search warrant minutes referenced on 16 August 2012. U.S. CONST. amend. XIV, N.Y. CONST. art. I, § 6, *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923 (1967), *Taylor v. Illinois*, 484 U.S. 400, 409, 108 S. Ct. 646, 653 (1988), *Holmes v. South Carolina*, 547 U.S. 319, 126 S. Ct. 1727 (2006), *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 1049 (1973), and *Webb v. Texas*, 409 U.S. 95, 98, 93 S. Ct. 351, 353 (1972).

WHEREFORE, the Petitioner respectfully requests that the Court grant the relief requested herein, and that the Court grant any other relief that it deems just, equitable, and proper.

Date: 5 June 2021
Bronx, New York

Lawrence P. LaBrew, Esq.    Date
Attorney & Counselor-at-Law
Law Office of Lawrence LaBrew
Attorney for Ms. Anna Gristina
30 Wall Street 8th Floor
New York, New York 10005-2205
Tel: (212) 385-7500
Fax:(212) 385-7501
E-mail: labrewlaw@gmail.com

29

A155

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
-------------------------------------------------------------------
In the Matter of the Application of Ms. Anna Gristina,


                              Petitioner,


For a Judgment Under Article 78 of the CPLR in
the nature of Prohibition and Mandamus,


                                         **NOTICE OF MOTION**
              -against-                  Case Number 2021–01469


The Honorable Justice Juan Merchan,
New York County District Attorney Cyrus Vance,
Senior Court Reporter Randy Berkowitz, and
Senior Court Reporter Maureen Postel,


                              Respondents,

-------------------------------------------------------------------

      Upon the affidavit of Lawrence P. LaBrew, Esq., sworn to on 13 November 2021, the

record on appeal in the Appellate Division, First Department, from the judgment of the Supreme

Court, New York County, entered in the Office of the Clerk of the County of New York on 14

October 2021, in favor of the Respondents, denying and dismissing Petitioner's Application for

an Order, pursuant to Article 78 of the Civil Practice Law and Rules, the Notice of Entry thereof,

the briefs filed therein, the Order of unanimous Decision and Order by the Appellate Division --

denying the application and dismissing the Petition – entered in the Office of the Clerk of the

Appellate Division, First Department, on 14 October 2021, a copy of which was served upon

Petitioner on 18 October 2021, and the Notice of Entry thereof, the Petitioner will move this

Court at the Courthouse thereof, located at 27 Madison Avenue, New York, New York 10010, on

the 29th day of November 2021, at 10:00 o'clock in the morning, for an Order allowing an appeal

to be taken by Petitioner to the Court of Appeals, from the unanimous Decision and Order of the

Appellate Division, pursuant to N.Y. C.P.L.R. 5602 (a) (1), and for such other and further relief

as the Court deems proper.

The grounds upon which this leave is requested are set forth in detail in Petitioner's

Petition, and are concisely stated as follows:

1.    This appeal is required in the interests of substantial justice.

2.    This appeal raises a conflict between federal and state law, as it relates to a criminal

      defendant's right to have access to the courtroom.

3.    There is a question of law, raised in this appeal, that has not been passed upon by this

      Court.

4.    This Motion raises a legal issue – involving N.Y. JUD. LAW § 300 – which requires

      clarification of the law.

5.    This case presents the Court with the opportunity to apply settled law to a particularly

      compelling or novel fact pattern.

6.    Granting such other and further relief as to the Court may deem just and equitable.

PLEASE TAKE FURTHER NOTICE that pursuant to N.Y. C.P.L.R. 2214 (b), answering

affidavits and any other papers in opposition to the above motion, if any, are required to be

2

served upon the undersigned at least two (2) days before the return date of this motion.

DATED:      14 November 2021
               Bronx, New York

                             Yours,

*Lawrence P LaBrew*
_____
Lawrence P. LaBrew, Esq.
Law Office of Lawrence LaBrew
Attorney for Ms. Anna Gristina
30 Wall Street 8th Floor
New York, New York 10005-2205
Tel:    (212) 385-7500
Fax:    (212) 385-7501
e-mail: labrewlaw@gmail.com

TO:    Attorney General Letitia James
       New York State Attorney General's Office
       28 Liberty Street
       New York, NY 10005
       By:    AAG Miranda Onnen
             Tel:    (212) 416-6696
             e-mail: Miranda.Onnen@ag.ny.gov

       ADA Julio Cuevas, Jr.
       New York County District Attorney's Office
       1 Hogan Place
       New York, New York 10013
       Tel:    (212) 335-9098
       e-mail: CUEVASJ@dany.nyc.gov, casetrack@dany.nyc.gov

       Mr. Randy Berkowitz
       Senior Court Reporter
       Supreme Court of the State of New York
       New York County: Criminal Term
       111 Centre Street
       New York, New York 10013
       Tel:    (646) 386-4400
       e-mail: rberkowi@nycourts.gov

Ms. Maureen Postel
Senior Court Reporter
Supreme Court of the State of New York
New York County: Criminal Term
111 Centre Street
New York, New York 10013
Tel:     (646) 386-4400
e-mail: louismaureen@aol.com

4

A159

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
----------------------------------------------------------------------
In the Matter of the Application of Ms. Anna Gristina,

                      Petitioner,

For a Judgment Under Article 78 of the CPLR in
the nature of Prohibition and Mandamus,

                             -against-

**AFFIDAVIT IN SUPPORT OF MOTION FOR PERMISSION TO APPEAL TO THE COURT OF APPEALS**
Case Number 2021–01469

The Honorable Justice Juan Merchan,
New York County District Attorney Cyrus Vance,
Senior Court Reporter Randy Berkowitz, and
Senior Court Reporter Maureen Postel,

                      Respondents,

----------------------------------------------------------------------

       I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following facts are true, and as to those statements made upon information and belief, that I believe them to be true:

7.     I am the attorney for Petitioner Anna Gristina, and I am familiar with the facts and circumstances involved in this litigation.

8.     I offer this affidavit in support of the Petitioner's Motion for leave to appeal to the Court of Appeals from a Decision and Order of this Court, dated 14 October 2021. A copy of this Court's Decision and Order is attached as Exhibit 1.

A160

9.    A true copy of the Petitioner's Petition – invoking the Court's original jurisdiction is

attached as Exhibit 2; and, a true copy of the lower court's decision and order is attached

as Exhibit 3.

TIMELINESS

10.    This Court's Decision and Order, with Notice of Entry, was served on Counsel for

Petitioner on 18 October 2021. *See* correspondence dated 18 October 2021, and Order

with Notice of Entry, attached as Exhibit 4. Therefore, this Motion for leave to appeal is

timely under N.Y. C.P.L.R. 5513 (b).

11.    Pursuant to N.Y. C.P.L.R. 5516, this motion is noticed to be heard at a motion day at least

eight days, and not more than fifteen days, after the Notice of Motion was served.

JURISDICTION

12.    This Court has jurisdiction to grant leave to the Court of Appeals, because this Court

issued a Decision and Order which finally determined the action and which is not

appealable as of right. *See* N.Y. C.P.L.R. 5602 (a) (1) (i).

QUESTIONS PRESENTED

13.    The following questions of law should be reviewed by the Court of Appeals:

a.    Is an Article 78 proceeding, in the nature of Prohibition or Mandamus, a proper

vehicle for a criminal defendant to seek redress, when that criminal defendant

wants to vacate the judgement in their case pursuant – pursuant to N.Y. CRIM.

PROC. LAW § 440.10 – and the Judge issues a order denying the Defendant

access to the court transcripts and search warrant material in the Defendant's case.

b.    Does a trial court have the discretion to deny a Defendant access to the transcripts

6

A161

in the Defendant's criminal case (despite N.Y. JUD. LAW § 300), when that criminal defendant requires the transcripts to make a motion to vacate the judgement in their case pursuant – pursuant to N.Y. CRIM. PROC. LAW § 440.10.

c.  Does the Court's denial of a criminal defendant's request for transcripts, and search warrant material, in their criminal case – so that they can make a motion to vacate the judgment in their case, pursuant to N.Y. CRIM. PROC. LAW § 440.10 – deny that Defendant due process and equal protection of the law under the New York State Constitution, and pursuant to the federal constitution.

d.  Does the Court's denial of a criminal defendant's request for transcripts, and search warrant material, in their criminal case – so that they can make a motion to vacate the judgment in their case, pursuant to N.Y. CRIM. PROC. LAW § 440.10 – deny that Defendant access to the courtroom under the law under the New York State Constitution, and pursuant to the federal constitution.

e.  Under what circumstances, in a criminal case, can a Judge deny a criminal defendant, access to the transcripts and search warrant material in their criminal case, so that the criminal defendant can make a motion to vacate the judgment in their case, pursuant to N.Y. CRIM. PROC. LAW § 440.10.

REASONS FOR REVIEW

14.  This case merits review by the Court of Appeals for the following reasons:

a.  This case merits review by the Court of Appeals, in the interests of substantial justice, and for the following reasons:

7

A162

b.      The federal courts have held that denying the Defendant access to a transcript denies a Defendant equal protection of the law, and due process of law, when the state has set up a statutory scheme for appellate review, and for post-conviction motions. The federal courts have also held that such a denial deprives the criminal defendant of access to the courtroom.

c.      The Court of Appeals has held that a reporter for a newspapers can commence an Article 78 proceeding, in the nature of mandamus or prohibition, to obtain a transcript in a criminal case: a criminal defendant who requires search warrant material, and court transcripts, in their own case, should be able to commence an Article 78 proceeding, in the nature of mandamus or prohibition, so that the Defendant can access the afore-mentioned material to make a motion to vacate the judgment in their case, pursuant to N.Y. CRIM. PROC. LAW § 440.10.

d.      What rules guide a Judge's discretion is deciding whether to seal transcripts (despite the language of N.Y. JUD. LAW § 300) – in a defendant's criminal case – so that the criminal defendant cannot have access to complete unsealed transcripts, and search warrant material, in their criminal case to make a motion to vacate the judgement in their case pursuant to N.Y. CRIM. PROC. LAW § 440.10.

e.      It looks patently unfair when a Judge refuses to allow a criminal defendant access to the transcripts, and search warrant material, in their case to make a motion to vacate the judgment pursuant to N.Y. CRIM. PROC. LAW § 440.10, and the Prosecutor has complete access to the same material. Absent a standard, and given

A163

the statutory mandate regarding transcript (N.Y. JUD. LAW § 300), the Court of Appeals needs to decide what is a proper exercise of discretion in situations like this, because the lack of a standard can have implications statewide.

## STATEMENT OF THE FACTS

15. The facts in this case are as follows:

   a. The Petitioner pled guilty to a felony and was sentenced. After the Petitioner was sentenced, she hired new Counsel, and inquired about making a motion to vacate the judgement in her case pursuant to N.Y. CRIM. PROC. LAW § 440.10.

   b. The Court Reporters informed Petitioner's Counsel that they could not provide Petitioner with unsealed copies of the court transcripts in her criminal case, and the Prosecutor informed Counsel that the People would not provide the Defendant with a complete unredacted copies of the search warrant material in her case.

   c. Judge Merchan sealed the minutes in the Petitioner's criminal case. The Petitioner made a motion to unseal and it was denied.

   d. The Petitioner commenced an Article 78 proceeding in the Appellate Division, in the nature of prohibition and mandamus. The application was denied and the petition was dismissed.

   e. The Petitioner has commenced a proceeding in federal court, seeking prospective relief – in the form of an injunction and a declaratory judgment -- for a violation of the Petitioner's constitutional rights (42 U.S.C. § 1983). *Gristina v. Merchan et al*, Civil Case Number 1:21-cv-08608 (PAC) (SDNY).

WHEREFORE, I respectfully request an Order of this Court granting leave to appeal to

the Court of Appeals, together with such other relief as the Court deems just, proper, and

equitable.

DATE:           14 November 2021
                Bronx, New York

                                        Respectfully,

                                        *Lawrence P LaBrew*
                                        _____

                                        Lawrence P. LaBrew, Esq.
                                        Law Office of Lawrence LaBrew
                                        Attorney for Petitioner Anna Gristina
                                        30 Wall Street 8th Floor
                                        New York NY 10005-2205
                                        Tel:  (212) 385–7500
                                        Fax: (212) 385-7501
                                        Cell: (917) 280-6239
                                        E-mail: labrewlaw@gmail.com

10

A165

# Supreme Court of the State of New York
## Appellate Division, First Judicial Department

Present – Hon.  Barbara R. Kapnick,                    Justice Presiding,
     Anil C. Singh
     Martin Shulman
     Bahaati E. Pitt
     John R. Higgitt,                    Justices.

---

In the Matter of Anna Gristina,              Motion No.   **2021-03883**
   Petitioner,                            Index No.    751/2012
            Case No.     2021-01469
     -against-

Hon. Juan Merchan, etc. et al.,
   Respondents.

---

   Petitioner having moved for leave to appeal to the Court of Appeals from the decision and order of this Court, entered on October 14, 2021 (Appeal No. 14396),

   Now, upon reading and filing the papers with respect to the motion, and due deliberation having been had thereon,

   It is ordered that the motion is denied.

ENTERED: January 11, 2022

Susanna Molina Rojas
Clerk of the Court

A166

Lawrence P. LaBrew, Esq.
Law Office of Lawrence LaBrew
30 Wall Street Floor 8
New York, New York 10005-2205
Tel:     (212) 385-7500
e-mail: lawrencelabrew@verizon.net
New York State Attorney Registration No. 3064896
Attorney for Plaintiff Anna Gristina

UNITED STATES DISTRICT COURT
Southern District of New York

-------------------------------------------------------

ANNA GRISTINA

               Plaintiff

v.

JUAN MERCHAN (in an official capacity)

CYRUS VANCE (in an official capacity)


               Defendants

-------------------------------------------------------

**DECLARATION OF LAWRENCE P. LABREW IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b) (1) AND FED.R. CIV. P. 12 (b) (1)**
Civil Case No. 21-cv-8608 (PAC)
(FED. R. CIV. P. 12 (b) (1) & 12 (b) (6))

Lawrence P. LaBrew, an attorney duly admitted to practice in the United States District Court for the Southern District of New York do hereby swears under the penalty of perjury that the following statements are true:

1.      I am the attorney for Plaintiff Anna Gristina.

2.      On 20 November 2021, the above captioned action commenced when the attached complaint was filed with this Court (Docket No. 1). Exhibit A: Complaint with

1

A167

attachments.

3.     The Plaintiff respectfully asks that this Court take judicial notice of the errata and reply

affirmation that was filed in the Appellate Division First Department, and served on the

parties, in the case of *Gristina v. Merchan et al.*, Case Number 2021-01469. Exhibit B:

Petitioner State Court Appellate Division Reply Affirmation and Errata.

DATE:     2 February 2022
                Bronx, New York

                                  Respectfully submitted,

                                  *Lawrence P LaBrew*
                                ———————————————
                                  Lawrence P. LaBrew, Esq.
                                  Attorney & Counselor at Law
                                  Law Office of Lawrence LaBrew
                                  Attorney for Plaintiff Anna Gristina

A168

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
--------------------------------------------------------------------
In the Matter of the Application of Ms. Anna Gristina,


                        Petitioner,


For a Judgment Under Article 78 of the CPLR in
the nature of Prohibition and Mandamus,


                                              **ERRATA: REPLY AFFIRMATION**
                        -against-             Case Number 2021–01469



The Honorable Justice Juan Merchan,
New York County District Attorney Cyrus Vance,
Senior Court Reporter Randy Berkowitz, and
Senior Court Reporter Maureen Postel,


                        Respondents,


--------------------------------------------------------------------

1.      I am the attorney for Defendant Anna Gristina; and, I, Lawrence P. LaBrew, an attorney

        admitted to practice in all New York State Courts, do hereby swear under the penalty of

        perjury, pursuant to N.Y. C.P.L.R. 2106, that the following facts are true, and as to those

        facts alleged to be upon information and belief, that I believe them to be true:

2.      Paragraph 1. (c) should be corrected to read as follows:

Upon information and belief, that being Respondent Randy Berkowitz, and the Retired Court

Reporter Lynda A. Castellano, the court proceeding on 25 September 2012, involving the case of

*The People of the State of New York v. Anna Gristina and Jaynie Baker*, New York County

1

A169

Indictment Number 00751-2012 (the date that Petitioner Anna Gristina pled guilty), the court

minutes for the afore-mentioned date are partially sealed, and Criminal Defendant Anna Gristina

does not have access to the sealed minutes to make a motion to vacate the judgment in her case

pursuant to N.Y. CRIM. PROC. LAW § 440.10: any person who alleges anything to the contrary

is either incorrect or lying.

WHEREFORE, the Petitioner respectfully requests that the Court grant the relief

requested herein, and that the Court grant any other relief that it deems just, equitable and proper.

DATED:      10 December 2021
            Bronx, New York

Yours,

*Lawrence P LaBrew*

Lawrence P. LaBrew, Esq.
Law Office of Lawrence LaBrew
Attorney for Ms. Anna Gristina
30 Wall Street 8th Floor
New York, New York 10005-2205
Tel:    (212) 385-7500
Fax:    (212) 385-7501
e-mail: labrewlaw@gmail.com

TO:   Attorney General Letitia James
      New York State Attorney General's Office
      28 Liberty Street
      New York, NY 10005
      By:   AAG Miranda Onnen
            Tel:    (212) 416-6696
            e-mail: Miranda.Onnen@ag.ny.gov

      ADA John T. Hughes
      New York County District Attorney's Office
      1 Hogan Place
      New York, New York 10013
      Tel:    (212) 335-9337

A170

e-mail: HughesJ@dany.nyc.gov, motions@dany.nyc.gov, CaseTrack@dany.nyc.gov

Mr. Randy Berkowitz
Senior Court Reporter
Supreme Court of the State of New York
New York County: Criminal Term
111 Centre Street
New York, New York 10013
Tel:     (646) 386-4400
e-mail: rberkowi@nycourts.gov

Ms. Maureen Postel
Senior Court Reporter
Supreme Court of the State of New York
New York County: Criminal Term
111 Centre Street
New York, New York 10013
Tel:     (646) 386-4400
e-mail: louismaureen@aol.com

3

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FIRST DEPARTMENT
--------------------------------------------------------------------
In the Matter of the Application of Ms. Anna Gristina,


                              Petitioner,


For a Judgment Under Article 78 of the CPLR in
the nature of Prohibition and Mandamus,


                                        **REPLY AFFIRMATION**
                    -against-           Case Number 2021–01469




The Honorable Justice Juan Merchan,
New York County District Attorney Cyrus Vance,
Senior Court Reporter Randy Berkowitz, and
Senior Court Reporter Maureen Postel,


                              Respondents,

--------------------------------------------------------------------

      Lawrence P. LaBrew, of the Law Office of Lawrence LaBrew, an attorney licensed to practice law in the State of New York, do hereby submit this Reply in Response to the Respondent's Response to the Petitioner Appellant's Motion for Leave to appeal to the Court of Appeals.

1.     I am the attorney for Defendant Anna Gristina; and, I, Lawrence P. LaBrew, an attorney admitted to practice in all New York State Courts, do hereby swear under the penalty of perjury, pursuant to N.Y. C.P.L.R. 2106, that the following facts are true, and as to those facts alleged to be upon information and belief, that I believe them to be true:

A172

a.  Upon information and belief, that being Respondent Maureen Postel, the court
    proceeding on 13 February 2012, involving the case of *The People of the State of
    New York v. Anna Gristina and Jaynie Baker*, New York County Indictment
    Number 00751-2012, the court minutes for the afore-mentioned date are sealed,
    and Criminal Defendant Anna Gristina does not have access to the sealed minutes
    to make a motion to vacate the judgment in her case pursuant to N.Y. CRIM.
    PROC. LAW § 440.10: any person who alleges anything to the contrary is either
    incorrect or lying.

b.   Upon information and belief, that being Respondent Maureen Postel, the court
    proceeding on 16 February 2012, involving the case of *The People of the State of
    New York v. Anna Gristina and Jaynie Baker*, New York County Indictment
    Number 00751-2012, the court minutes for the afore-mentioned date are sealed,
    and Criminal Defendant Anna Gristina does not have access to the sealed minutes
    to make a motion to vacate the judgment in her case pursuant to N.Y. CRIM.
    PROC. LAW § 440.10: any person who alleges anything to the contrary is either
    incorrect or lying.

c.  Upon information and belief, that being Respondent Randy Berkowitz, and the
    Retired Court Reporter Maureen Postel, the court proceeding on 25 September
    2012, involving the case of *The People of the State of New York v. Anna Gristina
    and Jaynie Baker*, New York County Indictment Number 00751-2012 (the date
    that Petitioner Anna Gristina pled guilty), the court minutes for the afore-
    mentioned date are partially sealed, and Criminal Defendant Anna Gristina does

2

A173

not have access to the sealed minutes to make a motion to vacate the judgment in
her case pursuant to N.Y. CRIM. PROC. LAW § 440.10: any person who alleges
anything to the contrary is either incorrect or lying.

d.     Upon information and belief, that being District Attorney Vance and Justice
       Merchan, the Court File, and all of the papers and proceedings herein, portions of
       the search warrant materials referenced on 13 February 2012, and 16 February
       2012, are sealed, and Criminal Defendant Anna Gristina does not have access to
       the afore-mentioned material to make a motion to vacate the judgment in her case
       pursuant to N.Y. CRIM. PROC. LAW § 440.10: any person who alleges anything
       to the contrary is either incorrect or lying.

2.   The Petitioner has a statutory, and constitutional, right to the transcript in her criminal
     case so that she can make a motion to vacate the judgement in her case pursuant to N.Y.
     CRIM. PROC. LAW § 440.10. This right is protected by the 14th Amendment to the
     United States Constitution, the New York State Constitution, and N.Y. JUD. LAW § 300.
     Except for this case, based on Counsel's research, no court in the State of New York – or
     in the United States of America –  has ever held that a Judge can seal the transcript in a
     criminal case so that the Defendant in said case, cannot access the entire transcript of the
     Defendant guilty plea – and the transcripts in her criminal case – to make a motion to
     vacate a judgment pursuant to N.Y. CRIM. PROC. LAW § 440.10.

3.   Judge Merchan's Order and Decision is not appealable. The only real question for the
     Court regarding this application is whether the Court will allow the Petitioner to vindicate
     her rights now; or, whether she will be forced to file a motion to vacate the judgment –

A174

alleging incidents that happened off the record – without the record. The motion most surely will be denied by Judge Merchan, or any other Judge; because, as a threshold matter, if one is going to allege that something happened off the record, one needs the record. This will result in a clear delay of justice because the Petitioner will have to appeal the denial of the motion to hopefully receive justice.

4.      Now, the general history of this case is as follows:

     a.      On, or about 13 October 2011, Senator Charles Schumer recommended Respondent Juan Merchan for a slot on the bench in the United States District Court for the Eastern District of New York. Exhibit 1.

     b.      On 23 April 2012, Defendant Anna Gristina was arraigned on the underlying indictment, and Judge Merchan set bail.

     c.      On 12 June 2012, the Appellate Division reduced Petitioner Gristina's bail and found that the bail set by Respondent Justice Merchan was unreasonable, and an abuse of discretion. Exhibit 2.

     d.      The Petitioner is alleging that the Petitioner's guilty plea was coerced.

     e.      Justice Merchan issued the Court's Decision and Order in March of 2021.

     f.      After this Court denied the Petitioner's application, the Petitioner commenced an action in the United States District Court for the Southern District of New York seeking prospective relief to obtain the transcripts in her criminal case, so that she can make a motion to vacate the judgment in her New York State Criminal Case.

     g.      Upon information and belief, that being the Washington Post, the Spokesperson for the New York State Unified Court System stating the following with regard to

the above-mentioned federal case: "This is part of a pattern of ongoing litigation where the plaintiff did not prevail in state court so an attempt is being made in federal court." Exhibit 3.

h.     Upon information and belief, that being the National Registry of Exonerations, between 1989 and 2021, the State of New York has had 321 exonerations – New York State is third behind Illinois and Texas.[1]

i.     Petitioner Gristina was arraigned on the underlying criminal case on 23 February 2012.

j.     On 2 December 2021, New York County Assistant District Attorney Patricia Bailey made the following statement to Judge Paul Crotty of the United States District Court for the Southern District of New York, *see* Exhibit 4 (p. 9, lines 23 - 35; p 10, lines 1- 8):

MS. BAILEY:    Your Honor, my understanding of the underlying criminal case is that the record is not sealed but
for the two dates that are the -- portions of the two dates that are part of the application by Mr. LaBrew, either in the appellate division or as part of the complaint here. But, otherwise, the record is not sealed.

THE COURT:    What are those two dates?

MS. BAILEY:    That's August 13th, which was the plea of the co-defendant, not this defendant -- criminal defendant at the time -- and then an *ex parte* application.

THE COURT:    By who?

MS. BAILEY:    By my office.

---

[1] National Registry of Exonerations website: http://www.law.umich.edu/special/exoneration/Pages/Exonerations-in-the-United-States-Map.aspx

5.   In *Pulliam v. Allen*, the United States Supreme Court briefly discussed the history behind the ancient writs. Petitioner cites a portion of the afore-mentioned case herein. *Pulliam v. Allen*, 466 U.S. 522, 532-35, 104 S. Ct. 1970, 1976-77 (1984): "The King's Bench exercised significant collateral control over inferior and rival courts through the use of prerogative writs. The writs included habeas corpus, certiorari, prohibition, mandamus, quo warranto, and ne exeat regno. 1 Holdsworth, at 226-231 (7th ed. 1956). Most interesting for our current purposes are the writs of prohibition and mandamus. The writs issued against a judge, in theory to prevent  him from exceeding his jurisdiction or to require him to exercise it. Id., at 228-229. In practice, controlling an inferior court in the proper exercise of its jurisdiction meant that the King's Bench used and continues to use the writs to prevent a judge from committing all manner of errors, including departing from the rules of natural justice, proceeding with a suit in which he has an interest, misconstruing substantive law, and rejecting legal evidence. See 1 Halsbury's Laws of England paras. 76, 81, 130 (4th ed. 1973); Gordon, The Observance of Law as a Condition of Jurisdiction, 47 L. Q. Rev. 386, 394 (1931)."

"Examples are numerous in which a judge of the King's Bench, by issuing a writ of prohibition at the request of a party before an inferior or rival court, enjoined that court from proceeding with a trial or from committing a perceived error during the course of that trial. See generally Dobbs, The Decline of Jurisdiction by Consent, 40 N. C. L. Rev. 49, 60-61 (1961). The writs were particularly useful in exercising collateral control over the ecclesiastical courts, since the King's Bench exercised no direct review over those tribunals. In *Shatter v. Friend*, 1 Show. 158, 89 Eng. Rep. 510 (K. B. 1691), for example,

6

the court granted a prohibition against the Spiritual Court for refusing to allow the

defendant's proof of payment of a 10-pound legacy, one of the justices concluding that 'it

was an unconscionable unreasonable thing to disallow the proof.' Id., at 161, 89 Eng.

Rep., at 512."

"In *Gould v. Gapper*, 5 East. 345, 102 Eng. Rep. 1102 (K. B. 1804), the court made

explicit what had been implicit in a number of earlier decisions. It held that a writ of

prohibition would be granted not only when a court had exceeded its jurisdiction, but also

when the court, either a noncommon-law court or an inferior common-law court, had

misconstrued an Act of Parliament or, acting under the rules of the civil law, had decided

otherwise than the courts of common law would upon the same subject. The fact that the

error might be corrected on appeal was deemed to be irrelevant to the availability of a

writ of prohibition. In the court's view, the reason for prohibition in such a case was

"[not] that the Spiritual Court had not jurisdiction to construe [the statute], but that the

mischiefs of misconstruction were to be prevented by prohibition." Id., at 368, 102 Eng.

Rep., at 1111."

"Although the King's Bench exercised direct review of the inferior common-law courts, it

also used the writ of prohibition to control those courts. See, e. g., In re Hill, 10 Exch.

726 (1855) (prohibition issued to prevent judge from proceeding in a case in which he, of

his own accord, had amended a claim to an amount within his jurisdiction). The practice

has continued into modern times." *Pulliam v. Allen*, 466 U.S. 522, 532-35, 104 S. Ct.

1970, 1976-77 (1984).

6.  If the Petitioner can be treated in this manner by the Court, then a precedent will be set,

and until there is a ruling otherwise, any criminal defendant in similar set of circumstances will face the same conduct. As the famous author James Baldwin once wrote in an open letter to Angela Y. Davis: "Some of us, white and black, know how great a price has already been paid to bring into existence a new consciousness, a new people, an unprecedented nation. If we know, and do nothing, we are worse than the murderers hired in our name. If we know, then we must fight for your life aas though it were our own – which it is – and render impassable with our bodies the corridor to the gas chamber. For, if they take you in the morning, they will be coming for us that night."

WHEREFORE, the Petitioner respectfully requests that the Court grant the relief requested herein, and that the Court grant any other relief that it deems just, equitable and proper.

DATED:      10 December 2021
                Bronx, New York

Yours,

*Lawrence P LaBrew*

Lawrence P. LaBrew, Esq.
Law Office of Lawrence LaBrew
Attorney for Ms. Anna Gristina
30 Wall Street 8th Floor
New York, New York 10005-2205
Tel:    (212) 385-7500
Fax:    (212) 385-7501
e-mail: labrewlaw@gmail.com

TO:    Attorney General Letitia James
       New York State Attorney General's Office
       28 Liberty Street
       New York, NY 10005
       By:    AAG Miranda Onnen
             Tel:    (212) 416-6696
             e-mail: Miranda.Onnen@ag.ny.gov

8

A179

ADA John T. Hughes
New York County District Attorney's Office
1 Hogan Place
New York, New York 10013
Tel:     (212) 335-9337
e-mail: HughesJ@dany.nyc.gov, motions@dany.nyc.gov, CaseTrack@dany.nyc.gov

Mr. Randy Berkowitz
Senior Court Reporter
Supreme Court of the State of New York
New York County: Criminal Term
111 Centre Street
New York, New York 10013
Tel:     (646) 386-4400
e-mail: rberkowi@nycourts.gov

Ms. Maureen Postel
Senior Court Reporter
Supreme Court of the State of New York
New York County: Criminal Term
111 Centre Street
New York, New York 10013
Tel:     (646) 386-4400
e-mail: louismaureen@aol.com

A180

 LexisNexis®

## *Senate Confirms Two Judges for Southern District Bench*

New York Law Journal (Online)

October 14, 2011 Friday

Copyright 2011 ALM Media Properties, LLC All Rights Reserved Further duplication without permission is prohibited

**Length:** 313 words

**Byline:** Michael J. Paquette, Special to the new york law journal

**Body**

---

The U.S. Senate yesterday confirmed two new judges for the Southern District: Katherine B. Forrest, a deputy assistant U.S. attorney general in the Justice Department's antitrust division who was nominated in May, and Alison J. Nathan, a special counsel to the state solicitor general who was nominated in March.

Ms. Nathan was confirmed by a slim 48-44 vote along party lines. Over the summer, she faced pointed questions from Charles Grassley, R-Iowa, the top Republican on the Senate Judiciary Committee, who asked whether the 39-year-old had enough experience to be a judge, as well as about her views on the death penalty and other issues. Ms. Forrest was easily confirmed by a voice vote. Their confirmation leaves six vacancies at the Southern District; the White House has advanced nominations for four of those slots.

Meanwhile yesterday, Senator Charles Schumer recommended Acting Supreme Court Justice Juan Merchan for the slot on the Eastern District bench left vacant in April when Judge Raymond J. Dearie took senior status. Justice Merchan, 49, was appointed a Court of Claims judge in 2009 by Governor David A. Paterson, and was assigned an acting Supreme Court justice in Manhattan. Before that, he spent about three years on the New York City Family Court bench.

Born in Bogata, Colombia, he immigrated to Queens with his family when he was 6. Justice Merchan graduated from the Maurice A. Deane School of Law at Hofstra

University in 1994 and worked as a Manhattan assistant district attorney and as a state assistant attorney general in the Nassau County regional office before joining the bench.

Mr. Schumer called Justice Merchan, who if nominated by the White House and confirmed by the U.S. Senate he said would be the nation's first Colombian-born federal judge, "the living embodiment of the American dream" who has an "outstanding record of legal excellence."

**Load-Date:** April 12, 2012

---

**End of Document**

A182

Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels, Román, JJ.

8072  The State of New York ex rel.   Index 102344/12
     Gary Greenwald, Esq., on behalf
     of Anna Gristina,
       Petitioner-Appellant,

       -against-

     Dora B. Schriro, etc.,
       Respondent-Respondent.

———————————————

Norman A. Pattis, Bethany, CT, of the bar of the State of Connecticut, admitted pro hac vice, for appellant.

Cyrus R. Vance, Jr., District Attorney, New York (Charles Linehan of counsel), for respondent.

———————————————

   Judgment (denominated an order), Supreme Court, New York County (Charles H. Solomon, J.), entered on or about April 12, 2012, denying petitioner's application for a writ of habeas corpus and dismissing the petition seeking a reduction of bail previously set in the amount of $2 million bond or $1 million cash (Juan M. Merchan, J.), unanimously reversed, on the law, without costs, and the writ granted to the extent of reducing the bail to $250,000, which may be posted in the form of an insurance company bail bond in that sum or by depositing the sum of $125,000 as a cash bail alternative, on the conditions that petitioner surrender any and all passports she may have to the Office of the District Attorney of New York County and is

104

A183

prohibited from applying for any new or replacement passports, and that petitioner arrange for electronic monitoring at her expense and wear an electronic monitoring device upon her release.

After reviewing the entire record and considering the factors set forth in CPL 510.30(2)(a), we find that the amount of bail set by the trial court was unreasonable and an abuse of discretion, and that, taking into account the risk of petitioner's flight, bail in the reduced amount indicated is sufficient to ensure petitioner's attendance (*see e.g. People ex rel. Robinson v Warden*, 135 AD2d 421 [1987]). Among other factors, we note that notwithstanding the notoriety of this case, petitioner is charged with a class D, nonviolent felony and she has no criminal record. In addition, she is a long-term resident of Orange County, is married, and is the mother of four children, including a nine-year-old child, who are United States citizens.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: JUNE 12, 2012

CLERK

105

A184

**The Washington Post** *Democracy Dies in Darkness*

# Trump Organization judge sued by 'Soccer Mom Madam' whose case he handled nearly 10 years ago

By Shayna Jacobs

October 20, 2021 at 6:42 p.m. EDT

NEW YORK — The judge overseeing the criminal case against the Trump Organization and its longtime finance chief was sued Wednesday by a woman whose sensational prosecution in an unrelated case played out in his courtroom nearly a decade ago.

Anna Gristina — whose tabloid moniker "Soccer Mom Madam" fueled news headlines for months — alleged in a lawsuit in federal court that New York Supreme Court Judge Juan Merchan is improperly keeping transcripts from her case sealed and unavailable to her, hindering her quest to vacate her 2012 guilty plea.

Gristina says "her guilty plea was coerced" and is planning to argue for its reversal, the lawsuit states. Her new attorney, Lawrence LaBrew, "needs to determine what was said on the record, and what was not said on the record" before moving forward, says the civil complaint filed in U.S. District Court in Manhattan on Thursday afternoon.

LaBrew is seeking "a declaratory judgment stating that [Gristina] is entitled to the unsealed court minutes" so she can make a "meaningful motion" to overturn her guilty plea.

While lawsuits filed by disgruntled criminal defendants are not uncommon, Gristina's claim — that she cannot access her own trial record to aid her appeal — could invite further examination of established transparency laws and practices.

But her ultimate goal of seeing her plea undone may prove difficult. Motions to undo a voluntary guilty plea are rare, and defendants are often required to waive their appellate rights when they enter into a plea deal.

Gristina, a Scottish-born suburban mother of four who lives upstate, pleaded guilty in September 2012 to a felony count of promoting prostitution in exchange for a sentence of six months in jail, which amounted to time she had already served. She was also sentenced to a five-year probation period.

Discover more of the stories that matter to you. **Select your interests** A185

Manhattan prosecutors said her client list included New York's very wealthy and connected. None of her alleged clients were named publicly or charged, however, and Gristina did not cooperate with investigators from the district attorney's office.

Gristina's dramatic story of living a secret, high-stakes life while living with her family in a wooded area more than an hour from c was the basis for "Soccer Mom Madam," a recent Lifetime network production that portrayed her as the head of a high-end prostitution business based in New York.

Earlier this year, a lawyer for Gristina went in front of Merchan to ask for the records. He ruled in May that Gristina "failed to meet her burden to demonstrate why the sealed minutes" from two dates in mid-August 2012 should be made public.

A state appellate court has upheld Merchan's ruling. LaBrew said he plans to appeal the loss to the state's highest court. He is also seeking relief in Wednesday's lawsuit by asking a federal judge to order Merchan to reverse his decision and unseal the items.

"This is part of a pattern of ongoing litigation where the plaintiff did not prevail in state court so an attempt is being made in federal court," said Lucian Chalfen, a spokesman for the New York State court system.

Gristina has also named Manhattan District Attorney Cyrus R. Vance Jr. as a defendant on the basis that his office argued against releasing the records. A spokesman for Vance did not immediately have a comment.

Merchan, who was first appointed to the bench in 2006 as a family court judge, is handling the criminal case against former president Donald Trump's namesake company and its chief financial officer, Allen Weisselberg. He has asked attorneys in that case to be prepared for a trial late next summer.

Vance's office is prosecuting that case. But he is not seeking reelection and will step down as district attorney at the end of this year.

By Shayna Jacobs

Shayna Jacobs is a federal courts and law enforcement reporter on the national security team at The Washington Post, where she covers the Southern and Eastern districts of New York. 🐦 Twitter



## Today's Headlines



The most important news stories of the day, curated by Post editors and delivered every morning.

Discover more of the stories that matter to you.    Select your interests

A186

1          (Case called)

2          THE DEPUTY CLERK:  Counsel for the plaintiff, please

3     state your appearance.

4          MR. LaBREW:  Good morning, your Honor.  Lawrence

5     LaBrew for Ms. Anna Gristina.

6          THE COURT:  Good morning, Mr. LaBrew.

7          THE DEPUTY CLERK:  For Juan Merchan?

8          MS. ONNEN:  Good morning, your Honor.  Miranda Onnen

9     representing Justice Merchan.

10         THE COURT:  You are with the attorney general's

11    office?

12         MS. ONNEN:  Yes.

13         THE DEPUTY CLERK:  For the district attorney?

14         MS. BAILEY:  Patricia Bailey on behalf of DA Vance

15    from the District Attorney's office.  Good morning, your honor.

16         THE COURT:  Assistant district attorney, how are you?

17         MS. BAILEY:  Good.

18         MR. SANDERS:  Charles F. Sanders, Assistant Attorney

19    General, State of New York, also here for Judge Merchan.

20         THE COURT:  Good morning.

21         MR. LaBREW:  Good morning.

22         THE COURT:  How are you.

23         This is a lawsuit by brought by Mr. LaBrew, and the

24    attorney general and the district attorney want to dismiss it.

25    Who wants to tell me about the lawsuit?

LC25gr1C

```
 1              MR. LaBREW:  I can, your Honor.

 2              THE COURT:  Let me hear about the motion.

 3              MS. ONNEN:  Yes, your Honor.

 4              The attorney general, on behalf of Justice Merchan,

 5      would anticipate, should this go forward, a motion to dismiss

 6      Ms. Gristina's complaint for largely the reasons stated in our

 7      pre-motion letter to this Court, primarily because of the

 8      currently proceeding matter before the state court which would

 9      then be a limitation on this Court's jurisdiction under the

10      Younger principle.

11              The underlying state court was dismissed, the petition

12      denied by the Appellate Division, First Department, and

13      currently is pending as there is a motion for leave to appeal

14      the decision of the First Department and so while that state

15      proceeding is yet ongoing, largely, if not entirely, discussing

16      the exact same matters contained within the complaint,

17      dismissal under Younger would be mandatory at this time as well

18      as the judicial immunity that is afforded to Justice Merchan

19      due to his status as a justice of the New York State Supreme

20      Court given the claims that are laid out in this complaint.  He

21      would have judicial immunity against these claims as they arise

22      from his decision under his color of judicial authority in

23      sealing the underlying transcripts from the criminal matter at

24      hand.

25              THE COURT:  Does Mr. Vance have a different view?
```

[Transcript p. 028]                                              A188

1          MS. BAILEY:   No.   Would you prefer I stand or sit?

2          THE COURT:   Why don't you sit and move closer to the

3     microphone.

4          MS. BAILEY:   Mr. Vance would join in the same

5     application on motion to dismiss under the Younger principle

6     and potentially under the Eleventh Amendment immunity, and

7     there may will be an argument under Rooker-Feldman doctrine.

8          THE COURT:   Mr. LaBrew?

9          MR. LaBREW:   Yes, your Honor.

10          We feel that we have a case.   I will address the

11     immunity issue and briefly the extension issue.   For extension,

12     I am mostly going to rely on the documents already submitted by

13     the prosecution unless the Court wants me to go further into

14     that, which I will do.

15          Regarding the prosecutor's claim of immunity I will

16     cite *Supreme Court v. Consumers Union of the United States*

17     where the Court specifically held, citing *ex parte Young* and

18     *Gerstein v. Pugh*, that prosecutors are not immune for

19     prospective relief regarding ongoing violations.   With regard

20     to judicial immunity, our position is that Judge Merchan is not

21     entitled to judicial immunity in this particular case for a

22     couple reasons.   First, our position is that buying a

23     transcript from a court reporter is not a judicial act, and I

24     will cite the functional approach articulated by the Supreme

25     Court in *Forrester v. White*, 484 U.S. 219, page no. 228, 1988,

1    where the Court said whether the act done by him was judicial

2    or not is to be determined by its character and not by the

3    character of the agent. We will also cite *Mireles v. Waco* for

4    that proposition, and *Bailey v. Fischer* is a similar case.

5           Also, with regard to judicial immunity, we will also

6    note that in this case the position of the plaintiffs is there

7    was a clear absence of jurisdiction for the judge's decision.

8    Under New York State law an individual, who is a party to a

9    case, can purchase a transcript. We brought that to the Court

10   and we are not aware of any case with this type of fact

11   pattern. We will note that this case is different from cases

12   where an indigent defendant seeks a transcript because they're

13   invoking the Court's authority to rule on whether they can

14   receive a transcript. We will note that there is no, with

15   regard to extension and briefly with regard to immunity, we

16   will note that there is no declaratory relief available for

17   Ms. Gristina in state court for a criminal matter and we will

18   also note that Ms. Anna Gristina has no right to appeal in the

19   state court matter. The Judge's decision on the transcript is

20   not appealable under that indictment because the State of New

21   York, in his statute, has specifically stated was appealable in

22   a criminal case and that's New York Criminal Procedure Law

23   450-15 and 450-10. For these reasons, we are of the opinion

24   that the Judge does not have immunity.

25           With regard to extension briefly, just to elaborate on

```
 1    a few points that we didn't articulate in our memo, there is

 2    no --

 3              THE COURT:  You will be given an opportunity to do

 4    that because I'm going to grant the application to make the

 5    motion.

 6              MR. LaBREW:  OK.  Fair enough.  I expected that, your

 7    Honor.

 8              THE COURT:  These pre-motion conferences are not

 9    designed to say no, they're designed to facilitate the orderly

10    transaction of judicial business.

11              MR. LaBREW:  OK.

12              THE COURT:  So when can the attorney general and the

13    district attorney present their papers?

14              MS. BAILEY:  I probably can file by the first week in

15    January, if that's convenient for Court.

16              THE COURT:  30 days?

17              MS. BAILEY:  Yes.

18              THE COURT:  Is that good for the attorney general as

19    well?

20              MS. ONNEN:  Yes.  30 days would be fine for us.

21              THE DEPUTY CLERK:  January 6, motion due.

22              MS. BAILEY:  OK.

23              THE COURT:  Mr. LaBrew, how much time for your

24    response?

25              MR. LaBREW:  I don't think I'm going to need 30 days
```

LC25gri C

```
 1    because I think the issues are crystallized and I can start
 2    writing now.
 3             THE COURT:  OK. .
 4             MR. LaBREW:  So I would ask -- I think three weeks
 5    would probably be fair for me because Ms. Gristina would like
 6    to move the matter along.
 7             THE COURT:  All right.
 8             MR. LaBREW:  Also, for a housekeeping issue, your
 9    Honor, with the letters for conference the Court asks for a
10    courtesy copy and I cited two exhibits that I didn't put in
11    with the courtesy copy.  If the Court wants a copy of those two
12    exhibits I did serve a courtesy copy of the letter, I have
13    those two exhibits.
14             THE COURT:  I don't think I'm going to need them.
15             MR. LaBREW:  OK.
16             THE COURT:  If you want to submit them with your
17    motion response you can do it then.
18             MR. LaBREW:  OK.
19             THE COURT:  I don't need it now.
20             MR. LaBREW:  OK.
21             THE COURT:  For the attorney general and the district
22    attorney, I would like to get your views on the case in the
23    Supreme Court *Sprint Communications v. Jacobs*, 571 U.S. 69, it
24    was decided in 2013.  That is the most recent statement of the
25    Supreme Court on the *Younger* test and the Second Circuit has
```

1 adopted not Younger but Sprint Communications as the law of the

2 Second Circuit so I would like to get your views on that.

3       MS. BAILEY: Yes, your Honor.

4       THE COURT: As I understand it, Mr. LaBrew, most of

5 these documents have already been produced; is that correct?

6 The transcripts have been produced?

7       MR. LaBREW: No, they have not, your Honor.

8       What happened in the case is we got a redacted

9 transcript because I went to the court reporters, they told me

10 that they were willing to give me the transcript if there was

11 an order, of course. So I asked the court reporters, well, I

12 have no record of an order and there is no record in the file.

13 Can you just -- even though it's sealed, can you just generate

14 that portion of the transcript --

15       THE COURT: The whole record has not been sealed, has

16 it?

17       MR. LaBREW: The whole record has been -- the whole

18 record has been sealed -- yes. The whole record has been

19 sealed.

20       THE COURT: Wait a minute.

21       Did you take an appeal from the judgment of

22 conviction?

23       MR. LaBREW: I didn't have the underlying case. She

24 waived her right to appeal in the underlying criminal case and

25 she has no right to appeal in an underlying criminal case.

1      THE COURT:  I am reading the papers that I have as

2  saying there is four or five documents that have not been

3  produced because they've been sealed but the record of the

4  trial proceedings is available to you and it has not been

5  sealed.

6      MR. LaBREW:  The case did not go to trial, this was a

7  plea before trial, and portions of the guilty plea and a few

8  court dates have been sealed.  The only portion that's unsealed

9  that I have -- well, that I had, I no longer have, I was

10  ordered to return that portion, OK, but before it was returned,

11  as soon as I got it I filed it with the Clerk of the Court.

12      So that portion is available as a public record

13  through the Clerk of the Court because it was filed and no one

14  exercised any authority to the extent that they can to have the

15  clerk of the court sealed them but those portions, generally

16  speaking, give or take a little language, they essentially say

17  that I am ordering the minutes to be sealed because the

18  reporters couldn't give me anything else.  They told me they

19  could just give me that portion.

20      THE COURT:  Right.

21      What does the attorney general or district attorney

22  say?

23      MS. BAILEY:  Your Honor, my understanding of the

24  underlying criminal case is that the record is not sealed but

25  for the two dates that are the -- portions of the two dates

1   that are part of the application by Mr. LaBrew, either in the

2   appellate division or as part of the complaint here.  But,

3   otherwise, the record is not sealed.

4           THE COURT:  What are those two dates?

5           MS. BAILEY:  That's August 13th, which was the plea of

6   the co-defendant, not this defendant -- criminal defendant at

7   the time -- and then an *ex parte* application.

8           THE COURT:  By who?

9           MS. BAILEY:  By my office.

10          THE COURT:  Did we do a reply date?

11          THE DEPUTY CLERK:  Yes, Judge.

12          THE COURT:  So we have January 6 for the motion, three

13  weeks for the response, that brings us to the?

14          THE DEPUTY CLERK:  27th.

15          THE COURT:  27th.

16          How much time to reply?

17          MS. BAILEY:  I am away the first two weeks of February

18  but I hate to put it off for so long.

19          THE COURT:  Is there anybody else in the office that

20  can handle it?

21          MS. BAILEY:  I'm sure I can find somebody that

22  could --

23          THE COURT:  I mean the issues are pretty clear here.

24          MS. BAILEY:  Yes, they are.

25          THE COURT:  It doesn't require a lot of scholarship.

[Transcript p. 035]                                    A195

LC25gr1C

```
 1              MS. BAILEY:  Which is not my forte anyway so that's
 2    fine.
 3              THE COURT:  All right.  Two weeks?
 4              MS. ONNEN:  14 days?
 5              THE COURT:  14 days, two weeks.
 6              THE DEPUTY CLERK:  February 10.
 7              THE COURT:  Anything else do today?
 8              MR. LaBREW:  Yes, your Honor.
 9              The Court's -- Judge Merchan's decision in the lower
10    court pretty much clarifies that the minutes at this time are
11    sealed so we will rely on the record for that and we will
12    articulate it more in depth in our papers.
13              THE COURT:  All right.  Fine.  That's why we have
14    motions.
15              Thank you very much.
16              MS. BAILEY:  Thank you, your Honor.
17              MR. LaBREW:  Thank you, your Honor.
18              MR. SANDERS:  Thank you, your Honor.
19                              oOo
20
21
22
23
24
25
```

[Transcript p. 036]                                          A196

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNA GRISTINA,

                              *Plaintiff,*

        -against-

NEW YORK STATE JUDGE JUAN MERCHAN,
in an official capacity, and NEW YORK COUNTY
DISTRICT ATTORNEY ALVIN BRAGG,[1] in an
official capacity,

                              *Defendants.*

---

21-CV-8608 (PAC)

**OPINION & ORDER**

---

Plaintiff Anna Gristina seeks two sealed transcripts related to her prosecution and guilty plea in New York state court. To do so, she brought this action against the state court judge who sealed those transcripts, as well as the District Attorney who opposed her motion to unseal. Both Defendants have moved to dismiss.

Whatever the merits of Gristina's claim, the Court lacks the power to grant her the relief she seeks. Because Gristina has already sought identical unsealing relief in the state appellate court, and because that relief implicates an order that uniquely furthers the state court's judicial function, this Court must abstain from jurisdiction under the *Younger* doctrine. The Court also abstains under the *Rooker-Feldman* doctrine, because Gristina invites this Court to overturn the state trial court's decision. The Court therefore **GRANTS** the motions and **DISMISSES** this case without prejudice.

---

[1] This action was filed initially against Alvin Bragg's predecessor in office, District Attorney Cyrus Vance. By operation of Federal Rule of Civil Procedure 25(d), when a public official named in his official capacity no longer holds an office, his "successor is automatically substituted as a party." The Clerk of Court is directed to amend the caption to reflect this change.

1

A197

## BACKGROUND

The following factual allegations are taken from the Complaint, ECF No. 1, as well documents attached to the Complaint and court filings of which judicial notice can be taken. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019). The Court assumes these allegations are true for purposes of these motions to dismiss. *See id.*

Plaintiff Anna Gristina, known as the "Soccer Mom Madam," was the subject of tabloid coverage for allegedly operating a high-end brothel out of a Manhattan apartment. *See* Complaint at A030–31. She pled guilty in 2012 to promoting prostitution in New York state court. The trial judge in the case, Justice Juan Merchan, sentenced Gristina to six months imprisonment and five years of probation. *Id.* ¶ 11.

Gristina now alleges her guilty plea was coerced and seeks to vacate her conviction. *Id.* ¶ 13. Before she can do so, however, Gristina contends she needs transcripts from two days of trial court proceedings: August 13 and 16, 2012. *Id.* ¶ 16. She originally requested those transcripts from the state court reporters but only received portions of each transcript, as the remainder had been sealed. *Id.* ¶ 22.

Gristina then went to Justice Merchan in the trial court. She filed a motion to unseal the remainder of the transcripts, which the New York County District Attorney opposed. *Id.* ¶¶ 22, 23. Justice Merchan, in a written decision, denied the request to unseal the transcripts under his discretionary authority. *Id.* at ¶ 25; *see generally id.* at A002–07 (the "Trial Court Decision"). Regarding the August 13 transcript, Justice Merchan noted Gristina had not been present, as the matter involved Gristina's co-defendant only. *See* Trial Court Decision at A004. Regarding the

A198

August 16 transcript, Justice Merchan noted it involved an *ex parte* matter by the District Attorney. *See id.* Neither transcript,[2] therefore, involved Gristina or her guilty plea.[3]

Gristina then went to the Appellate Division, First Department. She filed a mandamus petition under Article 78 of New York's Civil Practice Law and Rules seeking to compel Justice Merchan to unseal the transcripts. *Id.* at ¶ 27; *see also generally* Declaration of Patricia J. Bailey, Ex. 1, ECF No. 27-1 (the "Article 78 Petition"). The First Department dismissed her petition without elaboration. *See* Complaint at A001. At the time she filed her Complaint in this case, Gristina "intend[ed] to appeal" that dismissal to the New York Court of Appeals. *See id.* ¶ 28. However, her motion for leave to appeal has subsequently been denied by the First Department. *See* Bailey Decl., Ex. 3, ECF No. 27-3.

Gristina has now come to this Court seeking the same relief: to compel the state trial court to unseal the transcripts from August 13 and 16, 2012. Her Complaint asserts a single claim under 42 U.S.C. § 1983, specifically, that Gristina's Fourteenth Amendment rights to due process, equal protection, and access to the courts have been violated because of her inability to review the transcripts. *See* Complaint ¶ 29. The lawsuit names as defendants Justice Merchan and the District Attorney who opposed Gristina's motion to unseal. Gristina seeks injunctive and declaratory relief "directing the Defendants to allow Gristina to pay for, and obtain, the unsealed court minutes in

---

[2] Because the court reporters had provided Gristina's counsel with a portion of each transcript, Justice Merchan ordered those portions returned or destroyed after concluding they had been mistakenly unsealed. *See* Trial Court Decision at A005.

[3] Gristina's motion in the trial court also requested transcripts from other appearances that are not at issue here. A second transcript from August 16—involving a matter in which Gristina had been present—had never been sealed was available to her at any time. Transcripts from two other days—November 20 and December 5, 2012—had likewise never been sealed. And from the day of Gristina's actual guilty plea—September 25, 2012—Justice Merchan ordered the transcript to be retrieved from storage and, assuming it was not sealed, made available to Gristina. *See* Trial Court Decision at A006.

A199

her criminal case so that Gristina can access the courts to make a meaningful motion to vacate the judgment" and conviction in her criminal case. *Id.* ¶¶ 31–32. The Defendants have moved to dismiss.

## DISCUSSION

The Defendants assert several overlapping challenges to Gristina's lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), including abstention under the *Younger* doctrine, abstention under the *Rooker-Feldman* doctrine, and absolute immunity. The Court concludes abstention is required.

### I. Abstention under *Younger* is Required

#### A. Legal Standards

*Younger* abstention provides that "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 44–45 (1971)).[4] The Supreme Court has identified three categories of state proceedings that implicate *Younger* abstention: (1) "ongoing state criminal prosecutions;" (2) "certain civil enforcement proceedings;" and (3) "pending civil proceedings involving certain . . . orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). These three categories are "narrow" and exclusive. *Cavanaugh v. Geballe*, 28 F.4th 428, 430, 433 (2d Cir. 2022). When a *Younger* category applies, abstention is mandatory, and the federal district court must dismiss for lack of jurisdiction. *See Colorado Water Conserv. Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976).

---

[4] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

4

A200

Despite the delineation of clear categories, *Younger* continues to present "complexities and uncharted ground." *Trump v. Vance*, 941 F.3d 631, 639 (2d Cir. 2019). The varied applications of the third *Younger* category—the category at issue in this case—illustrate that uncharted ground. "[T]wo types of orders that clearly fall within that category" are "civil contempt orders and orders requiring the posting of bonds pending appeal." *Cavanaugh*, 28 F.4th at 433 (citing *Sprint*, 571 U.S. at 79). But other civil proceedings also merit abstention when they uniquely further the state's judicial function. For example, the third category has applied to a state court order requiring a parent to pay half of the fees of an attorney appointed to represent his children in a divorce proceeding. *See Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cty.*, 805 F.3d 425, 427–28 (2d Cir. 2015). There, the Second Circuit concluded the order was "integral to the State court's ability to perform its judicial function in divorce and custody proceedings," lest those children go unrepresented in court. *Id.* By contrast, the third category of *Younger* did not apply in a probate context where a state court had issued an order recognizing the validity of a lien. *See Cavanaugh*, 28 F.4th at 434. That order did not affect the processes underpinning the state court's own case management; instead, it "merely affect[ed] how the executor [would] administer[] the estate." *Id.* Overall, the Second Circuit has distilled "from these cases that federal courts should refrain from interfering with core state court civil administrative processes, powers, and functions that allow the state courts to adjudicate the matters before them and enforce their judgments." *Id.*

Although the *Younger* categories are exclusive, a federal court may also "appropriately consider three additional factors laid out in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982), that further counsel in favor of abstention: Whether "there is (1) an ongoing state judicial proceeding [that] (2) implicates important state interests and (3)

A201

provides an adequate opportunity to raise federal challenges." *Cavanaugh*, 28 F.4th at 432 (quoting *Sprint*, 571 U.S. at 81).

B. Application

Gristina's Article 78 Petition in the state appellate court—which calls for review of the trial court's sealing decision—requires this Court to abstain under *Younger*. A court's order to seal or unseal its own transcripts falls within the "core state court civil administrative processes, powers, and functions" that make up the third category[5] of *Younger* abstention. *Cavanaugh*, 28 F.4th at 434. There is no doubt that the power to seal a transcript is a quintessentially judicial function. Indeed, "courts have the inherent power to control the records of their own proceedings." *Crain Commc'ns, Inc. v. Hughes*, 539 N.E.2d 1099 (N.Y. 1989); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). Court transcripts are records of the very "performance of the judicial function" itself. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *Murphy v. Warden of Attica Corr. Facility*, No. 20-CV-3076 (PAE) (JLC), 2020 WL 6866403, at *2 (S.D.N.Y. Nov. 23, 2020). Without the ability to maintain confidentiality during certain proceedings, state courts could not "adjudicate the matters before them" lest public disclosure chill the candor those courts depend upon. *Cavanaugh*, 28 F.4th at

---

[5] The Attorney General also argues the first category of *Younger* applies. To be sure, Justice Merchan's decision regarding the sealed transcripts was part of Gristina's criminal prosecution and was captioned as such. However, that prosecution was not "ongoing" at the time Gristina filed this federal lawsuit. *Sprint*, 571 U.S. at 78. After the sealing order, there do not appear to be any ongoing criminal issues for Justice Merchan to resolve, given that Gristina completed her sentence years ago. By contrast, Gristina's Article 78 civil proceeding is considered by this Court as "ongoing," as discussed in the *Middlesex* analysis below.

434; *see also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (observing that certain records "function properly only if kept secret").

Moreover, the decision to seal a transcript is procedural. The state court's process must balance multiple competing interests, including the public's right to open proceedings, the defendant's right to a fair trial, and the need to protect witnesses and incentivize full disclosure of evidence. *See In re Daily News, L.P. v. Wiley*, 126 A.D.3d 511, 512 (N.Y. App. Div. 1st Dep't 2015). Gristina thus challenges "*the way* that New York courts manage their own" criminal proceedings through deciding what judicial documents must be sealed. *Cavanaugh*, 28 F.4th at 434 (emphasis in original) (quoting *Falco*, 805 F.3d at 427). To second-guess the confidentiality of state court transcripts—a decision which those courts must make every day—"would directly impede the normal course of . . . proceedings in the state courts." *Disability Rts. New York v. New York*, 916 F.3d 129, 136–137 (2d Cir. 2019) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). Gristina's challenge in this Court falls squarely within the third category of *Younger*.

The additional *Middlesex* factors further counsel in favor of abstention.[6]

*First*, the state proceeding was still "pending" at the time Gristina began this case. The Complaint noted Gristina's intention to appeal her Article 78 Petition to the New York Court of Appeals. "[A] necessary concomitant of Younger is that a party . . . must exhaust his state appellate remedies before seeking relief in the District Court." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).[7] The fact that permission to appeal was subsequently denied is irrelevant; the Court must

---

[6] Gristina has not alleged bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. *See Middlesex*, 457 U.S. at 429.

[7] Although it is "typically true" that Gristina could bring her § 1983 in federal court without having to exhaust her state remedies, the exhaustion requirement reanimates "where *Younger*'s requirements are met." *Astoria Gen. Contracting Corp. v. Off. of Comptroller of City of New York*, 159 F. Supp. 3d 385, 398 (S.D.N.Y. 2016).

consider abstention as of the date the federal Complaint was filed. *See Int'l Fidelity Ins. Co. v. City of New York*, 263 F. Supp. 2d 619, 633 (E.D.N.Y. 2003). Further, no "proceedings of substance on the merits have taken place in federal court." *McGRX, Inc. v. Vermont*, 452 F. App'x 74, 75 (2d Cir. 2012) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)).

*Second*, Gristina's lawsuit implicates important state interests. This factor, which largely mirrors the rationale of the third *Younger* category, does not require much elaboration. In short, "few interests can be considered more central than a state's interest in regulating its own judicial system." *Spargo*, 351 F.3d at 75 (citing *Landmark Communications, Inc. v. Virginia*, 435 U.S. 829, 848 (1978)).

*Third*, Gristina's state case provides an adequate opportunity to raise the same federal claims that she raises here. The measure of adequate opportunity asks "only whether the state's procedural remedies *could* provide the relief sought[,] not whether the state *will* provide the constitutional ruling which the plaintiff seeks." *Kaufman v. Kaye*, 466 F.3d 83, 87 (2d Cir. 2006) (emphasis in original) (quoting *Spargo*, 351 F.3d at 79). The Article 78 Petition challenged the sealing decision using the same federal theories Gristina uses in this case: due process, equal protection, and access to the courts under the Fourteenth Amendment. *See* Article 78 Petition at ¶¶ 26–29. "Without question, the New York courts can consider the constitutional questions [Gristina] raises and order relief if they deem them to have merit," and Gristina does not allege the New York courts are incapable of doing so. *Kaufman*, 466 F.3d at 87; *see also Reinhardt v. Mass. Dep't of Social Servs.*, 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989) ("The Second Circuit has repeatedly sanctioned abstention when the plaintiff's federal claims can be raised in an Article 78 proceeding.") (collecting cases). Gristina also remains free to petition the Supreme Court of the

United States to review her state case. *See Kaufman*, 466 F.3d at 87–88; *Strong v. New York City Dep't of Educ.*, No. 18-CV-4663 (LLS), 2018 WL 10579836, at *3 (S.D.N.Y. Dec. 3, 2018).

Because the third category of *Younger* abstention applies, and because the *Middlesex* factors all bolster the decision to do so, the Court must abstain from exercising jurisdiction.

## II. Abstention under *Rooker-Feldman* is also Required

The District Attorney argues (though Justice Merchan does not) that the *Rooker-Feldman* doctrine also bars this Court from adjudicating Gristina's transcript dispute.

### A. Legal Standards

Like *Younger* abstention, the *Rooker-Feldman* doctrine applies to dismiss certain actions for want of jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Under *Rooker-Feldman*, federal district courts lack jurisdiction when the plaintiff (1) lost in state court, (2) complains of injuries caused by the state court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state court judgment was rendered. *See Exxon Mobil*, 544 U.S. at 284; *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The doctrine "recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments," with such federal jurisdiction reserved exclusively for the Supreme Court of the United States. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002).

### B. Application

Given the complicated procedural history in Gristina's state court cases, the Court must untangle the previous *Younger* analysis from the subsequent *Rooker-Feldman* analysis. *Younger*

9

A205

applies to certain "ongoing" state court cases, while *Rooker-Feldman* applies to "final" state court judgments. Gristina's lawsuit implicates both "ongoing" (the Article 78 Petition, which at the time this case was filed, she sought to appeal to the New York Court of Appeals) and "final" (the Trial Court Decision) components. Regardless of the appeal of the Article 78 Petition, the Trial Court Decision remains "final." *See Citibank, N.A. v. Swiatkowski*, No. 12-CV-0196, 2012 WL 542681, at *4 n.7 (E.D.N.Y. Feb. 21, 2012); ("The fact that [Gristina] had an appeal pending before the Appellate Division at the time of removal does not affect the *Rooker-Feldman* analysis."). For purposes of *Rooker-Feldman*, the Court therefore examines the Trial Court Decision.

There is no dispute the Trial Court Decision meets three of four the *Rooker-Feldman* requirements. Gristina lost her motion to unseal the transcripts she now seeks. She invites this Court to overturn Justice Merchan's decision and order the transcripts to be unsealed. And she filed her Complaint in this Court after Justice Merchan had denied her motion in relevant part. She thus invites a straightforward "review and rejection" of the state trial court's decision. *Exxon Mobil*, 544 U.S. at 284.

The second *Rooker-Feldman* requirement is less straightforward. Gristina's alleged injury—her inability to review the sealed transcripts—was certainly caused by Justice Merchan's decision to keep those transcripts sealed. But it is debatable is whether that decision is considered a "judgment" for purposes of *Rooker-Feldman*. Gristina argues the collateral decision to seal the transcripts is not a "judgment" under New York law. *See* N.Y. Crim. Proc. Law § 1.20 (15) ("A judgment is comprised of a conviction and the sentence imposed thereon and is completed by imposition and entry of the sentence."); *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). After all, Gristina

seeks the transcripts so she can challenge her criminal conviction and sentence at some unknown point in the future.

Yet the operative word "judgment" appears to broader in the *Rooker-Feldman* context than the term is otherwise understood. "[T]he form of the proceeding is not significant. It is the nature and effect which is controlling." *Feldman*, 460 U.S. at 482. Indeed, courts in this Circuit have applied the doctrine to post-judgment orders similar to the sealing decision at issue here. *See Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 705–06 (S.D.N.Y. 2011) (state judge's protective order preventing the federal plaintiff from approaching her mother was a "final decision" under *Rooker-Feldman*, even though plaintiff had already been criminally convicted); *Zahl v. Kosovsky*, No. 08-CV-8308 (LTS) (THK), 2011 WL 779784, at *6 (S.D.N.Y. Mar. 3, 2011) ("The distinction between the earlier 'judgment' and each post-judgment 'decision and order,' which did not contemplate any further proceedings and which were no longer appealable at the time the instant action was filed, is purely nomenclatural and thus immaterial for *Rooker-Feldman* purposes."), *aff'd*, 471 F. App'x 34 (2d Cir. 2012). Justice Merchan's sealing decision was sufficiently final to satisfy the essential objective of *Rooker-Feldman*'s "judgment" requirement, as the decision sealed the transcripts permanently and contemplated no further action by the trial court. *Cf. Green v. Mattingly*, 585 F.3d 97, 102 (2d Cir. 2009). With its requirements met, *Rooker-Feldman* provides an alternative basis to abstain from exercising jurisdiction.

## III.    Remaining Arguments

Given that the Court has found two independent jurisdictional reasons to dismiss, it need not reach the Defendants' arguments that they enjoy absolute immunity, and that Gristina fails to state a claim on the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93 (1998).

A207

Finally, although the District Attorney argues that amending the Complaint would be futile, the Court shall not dismiss with prejudice. "[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999); *Novie v. Vill. of Montebello*, No. 10-CV-9436 (CS), 2012 WL 3542222, at *14 (S.D.N.Y. Aug. 16, 2012) (dismissing without prejudice on *Younger* abstention grounds).

## CONCLUSION

Gristina may continue her quest to unseal the transcripts in state court, but having chosen that path, she cannot simultaneously do so here in federal court. The Defendants' motions to dismiss are **GRANTED** and this case is **DISMISSED** without prejudice.

The Clerk of Court is directed to close the motions at ECF numbers 20 and 23 and close this case.

Dated: New York, New York
      May 19, 2022

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge

12

A208

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ANNA GRISTINA,

                          Plaintiff,

         -against-                                 21 **CIVIL** 8608 (PAC)

                                                              **JUDGMENT**

NEW YORK STATE JUDGE JUAN MERCHAN,
in an official capacity, and NEW YORK COUNTY
DISTRICT ATTORNEY ALVIN BRAGG, in an
official capacity,

                          Defendants.
-----------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons

stated in the Court's Opinion and Order dated May 19, 2022, Gristina may continue her quest to

unseal the transcripts in state court, but having chosen that path, she cannot simultaneously do so

here in federal court. The Defendants' motions to dismiss are GRANTED and this case is

DISMISSED without prejudice; accordingly, the case is closed.

**Dated:**  New York, New York

     May 20, 2022

                                       **RUBY J. KRAJICK**

                                _____
                                       **Clerk of Court**

**BY:**         K. Mango

                                    _____
                                       **Deputy Clerk**

A209

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

       ANNA GRISTINA

                      Plaintiff

                               21 Civil 8608 (PAC)
          v.                   **AMENDED NOTICE OF APPEAL**

NEW YORK STATE JUDGE JUAN MERCHAN,
in an official capacity, and NEW YORK
COUNTY DISTRICT ATTORNEY
ALVIN BRAGG, in an official capacity

                         Defendant
---------------------------------------------------------------------------

       Notice is hereby given that Plaintiff Anna Gristina, in the above named case, hereby

appeals to the United States Court of Appeals for the Second Circuit, from the Judgment – dated

20 May 2022 – that was filed and entered on 20 May 2022.

DATE:     20 May 2022
            Bronx, New York

                              *Lawrence P LaBrew*
                             _____
                              Lawrence P. LaBrew, Esq.
                              Attorney & Counselor-at-Law
                              Attorney for Plaintiff Anna Gristina
                              30 Wall Street, 8th Floor
                              New York, New York 10005-2205
                              Tel: (212) 385-7500
                              Fax:(212) 385-7501
                              e-mail: lawrencelabrew@verizon.net

A210